UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LEWIS COSBY and KENNETH R. MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, on behalf of themselves and all others similarly situated, | ) ) ) ) ) CLASS ACTION ) |
| Plaintiffs, | ) JURY TRIAL DEMANDED ) |
| v. | ) No. 3:16-cv-00121 ) |
| KPMG, LLP and SCOTT M. BORUFF, | ) ) |
| Defendants. | ) |

## AMENDED CLASS ACTION COMPLAINT

Gordon Ball
**GORDON BALL PLLC**
550 W. Main Street
Suite 600
Knoxville, TN 37902
Tel: (865) 525-7028
Fax: (865) 525-4679
gball@gordonball.com

*Lead Counsel for Plaintiffs*

Steven J. Toll
**COHEN MILSTEIN
SELLERS & TOLL PLLC**
1100 New York Ave NW, Suite 500
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699
stoll@cohenmilstein.com

*Counsel for Plaintiffs*

1

# TABLE OF CONTENTS

I. NATURE OF ACTION ............................................................................................. 6

II. JURISDICTION AND VENUE ............................................................................... 9

III. PARTIES .................................................................................................................. 9

    A. Lead Plaintiffs ................................................................................................. 9

    B. Auditor Defendant – KPMG .......................................................................... 10

    C. Individual Defendant – Boruff ....................................................................... 11

    D. Non-parties Whose Acts/Omissions Are Pertinent to this Action ................. 11

IV. MILLER'S UNPRECEDENTED PERIOD OF GROWTH: 2008-2011 ............... 13

    A. Background of Miller Energy ....................................................................... 13

    B. The Purchase of the Alaska Assets ................................................................ 14

    C. Boruff and Senior Management Grossly Overstated the Value of the
       Alaska Assets ................................................................................................. 15

    D. Initial Concerns Arise About Valuation of Alaska Assets ............................ 15

    E. The Inflated Valuation of Alaska Assets Leads to an Unprecedented Period
       of Growth for Miller Energy ......................................................................... 17

    F. Litigation By Shareholders Against Miller Energy and Senior Management
       for Overstating Value of Alaska Assets Filed and Settled ............................ 18

    G. "The Blind Leading the Blind" - the Valuation of the Alaska Assets Was
       Based Upon a Reserves Report that Did Not Represent "Fair Value" .......... 19

V. KPMG'S ROLE IN THE MILLER ENERGY "HOUSE OF CARDS" .................. 21

    A. KPMG Is Retained on February 1, 2011 ....................................................... 21

    B. KPMG Failed to Conduct a Proper Audit of the Alaska Assets by Merely
       Attempting to Justify Miller Energy's Own Valuation .................................. 26

    C. KPMG Knowingly or Recklessly and Systematically Endorsed Miller Energy's Inflated Valuation of the Alaska Assets ............................................... 28

    D. KPMG Knowingly or Recklessly Concealed the Artificially-Inflated Valuation of the Alaska Assets ........................................................................ 31

    E. KPMG Ignored Serious "Red Flags" That Should Have Placed a Reasonable Auditor on Notice That Miller Energy Was Engaged in Wrongdoing to the Detriment of its Investors................................................. 33

VI. DISMANTLING OF THE MILLER ENERGY HOUSE OF CARDS: 2013-2016 ...... 40

VII. KPMG'S LACK OF INDEPENDENCE.................................................................... 46

VIII. KPMG'S VIOLATIONS OF GENERALLY ACCEPTED AUDITING STANDARDS ("GAAS").................................................................................... 52

    A. Overview of GAAS Requirements ..................................................................... 52

    B. KPMG's Audits Violated GAAS ........................................................................ 54

IX. GENERALLY ACCEPTED ACCOUNTING PRINCIPLES REQUIRED BORUFF AND MILLER ENERGY TO RECORD THE ALASKA ASSETS AT FAIR VALUE................................................................................................ 63

    A. Overview of GAAP Requirements ..................................................................... 63

    B. Miller Energy's Class Period Financial Statements Violated GAAP.................. 64

X. CLASS ACTION ALLEGATIONS............................................................................. 66

XI. ADDITIONAL SCIENTER ALLEGATIONS........................................................... 69

XII. LOSS CAUSATION AND DAMAGES ................................................................... 72

XIII. CAUSES OF ACTION............................................................................................ 83

    COUNT ONE - Violation of Section 10(b) of the Exchange Act and Rule 10b-5(b) Promulgated Thereunder (Against Boruff Only).............................. 83

    COUNT TWO - Violation of Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) Promulgated Thereunder (Against Boruff Only) .................. 86

    COUNT THREE - Violation of Section 20(a) of the Securities Exchange Act of 1934 (Against Boruff Only) .......................................................................... 88

    COUNT FOUR - Violation of § 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)-5(b) Promulgated Thereunder (Against KPMG Only) ........... 89

    COUNT FIVE - Violation of Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) Promulgated Thereunder (Against KPMG Only) ................. 93

XIV. JURY TRIAL DEMAND ................................................................................. 95

XV. PRAYER FOR RELIEF .................................................................................... 95