# Exhibit 51 - Cosby v. KPMG, February 17, 2017

# Order granting Co-Lead Plaintiffs' Motion

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LEWIS COSBY, *on behalf of himself and all others similarly situated,* ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:16-CV-121-TAV-CCS |
| DELOY MILLER, *et al.,* ) ) | |
| Defendants. ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Orders [Docs. 16 and 18] of the Chief District Judge.

Now before the Court is the Joint Motion for Scheduling Order [Doc. 10] and Motion for Appointment of Co-Lead Plaintiffs and Approval of Their Selection of Lead Counsel [Doc. 11]. For the reasons explained below, the Joint Motion for Scheduling Order [Doc. 10] is **DENIED AS MOOT** and the Motion for Appointment [Doc. 11] is **GRANTED**.

**I.    BACKGROUND**

By way of background, the Court scheduled a hearing on October 25, 2016, to hear the pending Motions in this case. Attorney Gordon Ball could not attend the hearing due to a serious medical emergency. Pursuant to the Court's Order [Doc. 25], Attorney Ball or the <u>Cosby</u> Plaintiffs were advised to contact the Court when they desired a hearing on the pending Motions. Subsequently, the Court received a medical update from Attorney Baker, who is counsel on this case but does not desire to be lead counsel. According to the medical update, Attorney Ball cannot return to work until late March or early April. Attorney Ball believes that he will be able to submit

1

an amended complaint when he is released to return to work on April 15, 2017. In response to the medial update, the Court entered a Show Cause Order [Doc. 27] directing the Defendants to show cause as to why the Court should not extend the deadline to April 15, 2017, to file an amended complaint, thereby triggering the Defendants' obligation to answer or file dispositive motions.

Defendant KPMG, LLP ("KPMG") filed a Response [Doc. 28] stating that it did not object to an extension of time to accommodate Attorney Ball's recovery from a medical emergency. Defendants Deloy Miller, Charles Stivers, David Hall, Merrill McPeak, Don Turkleson, Marceau Schluberger, Bob Gower, Joseph Leary, William Richardson, Carl Giesler, and Haag Sherman ("Individual Defendants") also filed a Response [Doc. 29], but they assert that Attorney Ball recently filed another lawsuit in Chancery Court for Knox County, which shows that his office has the ability to file a complaint. Further, the Individuals Defendants state that they "have been unfairly besmirched by fraud accusations made in the complaint in this action" and that they "have patiently waited over nine months for the opportunity to challenge the allegations against them in court." The Individual Defendants request that the Court promptly rule on the Motion for Appointment of Co-Lead Plaintiffs and Approval of the Selection of Lead Counsel [Doc. 11] and grant Lead Plaintiff thirty days to file an amended complaint or designate the previously-filed complaint as the operative complaint. In addition, the Individual Defendants request thirty days (after filing the operative complaint or notice) to file a response to the operative complaint.

The Plaintiff filed a Reply [Doc. 30] to the Individual Defendants' Response noting that Attorney Ball had a heart transplant surgery. The Plaintiff asserts that this action is driven by the Plaintiff and Attorney Ball, that Attorney Ball is still undergoing recovery, and that the lawsuit filed in Knox County Chancery Court was filed with the help of a Nashville law firm. The Plaintiff asserts that Attorney Ball has not fully recovered from his heart transplant surgery.

## II. ANALYSIS

The Court has considered the parties' positions and finds it appropriate to grant the relief requested by the Plaintiff due to counsel's serious medical procedure. The Court finds that the Plaintiffs shall have until **April 17, 2017,** to file a consolidated amended complaint or to designate a previously-filed complaint as the operative complaint. The Defendants shall have thirty (30) days to respond to the operative complaint. Accordingly, the Joint Motion for Scheduling Order [**Doc. 10**] is **DENIED AS MOOT**.

With respect to the Motion for Appointment of Co-Lead Plaintiffs and Approval of Their Selection of Lead Counsel [Doc. 11], the Motion requests that the Court appoint Lewis Cosby and Kenneth Martin ("Movants") as co-lead plaintiffs in this case. The Motion asserts that the Movants are the most adequate plaintiffs to serve pursuant to the Securities Exchange Act. The Movants explain that they have timely moved for appointment and that Plaintiff Lewis Cosby filed the lawsuit. In addition, the Movants assert that they each have the requisite financial interest in the relief sought by the class and that the Movants satisfy the requirements of Federal Rule of Civil Procedure 23. Finally, the Motion requests that the selection of lead counsel, Attorney Ball, also be approved. In support of the Motion, the Plaintiff filed the Biography of Attorney Ball.

The Court notes that no party has filed an objection to the Motion, and the time for doing so has expired. See L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Moreover, the Court has reviewed the Motion and finds the request to be well-taken. Accordingly, the Motion for Appointment of Co-Lead Plaintiffs and Approval of Their Selection of Lead Counsel [**Doc. 11**] is **GRANTED**.

### III. CONCLUSION

For the reasons explained above, the Plaintiffs have until **April 17, 2017**, to file a consolidated amended complaint or designate a previously-filed complaint as the operative complaint. Within 30 days of filing of the operative complaint or the designation, the Defendants shall answer, move to dismiss, or otherwise respond to the complaint. Accordingly, the Joint Motion for Scheduling Order [**Doc. 10**] is **DENIED AS MOOT** and the Motion for Appointment of Co-Lead Plaintiffs and Approval of Their Selection of Lead Counsel [**Doc. 11**] is **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge