# Exhibit 53 - Gaynor v. Miller, November 8, 2017, Memorandum in support of Motion to Appoint Counsel and Lead Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| KENNETH GAYNOR, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>DELOY MILLER, et al.,<br><br>     Defendants. | § § § § § § § § § § § § | Civil Action No. 3:15-CV-545-TAV-CCS<br><br>**(Consolidated)** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE MILLER ENERGY INVESTORS FOR APPOINTMENT AS
<u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

# I. PRELIMINARY STATEMENT

Presently pending before this Court is a consolidated securities class action lawsuit (the "Action")[1] brought on behalf of all purchasers of Miller Energy Resources, Inc. ("Miller Energy" or the "Company") preferred shares traceable to the Registration Statement and Prospectuses issued in connection with certain public offerings of Miller Energy's 10.75% Series C Cumulative Preferred Stock ("Series C") and 10.5% Series D Fixed Rate/Floating Rate Cumulative Redeemable Preferred Stock ("Series D") (collectively, the "Offerings") seeking to pursue remedies under Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") [15 U.S.C. §§77k and 77o],[2] against certain Miller officers and directors and the underwriters of the Offerings.[3]

Proposed lead plaintiffs Kenneth Gaynor, Marcia Goldberg, Gabriel R. Hull, and Christopher R. Vorrath (collectively, the "Miller Energy Investors") hereby move this Court pursuant to the PSLRA and the Court's order dated November 7, 2016 [Dkt. No. 84] for an order: (i) appointing the Miller Energy Investors as Lead Plaintiff in the Action; and (ii) approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Barrett Johnston Martin & Garrison, LLC ("Barrett Johnston") to serve as Lead and Local Counsel, respectively. This motion is made on the grounds that the Miller Energy Investors are the most adequate plaintiffs, as defined by the PSLRA,

---

[1] Consolidation was granted on November 7, 2016. Dkt. No. 84.

[2] This securities class action was commenced in the Circuit Court for Morgan County, 9th Judicial District for the State of Tennessee, on November 9, 2015. On December 9, 2015, defendants removed the action to this Court under 28 U.S.C. §1441(a). Dkt. No. 1. This Court denied Plaintiffs' Motion to Remand on September 8, 2016. Dkt. No. 73.

[3] On October 1, 2015, Miller filed a petition seeking relief under the federal bankruptcy statutes. In light of the automatic stay in the bankruptcy proceedings, Miller Energy is not named a defendant in the action.

because they possess a significant financial interest in the Action, *see* Reise Decl. Ex. A,[4] and they otherwise satisfy the requirements of Federal Rule of Civil Procedure 23 in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## II.     FACTUAL BACKGROUND

Miller Energy is an independent oil and natural gas exploration, production and drilling company operating in multiple exploration and production basins in North America founded in 1967. The Company, whose focus was originally on Tennessee's Appalachian Basin, first became a publicly traded company in connection with a reverse merger in 1996.

The Action alleges the Offerings, and a series of disclosures thereafter, revealed that the Registration Statement was false and misleading in that it overstated the value of the Alaska Assets, defined below, on the Company's books by hundreds of millions of dollars at the time each of the Offerings was conducted.

According to the complaint, in the fall of 2009, Miller Energy became aware of certain oil and gas properties that were in the process of being "abandoned" as part of the bankruptcy proceedings of California-based Pacific Energy Resources ("PER").  PER had been unable to service its heavy debt and pay the significant monthly costs required to operate its operating assets and had unsuccessfully sought for almost a year to sell them.  On December 10, 2009, Miller Energy's operating subsidiary, Cook Inlet Energy ("CIE"), acquired PER's Alaska assets via a competitive auction for $2.25 million in cash and the assumption of certain limited liabilities.  Miller Energy claimed the assets it had purchased were valued at more than $479 million, including oil and gas assets that included onshore and offshore production facilities, $215 million in proven energy

---

4      References to the "Reise Decl., Ex. ___ " are to the exhibits attached to the accompanying Declaration of Jack Reise in Support of the Motion of the Miller Energy Investors for Appointment as Lead Plaintiff and Approval of Selection of Counsel, dated November 8, 2016, and submitted herewith.

reserves, $122 million in probable energy reserves, and $31 million in possible energy reserves, providing total reserves of $368 million (the "Alaska Assets").

The newly booked value of the Alaska Assets, which resulted in a nearly 5,000% increase in Miller's total assets, had a significant impact on the market price of Miller Energy common stock. On December 10, 2009, the date of the transaction, Miller Energy common stock closed at $0.61 per share. Following the acquisition of the Alaska Assets, by March 31, 2010, Miller Energy common stock closed 982% higher at $6.60 per share. Weeks later, the listing of Miller Energy stock was moved to the NASDAQ and, after moving to the NYSE a year later, reached an all-time high price on December 9, 2013 of $8.83 per share.

Until August 2015, the Company valued the Alaska Assets based on a reserve estimates report prepared for it by an engineering firm, Ralph E. Davis & Associates (the "Reserve Report"). Beginning on March 22, 2010, and subsequently repeated in numerous filings with the SEC Miller Energy made through August 2015, the Company claimed in its quarterly report filed on Form 10-Q for its fiscal third quarter ended January 31, 2010 ("3Q 2010") a reported value of the Alaska Assets of $480 million, which amount comprised $368 million for oil and gas properties and $110 million for fixed assets. Miller Energy also reported an after-tax $277 million "bargain purchase gain," which boosted its reported net income for the quarter to $272 million – an enormous increase over the $556,097 loss reported for the same period the year before.

The misstatements culminated in with an SEC administrative proceeding that was initiated on August 6, 2015 (the "SEC Enforcement Action") accusing the Company and defendants Boyd and Hall of knowingly artificially inflating the value of the Alaska Assets acquired in 2009 and then knowingly misstating Miller Energy's financial statements for the ensuing five-plus year period through and including July 2015 when the Company's stock was delisted. On August 20, 2015, Miller Energy disclosed that it had settled with the SEC, agreeing to pay a $5 million fine and to

restate all periodic financial reports back to 2010. Miller Energy's agreement to restate its previously reported financial results was an admission that those results were false when filed. On October 1, 2015, Miller Energy filed for protection under Chapter 11 of the federal bankruptcy statutes, citing in large part the filing of the SEC Enforcement Action, which Miller Energy's senior executives stated had torpedoed its ability to obtain $165 million in outside financing, along with the filing of an involuntary bankruptcy petition against its subsidiary CIE in August 2015 by creditors Baker Hughes Oilfield Operations Inc. and Schlumberger Technology Corp., with total claims of $2.79 million, which filing Miller Energy said was precipitated by the SEC Enforcement Action.

By the time of the filing of this Action, Miller Series C and D shares had been delisted after the market price of each had plummeted to approximately $0.30 per share, a more than 98% decline from the prices the shares were marketed at in the Offerings.

## III. ARGUMENT

### A. The Miller Energy Investors Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1) & (a)(3)(B)(i).

The PSLRA provides that, within 90 days after publication of the notice,[5] the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that

---

[5] Because this case was initially filed in State court, notice was not required in this instance.

(aa) has either filed the complaint or made a motion in response to a notice . . .

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). The Miller Energy Investors meet these requirements and should therefore be appointed as Lead Plaintiff.

### 2. The Miller Energy Investors Satisfy the "Lead Plaintiff" Requirements of the PSLRA

#### a. The Miller Energy Investors Have Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA, the Miller Energy Investors move this Court to be appointed Lead Plaintiff on behalf of all members of the class. Representatives of the Miller Energy Investors have signed and filed Certifications stating that they are willing to serve as the representative parties on behalf of the class. *See* Reise Decl. Ex. B. In addition, the Miller Energy Investors have selected and retained competent counsel to represent them and the class. *See* Reise Decl. Ex. C & D. Accordingly, the Miller Energy Investors are entitled to have their application for appointment as Lead Plaintiff and selection of Counsel considered and approved by the Court.

#### b. The Miller Energy Investors Have the Requisite Financial Interest in the Relief Sought by the Class

During the relevant time period, as evidenced by, among other things, the accompanying signed Certifications and loss chart, the Miller Energy Investors incurred a substantial loss of approximately $1,267,405 in their transactions in Miller Energy and were injured thereby. Reise Decl. Exs. A & B. The Miller Energy Investors, thus, have a substantial financial interest in this case.

### c. The Miller Energy Investors Otherwise Satisfy Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a). *See Burgraff v. Green Bankshares, Inc.*, 2011 U.S. Dist. LEXIS 14573, at *9 (E.D. Tenn. Feb. 11, 2011) ("Under Rule 23, there are two requirements for establishing lead plaintiff: '(1) "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and (2) "the representative parties will fairly and adequately protect the interests of the class."'"). The Miller Energy Investors satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). "A claim is typical under Rule 23 if 'it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *See Burgraff*, 2011 U.S. Dist. LEXIS 14573, at *9. The Miller Energy Investors satisfy this requirement because, just like all other class members, they: (1) purchased Miller Energy stock pursuant to the Offerings; (2) were adversely affected by

defendants' false and misleading statements; and (3) suffered damages thereby. Thus, the Miller Energy Investors' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Miller Energy Investors to represent the class to the existence of any conflicts between the interests of the Miller Energy Investors and the members of the class. The Sixth Circuit has set forth two criteria for determining adequacy. First, the class representative must have common interests with those unnamed class members. *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Second, it must appear that the class representative will vigorously prosecute the action with the assistance of qualified counsel. *Id.*

Here, the Miller Energy Investors are adequate representatives of the class because their interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Miller Energy Investors' interests and those of the other members of the class. Further, the Miller Energy Investors have taken significant steps which demonstrate that they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. As shown below, the Miller Energy Investors' proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. *Burgraff*, 2011 U.S. Dist. LEXIS 14573, at *10 ("The purpose of the adequacy requirement is to ensure there are no conflicts of interest between the purported lead plaintiff and the other class members.").

Accordingly, the Miller Energy Investors *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**B.     The Court Should Approve the Miller Energy Investors' Choice of Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. §77z-1(a)(3)(B)(v).  In that regard, the Miller Energy Investors have selected Robbins Geller as Lead Counsel – a firm with substantial experience in the prosecution of shareholder and securities class actions in this Circuit and elsewhere.  *See*, *e.g.*, *Garden City Emps.' Ret. Sys. v. Psychiatric Solutions, Inc.*, 2010 U.S. Dist. LEXIS 42915, at *13 (M.D. Tenn. Apr. 30, 2010) (Haynes, J.) (finding lawyers with Robbins Geller to be "well qualified and experienced to represent the class"); *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *see also* Reise Decl., Ex. C.  Notably, Robbins Geller attorneys are responsible for obtaining the largest securities fraud class action recovery ever, as well as the largest recoveries in the Fifth, Sixth, Eighth, Tenth and Eleventh Circuits.[6]  In addition, the Miller Energy Investors have selected Barrett Johnston as Local Counsel, a prominent firm with its own well-established track record.  *See* Reise Decl. Ex. D.  Accordingly, the Court should approve the Miller Energy Investors' selection of Lead and Local Counsel.

---

[6]     *See In re Enron Corp. Sec. Derivative & "ERISA" Litig*, No. H-01-3624 (S.D. Tex.) (Harmon, J.) ($7.3 billion recovery for the class is largest in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-00575 (S.D. Ohio) (Marbley, J.) ($600 million recovery for the class is the largest recovery in the 6th Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J.) ($925 million recovery for the class is the largest recovery in the 8th Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-1451 (D. Colo.) ($445 million recovery for the class is the largest recovery in the 10th Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500 (N.D. Ala.) ($671 million recovery for the class is the largest securities settlement in the 11th Circuit).

## IV. CONCLUSION

For all the foregoing reasons, the Miller Energy Investors respectfully request that the Court:
(i) appoint the Miller Energy Investors as Lead Plaintiff in the Action; (ii) approve their selection of
Lead and Local Counsel as set forth herein; and (iii) grant such other relief as the court may deem
just and proper.

Dated: November 8, 2016

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE (*pro hac vice*)
STEPHEN R. ASTLEY (*pro hac vice*)

*s/ Jack Reise*

JACK REISE

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977 (*pro hac vice*)
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN (*pro hac vice*)
MARY K. BLASY (*pro hac vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

*[Proposed] Lead Counsel for Plaintiffs*

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
DOUGLAS S. JOHNSTON, JR., #5782
JERRY E. MARTIN, #20193 (*pro hac vice*)
TIMOTHY L. MILES, #21605
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2202
615/252-3798 (fax)

*[Proposed] Local Counsel for Plaintiffs*

LAW OFFICES OF CURTIS V. TRINKO, LLP
CURTIS V. TRINKO (*pro hac vice*)
16 West 46th Street, 7th Floor
New York, NY 10036
Telephone: 212/490-9550
212/986-0158 (fax)

KRANENBURG
Werner R. Kranenburg
80-83 Long Lane
London EC1A 9ET
United Kingdom

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All others below will also be served by depositing a copy thereof in the United States mail, first-class, postage prepaid:

David J. Voyticky
2652 Midvale Avenue
Los Angeles, CA 90064

Gerald Hannahs
17710 Leatha Lane
Little Rock, AR 72223

William B. Richardson
1058 Encantado Drive
Santa Fe, NM 87501

Paul W. Boyd
8125 Ainsworth Drive
Knoxville, TN 37909

Charles M. Stivers
118 Richmond Road
Manchester, KY 40962

Scott Boruff
5628 Lyons View Pike
Knoxville, TN 37919

*Defendants*

HOLIFIELD JANICH & ASSOCIATES, PLLC
James Al Holifield, Jr.
Christina J. Haley
11907 Kingston Pike, Suite 201
Knoxville, TN 37934

*Attorneys for Plaintiff Gabriel R. Hull*

_____
*s/Jack Reise*
JACK REISE

- 11 -