UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LEWIS COSBY, KENNETH R. MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KPMG, LLP,<br><br>Defendant. | CLASS ACTION<br><br>No. 3:16-cv-00121 |

## CIVIL CASE MANAGEMENT PLAN

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. The Court previously entered a Scheduling Order on September 21, 2016. ECF No. 21. On February 12, 2018, the Court stayed this action pursuant to the statutory requirements of the Private Securities Litigation Reform Act ("PSLRA") pending the Court's ruling on Defendants' motion to dismiss. ECF No. 75.

2. On August 2, 2018, the Court granted in part and denied in part Defendant's motion to dismiss. ECF No. 76. As a result, the stay is no longer in effect.

3. In accordance with paragraphs 3(a) and (b) of the Court's Scheduling Order, the parties have conferred pursuant to Fed. R. Civ. P. 26(f), and hereby submit this Plan, which, if entered, would supersede the deadlines set forth in the Scheduling Order, where applicable.

4. In accordance with paragraph 3(c) of the Court's Scheduling Order, initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be served by September 17, 2018.

5. Defendant will file an answer on September 7, 2018.

6. Fact Discovery

    a. All fact discovery shall be completed no later than May 30, 2019.

    b. Requests for production of documents may be served beginning on August 31, 2018.

    c. Document production shall be on a rolling basis, with substantial completion by January 31, 2019, in all events no later than April 30, 2019.

7. Electronically-Stored Information ("ESI"). The Parties will confer in good faith prior to commencement of their document productions regarding appropriate technical specifications for their respective productions, including but not limited to the format or formats in which ESI will be produced and the extent to which appropriate fields of metadata and/or native files will be produced. It is anticipated that most ESI will be produced in the form of TIFF images with an accompanying database load file containing appropriate categories of metadata and extracted text, where available, associated with each document.

8. Class Certification

    a. The parties will confer in good faith to schedule depositions of the Plaintiffs by January 31, 2019.

    b. Plaintiffs' motion for class certification shall be filed by February 28, 2019.

    c. Defendant's opposition to Plaintiffs' motion for class certification shall be filed no later than 45 days after Plaintiffs file their motion for class certification.

    d. Plaintiffs' reply in support of class certification shall be filed no later than 30 days after Defendant files its opposition to Plaintiffs' motion for class certification.

    e. Plaintiffs will serve the report of any expert offered in support of their motion for class certification concurrently with the filing of their motion for class certification. Defendant may depose and/or seek discovery from any expert

offered in support of Plaintiffs' motion for class certification at any time prior to the deadline for Defendant to file its opposition to Plaintiffs' motion for class certification.

    f.    Plaintiffs will ensure that any expert who submits a report in support of Plaintiffs' motion for class certification will be available for deposition at a mutually agreeable date at least 14 days prior to the deadline for Defendant to oppose Plaintiffs' motion for class certification.

    g.    Defendant will serve the report of any expert offered in opposition to Plaintiffs' motion for class certification concurrently with the filing of its opposition to Plaintiffs' motion for class certification. Plaintiffs may depose and/or seek discovery from any expert offered in opposition to Plaintiffs' motion for class certification at any time prior to the deadline for Plaintiffs to file their reply.

    h.    Defendant will ensure that any expert who submits a report in opposition to Plaintiffs' motion for class certification will be available for a deposition at a mutually agreeable date at least 14 days prior to the deadline for Plaintiffs to file their reply in further support of class certification.

9.    Expert Discovery

    a.    Plaintiffs must identify any expert who may testify and the subject matters upon which the expert is expected to testify 30 days before submitting expert reports. Plaintiffs' expert reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be submitted 30 days after the close of fact discovery. Defendant may depose and/or seek discovery from any expert offered by the Plaintiffs at any time prior to the deadline for Defendant to submit rebuttal expert reports. Plaintiffs will ensure that any expert who submits a report will be available for deposition at a mutually agreeable date at least 14 days prior to the deadline for Defendant to submit a rebuttal expert report.

    b.    Defendant's rebuttal expert reports shall be submitted 30 days after Plaintiffs' expert reports.

    c.    Plaintiffs' reply expert reports shall be submitted 20 days after Defendants' rebuttal expert reports. Plaintiff may depose and/or seek discovery from any expert offered by the Defendant at any time prior to the deadline for Plaintiff to submit reply reports. Defendant will ensure that any expert who submits a report will be available for deposition at a mutually agreeable date at least 10 days prior to the deadline for Plaintiff to submit a reply report.

    d.    All expert discovery, including expert depositions, shall be completed 90 days after the close of fact discovery.

10. Upon the setting of a new trial date, all other deadlines shall be as set forth in the Scheduling Order, except that dispositive motions shall be due after the close of expert discovery and no later than one hundred fifty (150) days before trial.

Dated: August 22, 2018

Respectfully submitted,

| | |
|---|---|
| */s/ Gordon Ball* | */s/ Paul S. Davidson* |
| **GORDON BALL PLLC** | **WALLER LANSDEN DORTCH & DAVIS, LLP** |
| Gordon Ball | Paul S. Davidson (TN BPR # 011789) |
| TN BPR#001135 | Tera Rica Murdock (TN BPR #028153 |
| Lance K. Baker | 511 Union Street, Suite 2700 |
| Tenn. Bar #: 032945 | Nashville, TN 37219 |
| Ste. 600, 550 Main Street | Phone: 615-244-6380 |
| Knoxville, TN 37902 | Email: paul.davidson@wallerlaw.com |
| Tel: (865) 525-7028 | Email: terarica.murdock@wallerlaw.com |
| Fax: (865) 525-4679 | |
| gball@gordonball.com | **SIDLEY AUSTIN LLP** |
| lkb@gordonball.com | Gary F. Bendinger (admitted pro hac vice) |
| | Gregory G. Ballard (admitted pro hac vice) |
| **COHEN MILSTEIN SELLERS & TOLL PLLC** | 787 Seventh Avenue |
| Steven J. Toll | New York, New York 10019 |
| Times Wang | Telephone: +1 212 839-5300 |
| 1100 New York Ave NW, Suite 500 | Email: gbendinger@sidley.com |
| Washington, DC 20005 | Email: gballard@sidley.com |
| Tel: (202) 408-4600 | |
| Fax: (202) 408-4699 | *Counsel for Defendant KPMG LLP* |
| stoll@cohenmilstein.com | |
| twang@cohenmilstein.com | |

Laura H. Posner
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
lposner@cohenmilstein.com

*Counsel for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2018, a copy of the foregoing was electronically filed and served via the Court's CM/ECF system on the following individuals:

Paul S. Davidson
Tera Rica Murdock
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219

Gary F. Bendinger
Gregory G. Ballard
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019

*Attorneys for Defendant KPMG LLP*

                     *s/ Gordon Ball*