UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LEWIS COSBY, KENNETH R. MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KPMG, LLP,<br><br>Defendant. | CLASS ACTION<br><br><br><br>No. 3:16-cv-00121 |

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

To balance the public's interest in having access to information of public concern against the interests of the parties in protecting confidential information, and in light of the fact that: (1) the subject of KPMG's audits in the above-captioned action, Miller Energy Resources, Inc. ("Miller Energy"), has not been in operation since 2015; and (2) the public nature of the Securities and Exchange Commission's ("SEC") investigations into and orders concerning the subject matter of the above-captioned action, the parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree to a limited protective order as follows:

1. "Producing Party" means the parties and nonparties that give testimony or produce documents or other information in connection with this action.

2. "Receiving Party" means the parties in this action that receive such information.

3. "Confidential Information" means information that is not publicly known, cannot be ascertained from an inspection of publicly available sources, and, if publicly disclosed, will result in actual economic harm to the Producing Party. Confidential Information also includes

1

2408562 V1

sensitive personal information that is not otherwise publicly available, such as home addresses; social security numbers; dates of birth; medical information; home telephone records/numbers; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information. Confidential Information does not include stale information, information that has been released under the Freedom of Information Act, information that has been the subject of SEC orders, or information that can be ascertained from information released under the Freedom of Information Act. With respect to audit workpapers, Confidential Information only applies to audit workpapers that contain information that, if disclosed, will result in actual economic harm to the Producing Party. To the extent that an audit workpaper reflects confidential and proprietary processes that, if disclosed, would cause actual economic harm to the Producing Party, those portions of the audit workpaper can be redacted in accordance with Paragraph 7 below.

4. **Designating Confidential Information.** Any Producing Party may designate material that is in its possession, custody, or control as "Confidential" under the terms of this Protective Order if the Producing Party makes a good faith determination, on a document-by-document basis, that such material contains Confidential Information as defined above, and provides a document-by-document log reflecting such a determination and the basis for the conclusion that the disclosure of the document or information will result in actual economic harm to the Producing Party, or for the conclusion that the document contains sensitive personal information. All material deemed Confidential Information will be marked "CONFIDENTIAL" (whether produced in hard copy or electronic form) at the expense of the Producing Party and treated as such by all parties. A Producing Party may inform another party that a document is Confidential by providing the Bates number of the document in writing. If Confidential Information is produced via an electronic form on a computer readable medium (e.g., CD-ROM), other digital storage medium, or via Internet transmission, the Producing Party will affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION."

2

2408562 V1

The document-by-document log of any material designated Confidential must be provided no later than one week after material so marked is produced.

5. **Use of Confidential Information.** Information designated or marked Confidential will be maintained in confidence, used solely for the purposes of this action, and will not be disclosed to anyone except those persons identified below, and will be handled in such manner until such designation is removed by the Producing Party or by order of the Court.

6. **Persons Authorized to Receive Confidential Information.** Confidential Information may be disclosed or made available to the Court, its employees, other court personnel, any discovery referee, mediator or other official who may be appointed by the Court, and to the persons below:

 (a) A party, or officers, directors, employees, and agents of a party;

 (b) Counsel for a party (including in house attorneys, outside attorneys associated with a law firm(s) of record, and paralegal, clerical, and secretarial staff employed by such counsel);

 (c) Persons retained by a party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.);

 (d) Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation;

 (e) Court reporter(s) and videographers(s) employed in this action;

 (f) Any authors or recipients of the Confidential Information;

 (g) A witness at any deposition or other proceeding in this action; and

 (h) Any other person as to whom the parties in writing agree or that the Court in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (g) above will be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information cannot be disclosed by such person to any person

3

not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential is disclosed pursuant to subpart (c) or (d) of the above will also be required to execute a copy of the form Exhibit A (which shall be maintained by counsel of record for the Receiving Party).

7. **Redactions**: Any Producing Party may redact from the documents or things it produces information that is both personal and nonresponsive, such as a social security number. A Producing Party may not withhold nonprivileged, responsive information solely because such information is contained in a document that includes privileged information. The Producing Party will mark each redaction with a legend stating "REDACTED." All documents redacted based on attorney-client privilege or work product immunity shall be listed in an appropriate log in conformity with Fed. R. Civ. P. 26(b)(5). Where a document consists of more than one page, the page on which information has been redacted will so be marked. The Producing Party will preserve an unredacted version of such document. Any party may object to a redaction. Upon such objection, the parties shall follow the procedures described in Paragraph 13 below.

8. **Use of Confidential Information in Depositions and Written Discovery**. Counsel for any party shall have the right to disclose Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition. In addition, a party or non-party may designate in writing, within 30 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 10 below, except that the time to meet and confer and file a motion with the court will begin to run only after expiration of the 30-day period described above. Counsel for all parties shall be responsible for marking all previously unmarked

4

copies of the designated material in their possession or control with the specified designation. If no confidentiality designations are made within the 30-day period, the entire transcript shall be considered nonconfidential. During the 30-day period, the entire transcript and video shall be treated as Confidential Information. All originals and copies of deposition transcripts or videos that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript or video so designated shall be filed under seal. A log setting forth the basis for designations made under this paragraph must be served within one week of the expiration of the 30-day period.

9. **Notice to Nonparties.** Any nonparty recipient of a subpoena may designate material it produces pursuant to the terms of this Protective Order, should the nonparty producing party wish to do so. Any nonparty invoking the Protective Order will comply with, and be subject to, all applicable sections of the Protective Order.

10. **Challenges to Designations.** Any party may object to the designation of Confidential Information on the ground that such information does not constitute Confidential Information by serving written notice upon counsel for the Producing Party at any time, specifying the item(s) in question. The Producing Party must meet and confer to informally resolve the dispute with the challenging party within three days. If the parties cannot resolve the dispute within seven days of the Producing Party being served with the written notice described above, the information will be deemed not Confidential, unless the Producing Party files a motion for a protective order that includes the material at issue for *in camera* review and that includes evidence showing that disclosure would result in actual economic harm to the Producing Party. Any contested information will be treated as Confidential until such a motion has been ruled upon.

11. **Inadvertent Failure to Designate.** The inadvertent failure to designate information produced in discovery as Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all

5

Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as though properly designated, and shall take any actions necessary to prevent any future unauthorized disclosure, use, or possession.

12. **No Waiver of Privilege**: Disclosure (including production) of information after the parties' entry of this Protective Order that a party or nonparty later claims was inadvertent and should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

13. **Effect of Inadvertent Disclosure of Privileged Information**: If a Producing Party inadvertently produces information subject to a claim of privilege or other protection, it shall promptly notify any Receiving Party of such inadvertent production. Except as set forth below, upon notice of the inadvertent production, the Receiving Party shall promptly return, sequester, or destroy any Privileged Information inadvertently disclosed regardless of whether the Receiving Party disputes the designation of Privileged Information. The Receiving Party may sequester (rather than return or destroy) such Privileged Information only if it contends that the information itself is not privileged or otherwise protected and it challenges the privilege designation, in which case it may only sequester the information until the claim of privilege or other protection is resolved. If any party disputes the privilege claim ("Objecting Party"), that Objecting Party shall object in writing by notifying the Producing Party of the dispute and the basis therefore. The parties thereafter shall meet and confer in good faith regarding the disputed claim within seven (7) days after service of the written objection. If the parties cannot resolve the

6

2408562 V1

Case 3:16-cv-00121-TAV-DCP   Document 81-2   Filed 10/26/18   Page 6 of 9   PageID #: 6703

matter, the Objecting Party may file a motion with the Court to resolve the dispute. Such motions must be filed within ten (10) calendar days of the meet and confer, and may include the material at issue *in camera* for the Court's review. The Producing Party has the burden of establishing that the document in entitled to protection. Any contested information shall continue to be treated as confidential and subject to this Protective Order until such time as such motion has been ruled upon.

14. **No Waiver.** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial.

15. **Post-Litigation Effect.** All provisions of this Order will continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information will either (a) return such documents to counsel for the Producing Party, or (b) destroy such documents and certify in writing that the documents have been destroyed.

Dated:                                          Respectfully submitted,

/s/ DRAFT
**GORDON BALL PLLC**
Gordon Ball
TN BPR#001135
Lance K. Baker
Tenn. Bar #: 032945
Ste. 600, 550 Main Street
Knoxville, TN 37902
Tel: (865) 525-7028
Fax: (865) 525-4679
gball@gordonball.com
lkb@gordonball.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll
Times Wang
1100 New York Ave NW, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
twang@cohenmilstein.com

Laura H. Posner
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (212 838-7745
lposner@cohenmilstein.com

*Counsel for Plaintiffs and the Proposed Class*

/s/ DRAFT
**WALLER LANSDEN DORTCH & DAVIS, LLP**
Paul S. Davidson (TN BPR # 011789)
Tera Rica Murdock (TN BPR #028153)
511 Union Street, Suite 2700
Nashville, TN 37219
Phone: 615-244-6380
Email: paul.davidson@wallerlaw.com
Email: terarica.murdock@wallerlaw.com

**SIDLEY AUSTIN LLP**
Gary F. Bendinger (admitted pro hac vice)
Gregory G. Ballard (admitted pro hac vice)
787 Seventh Avenue
New York, New York 10019
Telephone: +1 212 839-5300
Email: gbendinger@sidley.com
Email: gballard@sidley.com

*Counsel for Defendant KPMG LLP*

# EXHIBIT A
## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information filed on _____, 2018, in *Cosby et al. v. KPMG, LLP*, 16-cv-00121 (E.D. Tenn.) ("Order"). I have been given a copy of that Order and have read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than ninety (90) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information. I consent to the jurisdiction of the United States District Court for the Eastern District of Tennessee for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 201_.

Name: _____
Address: _____
_____
_____
Phone: _____

9

2408562 V1