IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

-------------------------------------------------------------------X
                                                                           :

LEWIS COSBY, KENNETH R. MARTIN, as    :   No. 3:16-cv-00121
beneficiary of the Kenneth Ray Martin Roth IRA,  :
and MARTIN WEAKLEY on behalf of themselves  :
and all others similarly situated,                      :
                                                                           :
                           Plaintiffs,                       :
                                                                           :
               v.                                  :
                                                                            :
KPMG, LLP,                                    :
                                                                           :
                           Defendant.                     :
-------------------------------------------------------------------X

## AGREED CONFIDENTIALITY STIPULATION AND ORDER

WHEREAS, Plaintiffs Lewis Cosby, Kenneth R. Martin, and Martin Weakley, and Defendant KPMG, LLP (collectively, "Parties"), by and through their undersigned respective counsel, have jointly stipulated to the following protective order; and

WHEREAS, the Parties anticipate that they will make available in discovery certain information of a confidential nature; and

WHEREAS, the Parties have agreed that the following restrictions shall apply to such information;

IT IS THEREFORE ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern the documents, materials, deposition testimony, and other things or other portions thereof (and the information contained therein) produced by the Parties or non-parties to this litigation (collectively "Discovery Materials"). The

"Litigation" means the above-captioned matter (or as the caption may be modified), and any appeal from, through final judgment.

1.  **Designation of "Confidential" Discovery Material**

All Discovery Materials, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom or portion thereof produced by the Parties or non-parties, whether pursuant to subpoena, order of the Court or voluntarily, may be designated by any Party or other person, including non-party recipients of discovery requests, as "Confidential" if such Party or person believes in good faith, upon reasonable inquiry, that the information falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets or information of a competitively sensitive nature; (c) research, technical, commercial, proprietary, or financial information that the Party has maintained as confidential; (d) medical information concerning any individual; (e) privacy interests or personal identity information; (f) business or personal information which is not strictly confidential but which is generally known only by a select group of persons or businesses; (g) computer data, computer forensic information, and personal electronic information which, because of the volume of data, cannot be efficiently reviewed on a document-by-document basis; (h) non-public information which is not likely relevant to any claim or defense at issue in this case, but is nevertheless being produced in order to avoid a discovery dispute; (i) information that the producing Party is under a duty to preserve as confidential under an adopted rule or professional conduct, and agreement with a third party regarding confidentiality, or an order or agreement settling litigation; or (j) other categories of information on which counsel agree, in writing, to designate "Confidential" to facilitate discovery and avoid disputes. Information or documents that are available to the public may not be designated as "Confidential" information.

## 2. **Method for Designating "Confidential" Discovery Material**

Designation of Discovery Material as "Confidential" shall be made by affixing to each such Discovery Material the following legend:

- CONFIDENTIAL

    (a) This legend shall be affixed to each page of any document designated as "Confidential" but shall not obscure any part of the text. A designation shall subject the document, and its contents, to this Order without any further action.

    (b) Documents designated "Confidential" that are produced in response to document requests shall, to the extent reasonably practicable, be grouped in identifiable sub-sets of documents and labeled as such. Separate groupings of confidential documents might include, by way of example: financial information, personal information, internal policies and procedures, accounting and auditing manuals, audit work papers, training manuals and the like. Prior to making a production, the parties will meet and confer and attempt to reach agreement on the separate groupings of documents designated "Confidential."

    (c) A Party or person may designate electronic native format files as "Confidential" as appropriate, by noting such designation in an accompanying cover letter, on the CD or other media device on which such files are produced, and within the metadata associated with the file, without need to include additional designations within each electronic native format file.

    (d) With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" information shall be so marked.

    (e) Any person giving deposition or hearing testimony in this Litigation proceeding may designate any or all of the testimony as "Confidential" on the record while the deposition is being taken, either personally or through counsel. Additionally, a Party may

designate all, or any portion of, the transcript of any deposition (or any other testimony) as containing "Confidential" information by notifying the opposing Party in writing, within 15 business days of receipt of the final transcript (receipt of rough draft will not count towards the 15 business days). All such transcripts shall provisionally be treated as "Confidential" until the later of the date the testimony is so designated, or 15 business days after the final transcript is received, unless each Party and the deponent indicates, either on the record at the conclusion of the deposition or in writing following the deposition, that such Party or deponent does not intend to designate the deposition or any portion thereof as "Confidential" information.

(f) Any summary, compilation, note, or excerpt of any "Confidential" information, as well as any paper or electronic copy made of any "Confidential" information, shall be treated as "Confidential" and affixed with the legend "CONFIDENTIAL."

**3. Use of Discovery Material**

As to Discovery Material or portions thereof, the receiving Party shall not disclose such Discovery Material or portion (or the contents thereof) to others or otherwise use Discovery Material or portion (or the contents thereof) for any purpose other than the Litigation and in accordance with the terms of this Order.

This Order has no effect upon, and shall not apply to, the Parties' use of their own confidential documents for any purpose. However, if a designating Party discloses its own confidential document to a non-party outside of the categories articulated in subparagraph 6(b) of this Order, the designating party shall have seven days to notify the opposing party in writing and withdraw the CONFIDENTIAL designation from such document.

**4. Disclosure of and Access to "Confidential" Discovery Material**

"Confidential" Discovery Material may be disclosed, as necessary, to:

(a) the Court and Court personnel, appellate courts, appellate court personnel performing judicial functions related to this case, and to the extent necessary jurors and prospective jurors in this Litigation as further directed by the Court;

(b) court reporters, mediators, or videographers recording or transcribing testimony or argument in this Litigation and the employees of such persons;

(c) a court of competent jurisdiction in a proceeding by a Party made in connection with this Litigation (*e.g.*, a subpoena made to obtain documents for use in this Litigation), provided that the Party disclosing the documents designated confidential submits them under seal;

(d) attorneys of record for a Party, and their employed secretaries, paralegals, legal assistants, as well as outside support services hired by such attorneys (including, but not limited to, contract attorneys and contract paralegals working under the direction of attorneys of record, copy services, document management services, and graphic services), without such persons signing a confidentiality agreement;

(e) in-house counsel for a Party;

(f) the named Parties and/or court-appointed class representatives in the Litigation, including a Party's employees, officers, agents, and directors whose review of the information is reasonably necessary to assist in the Litigation;

(g) consultants, investigators, or experts (hereinafter referred to collectively as "experts"), including their staff and others who are assisting experts in preparing for their deposition(s), retained by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

(h) professional vendors to whom disclosure is reasonably necessary for the Litigation, including, but not limited to, outside copying vendors and outside litigation support vendors;

(i) any person who is identified as having prepared, received, reviewed, or been provided access to the "Confidential" material prior to its production in the Litigation;

(j) witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in the Litigation but only if counsel has a good faith belief that the witness or deponent has relevant information regarding the "Confidential" Discovery Material and the witness or deponent has executed Exhibit A;

(k) Outside independent persons (*i.e.*, persons not currently employed by, consulting with, or otherwise associated with any party) who are retained by a Party or its attorneys to provide assistance as mock jurors, focus group members, or the like, who have signed Exhibit A;

(l) Special masters, mediators, or other third parties retained by the Parties for settlement purposes or resolution of discovery disputes;

(m) counsel for insurance companies that may provide insurance coverage to any defendant for any claim asserted in the Litigation;

(n) auditors for any Party, to the extent necessary to provide auditing services; and

(o) other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

**5.** **<u>Challenge to Designation of "Confidential" Discovery Material</u>**

The designation of any Discovery Material as "Confidential" is subject to challenge by any Party at any time. The following procedure shall apply to any challenge:

4851-4245-4405.1

(a) <u>Meet and Confer</u>.  A Party challenging the designation of "Confidential" Discovery Material must do so in good faith and must begin the process by conferring directly with counsel for the designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designating material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating Party must respond to the challenge within 10 business days.

(b) <u>Judicial Intervention</u>.  A Party that elects to challenge a confidentiality designation must follow the "Discovery Disputes" procedure in the Court's operative Scheduling Order before filing and serving a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating Party.  Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Materials as "Confidential" under the terms of this Order.

**6.  Duties of Counsel to Act with Respect to This Protective Order**

Counsel for the receiving Party shall make a good-faith effort to ensure compliance with the provisions of this Order.  In the event of new counsel and/or change in counsel, the Parties and/or retiring counsel shall fully instruct new counsel of their responsibilities under this Order.  Counsel for the receiving Party agrees to notify all persons to whom "Confidential" Discovery Material may be disclosed pursuant to Paragraph 4 of their obligations to abide by the terms of this Order.  It is the responsibility of counsel for the receiving Party to ensure that any person obligated to sign Exhibit A to this Protective Order does so prior to any disclosure.  A signed copy of each

such agreement shall be maintained by counsel for receiving Party for the duration of the Litigation and provided to counsel for the producing Party within a reasonable time upon request.

### 7. **Inadvertent Failure to Designate**

In the event that "Confidential" Discovery Material is produced without having been previously marked "CONFIDENTIAL," the Party in receipt of that material shall, upon a written request from the producing Party or person, treat or preserve such Discovery Material in accordance with the confidentiality designation that the producing Party states should have been affixed to it. The producing Party must then, within 14 days of learning of the inadvertent failure to designate, reproduce the Discovery Material with the appropriate confidentiality designation. The inadvertent failure of a Party or person to designate Discovery Material as "Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the Discovery Material or as to any other information relating thereto or on the same or related subject matter. However, no Party shall be responsible to another for any use made of information produced hereunder and not identified or designated as "Confidential" prior to the date on which the producing Party notified the receiving Party of the inadvertent failure to designate.

### 8. **Inadvertent Production of Privileged Discovery Material**

Pursuant to Rule 502 of the Federal Rules of Evidence, inadvertent production of any Discovery Material in the Litigation by any Party or person, that such Party or person later claims should have been withheld on grounds of privilege (an "Inadvertently Produced Privilege Document"), including, but not limited to, the work-product doctrine and the attorney-client privilege, will not be deemed, in itself, to waive any privilege or work-product protection either as to specific information in the Inadvertently Produced Privilege Document or as to any other information relating thereto or on the same or related subject matters. A Party or person claiming

4851-4245-4405.1

- 8 -

privilege or other protections for an Inadvertently Produced Privilege Document may notify any Party that received the Inadvertently Produced Privilege Document and state the basis for withholding such Inadvertently Produced Privilege Document from production. After being notified, any receiving Party, pursuant to the terms of this Order and Fed. R. Civ. P. 26(b)(5)(B), must not use or disclose the Inadvertently Produced Privilege Document until the claim is resolved and must take reasonable steps to retrieve and recover the Inadvertently Produced Privilege Document if the Party disclosed it before being notified. In addition, any receiving Party must promptly return, sequester, or destroy the specified Inadvertently Produced Privilege Document and any copies it has. The producing Party must retain a copy of the Inadvertently Produced Privilege Document until the resolution or termination of the Litigation. After an Inadvertently Produced Privilege Document is returned, sequestered, or destroyed pursuant to this paragraph, a Party may move the Court for an order compelling production of the Inadvertently Produced Privilege Document, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production.

9. **Filing of "Confidential" Discovery Material**

This Order does not, by itself, authorize the filing of any Discovery Material under seal. Any Party wishing to file Discovery Material designated as "Confidential" in connection with a motion, brief, or other submission to the Court must either (a) obtain the written consent of the producing Party to file the "Confidential" Discovery Material; or (b) comply with E.D. Tenn. L.R. 26.2 and file a motion to seal the "Confidential" Discovery Material. As provided in E.D. Tenn. L.R. 26.2, documents that are the subject of a motion to seal may be temporarily placed in the court record under seal pending a ruling on the motion pursuant to Rule 12 of the Electronic Case Filing Rules and Procedures of the United States District Court for the Eastern District of Tennessee.

4851-4245-4405.1
- 9 -

## 10. Use of Discovery Material in Motions, Hearings, or Trial

Nothing contained in this Order shall be construed to prejudice any Party's right to use in any motion or at any hearing or trial before the Court any "Confidential" Discovery Material. The Party wishing to present "Confidential" Discovery Material in any motion or at any hearing or trial shall file a motion to seal pursuant to Paragraph 9 of this Order, or obtain the advance written consent of the producing Party to present such "Confidential" Discovery Material in the motion or hearing at issue. A Party that anticipates that another Party may present "Confidential" Discovery Material not under seal and without consent may also bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the "Confidential" information. The Court may make such orders as are necessary to govern the use of such Discovery Material in a motion, at trial, or hearing.

The "CONFIDENTIAL" legend shall be removed from any exhibits or demonstratives containing "Confidential" information that are shown to a jury at trial, but such removal of the legend from exhibits or demonstratives shall not alter the confidentiality designation of the Discovery Material so designated, and all Parties shall continue to treat the designated Discovery Materials as "Confidential" under the terms of this Order.

## 11. Use of Discovery Material in Depositions

In the event an attorney elects to use any "Confidential" Discovery Materials during a deposition involving a witness for the party that produced said information, any person not authorized hereunder to see the "Confidential" material shall be excused from the room in which the deposition occurs until all such questions about the materials have been asked and answered.

## 12. Discovery Material Subpoenaed or Ordered Produced in Other Litigation

(a) If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the receiving Party must notify

the designating Party, in writing, immediately, and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Discovery Material in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Litigation to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Discovery Material by the other Party to this case.

**13.** **Inadvertent Disclosure of Discovery Material Designated as Confidential**

Should any Discovery Material designated as the "Confidential" be disclosed, through inadvertence or otherwise, to any person or Party not entitled to receive the information, then the Parties intend to have such person automatically be bound by this Order and (a) such person shall be informed promptly of all the provisions of this Order by the disclosing Party; (b) such person shall be identified immediately to the producing Party; (c) the disclosing Party shall use its best efforts to have such person sign Exhibit A to this Protective Order and forward a copy of the signed Exhibit A to the producing Party; and (d) the disclosing Party shall use its best efforts to retrieve and return such Discovery Material. If both Parties agree that a disclosure of "Confidential"

Discovery Material was inadvertent, and the disclosing Party has complied in full with this paragraph, the producing Party will not seek sanctions associated with the disclosure. If the disclosing Party claims that the disclosure of "Confidential" Discovery Material was inadvertent, and the producing Party disagrees, the producing Party agrees to meet and confer with the disclosing Party before seeking sanctions associated with the disclosure.

## 14. Productions by Non-Parties

Any Party, in conducting discovery from non-parties in connection with the Litigation, shall provide any non-party from which it seeks discovery with a copy of this Order so as to inform each such non-party of his, her, or its rights herein. If a non-party provides discovery to any Party in connection with the Litigation, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Order as held by the Parties. For the avoidance of doubt, nonparties may designate Discovery Material as "Confidential" pursuant to Paragraphs 1 and 2 as set forth herein.

## 15. Modification by Court

This Order may be changed by further order of the Court, and is without prejudice to the rights of any Party or non-party to move for relief from any of the provisions, or to seek or agree to additional protection for any particular Discovery Material. Nothing in this Order shall prevent any Party or non-party from applying for a modification of this Protective Order to resolve issues that may arise, or from applying to the Court for further or additional protective orders. In the event of any motion to modify this Protective Order, the receiving Party shall make no disclosure of any Discovery Material designated as "Confidential" which are at issue in such motion, until the Court enters a final order on the issue concerning the proposed modification.

## 16. Post-Litigation Handling of Discovery Materials and Documents

Within 90 days after conclusion of this Litigation, whether by final adjudication on the merits, or by other means, upon the written request of the producing Party, each Party or other person or non-party subject to the terms of this Order, with the exception of the Court, shall be obligated to return, or confirm in writing that they have destroyed, all Discovery Materials that have been designated as "Confidential," as well as any documents, logs, reports, or summaries including such information, except the attorneys may retain one copy of any such documents for their file, subject to restrictions pursuant to this Order, which restrictions shall remain in place following the conclusion of the case. Notwithstanding anything to the contrary, a receiving Party need not destroy or return information designated as "Confidential" residing on back-up tapes or other disaster recovery systems. This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters. For the avoidance of doubt, experts, third-party vendors, and consultants who have received "Confidential" Discovery Material shall also be required to return or destroy such "Confidential" Discovery Material pursuant to the terms of this paragraph.

## 17. Enforcement of This Order/Jurisdiction

This Order shall remain in full force and effect while the Litigation is pending and after the termination of the Litigation. During the pendency of the Litigation, each Party shall be subject to the jurisdiction of this Court for the purpose of enforcement of the terms of this Order. After termination of the Litigation, each Party stipulates to the jurisdiction of this Court for the purpose of enforcement of the terms of this Order.

**18.     Efforts to Resolve Disputes**

The Parties shall negotiate in good faith to resolve any dispute relating to any alleged violation of this Order prior to making any motion to the Court relating to any violation or alleged violation of this Order. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.

**19.     No Admissions**

Neither this Order nor the designation of or failure to challenge any material as "Confidential" shall be construed as an admission that such information is "Confidential," or that such material, or any testimony relating to such material, would be admissible in evidence in this case or in any other proceeding.

**20.     Willful Violation**

Any willful violation of the terms of this Order may, in the discretion of the Court, be found to constitute a contempt of Court, which may result in sanctions to be fixed by the Court in its discretion.

**21.     Consent to Protective Order**

The signatories hereto stipulate and consent to the issuance of this Order as an Order of the Court. The Parties' agreement to this Order is not based on an assessment of the confidentiality of any document or information. Until such time as this Order has been entered by the Court, the Parties agree that, upon execution by the Parties, it will be treated as though it has been "So Ordered."

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

---------------------------------------------------------------X
:
LEWIS COSBY, KENNETH R. MARTIN, as : No. 3:16-cv-00121
beneficiary of the Kenneth Ray Martin Roth IRA, :
and MARTIN WEAKLEY on behalf of themselves :
and all others similarly situated, :
:
                     Plaintiffs, :
:
            v. :
:
KPMG, LLP, :
:
                    Defendant. :
---------------------------------------------------------------X

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT DECLARATION

The undersigned agrees:

I hereby attest to my understanding that documents, materials, or things designated "CONFIDENTIAL" are provided to me subject to a Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Confidentiality Agreement Declaration, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any documents, materials, or things designated as "CONFIDENTIAL" pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accordance with this Protective Order, any "CONFIDENTIAL" documents, materials, or things as defined therein, or any

information contained in such "CONFIDENTIAL" documents, materials, or things, in any form whatsoever, and that such "CONFIDENTIAL" documents, materials, or things, and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor confidentiality of such "CONFIDENTIAL" documents, materials, or things will continue even after this litigation proceeding concludes. I further agree that I will be subject to the jurisdiction of this Court while the litigation is pending and subject to the jurisdiction of any court or tribunal of appropriate jurisdiction after the termination of the litigation for the purpose of any proceedings relating to enforcement of the Protective Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed:

Date: _____  By: _____

_____
(Print Name)