IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---------------------------------------------------------------X
:
LEWIS COSBY, KENNETH R. MARTIN, as beneficiary :
of the Kenneth Ray Martin Roth IRA, and MARTIN :
WEAKLEY on behalf of themselves and all others :
similarly situated, :
:
                      Plaintiffs, :
:   No. 3:16-cv-00121-TAV-DCP
v. :
:
KPMG, LLP, :
:
                      Defendant. :
---------------------------------------------------------------X

## MODIFIED SCHEDULING ORDER

      On February 12, 2018, the Court stayed this action pursuant to the statutory requirements of the Private Securities Litigation Reform Act ("PSLRA") pending the Court's ruling on defendant's motion to dismiss [Doc. 75]. The Court granted in part and denied in part defendant's motion to dismiss [Doc. 76]. The parties then filed their Civil Case Management Plan [Doc. 77] with certain proposed deadlines, some of which the Court may have changed. The designation of the parties in either the plural or singular shall be applied to mean either number, and where appropriate in the context hereof, shall mean any one or more of said parties. Any inquiries concerning the trial date should be directed to the Court's chambers, by contacting the Court's judicial assistant, Ms. Lori Gibson at (865) 545-4762 or at varlan_chambers@tned.uscourts.gov, within seven (7) days of receipt of this order; otherwise, a motion for continuance must be filed. The schedule will not change except for good cause.

      Accordingly, the Court hereby **ENTERS** the following Amended Scheduling Order, which shall supersede all previous orders.

    **1.**     **Electronic Filing:**

            a)     The Court has implemented Electronic Case Filing, which allows counsel to file and docket pleadings directly from their office via the internet and to be served with filings from other parties and the Court via email. Information on the ECF system is available on the Court's website: www.tned.uscourts.gov. Counsel who are not already registered users are directed to register as soon as possible or be prepared to explain their failure to do so. *See* E.D. Tenn. L.R. 5.2(b).

2

b) Unless the Court instructs otherwise, courtesy hard copies shall ***not*** be mailed or hand-delivered to chambers. To the extent the Court requests a courtesy hard copy, such copy should be printed out after being electronically filed so that the copy contains the "ECF Header/Footer" reflecting the filing information, *i.e. case number, document number, filed date, and Page ID number.*

c) Parties filing pleadings either electronically or manually on the day of a hearing or trial should notify chambers and/or the courtroom deputy either by e-mail or phone of the late filing.

**2. Disclosure and Discovery:**

a) **Fed. R. Civ. P. 26(f) Meeting:** The parties have held their discovery planning meeting as required by Fed. R. Civ. P. Rule 26(f).

b) **Discovery Plan:** The parties have filed their Civil Case Management Plan [Doc. 77].

   i) **Fact Discovery**
      (1) All fact discovery shall be completed no later than June 28, 2019.

      (2) Document production shall be on a rolling basis, with responsive documents from the production previously made to the SEC by February 8, 2019, and with the remainder of responsive documents no later than April 5, 2019.

c) **Initial Disclosures:** The parties have already made all disclosures required by Rule 26(a)(1).

d) **E-Discovery:** The parties will confer in good faith prior to commencement of their document productions regarding appropriate technical specifications for their respective productions, including but not limited to the format or formats in which ESI will be Produced and the extent to which appropriate fields of metadata and/or native files will be produced. The parties anticipate that most ESI will be produced in the form of TIFF images with an accompanying database load file containing appropriate categories of metadata and extracted text, where available, associated with each document.

e) **Class Certification:**

   i) The parties will confer in good faith to schedule depositions of

3

Case 3:16-cv-00121-TAV-DCP   Document 96   Filed 02/15/19   Page 2 of 9   PageID #: 7031

the plaintiffs by April 17, 2019.

ii) Plaintiffs' motion for class certification shall be filed by March 15, 2019.

iii) Defendant's opposition to plaintiffs' motion for class certification shall be filed by April 30, 2019.

iv) Plaintiffs' reply in support of class certification shall be filed no later than May 20, 2019.

v) Plaintiffs will serve the report of any expert offered in support of their motion for class certification concurrently with the filing of their motion for class certification. Defendant may depose and/or seek discovery from any expert offered in support of plaintiffs' motion for class certification at any time prior to the deadline for defendant to file its opposition to plaintiffs' motion for class certification.

vi) Plaintiffs will ensure that any expert who submits a report in support of plaintiffs' motion for class certification will be available for deposition at a mutually agreeable date at least 14 days prior to the deadline for defendant to oppose plaintiffs' motion for class certification.

vii) Defendant will serve the report of any expert offered in opposition to plaintiffs' motion for class certification concurrently with the filing of its opposition to plaintiffs' motion for class certification. Plaintiffs may depose and/or seek discovery from any expert offered in opposition to plaintiffs' motion for class certification at any time prior to the deadline for plaintiffs to file their reply.

viii) Defendant will ensure that any expert who submits a report in opposition to plaintiffs' motion for class certification will be available for a deposition at a mutually agreeable date at least 14 days prior to the deadline for plaintiffs to file their reply in further support of class certification.

f) **Expert Testimony:**

i) Plaintiffs must identify any expert who may testify and the subject matters upon which the expert is expected to testify 30 days before submitting expert reports. Plaintiffs' expert reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be submitted on July 1, 2019. Defendant may depose and/or seek discovery from any expert offered by the plaintiffs at any time prior to the deadline

4

for defendant to submit rebuttal expert reports. Plaintiffs will ensure that any expert who submits a report will be available for deposition at a mutually agreeable date at least 14 days prior to the deadline for defendant to submit a rebuttal expert report.

ii) Defendant's rebuttal expert reports shall be submitted on August 2, 2019.

iii) Plaintiffs' reply expert reports shall be submitted on August 22, 2019. Plaintiffs may depose and/or seek discovery from any expert offered by the defendant at any time prior to the deadline for plaintiffs to submit reply reports. Defendant will ensure that any expert who submits a report will be available for deposition at a mutually agreeable date at least 10 days prior to the deadline for plaintiff to submit a reply report.

iv) All expert discovery, including expert depositions, shall be completed by September 9, 2019.

v) In the event that either party wishes to challenge the relevance or the reliability of expert testimony, a motion for a *Daubert* hearing must be filed on or before October 9, 2019, or they will be deemed waived.

g) **Summary Judgment and/or Other Dispositive Motions.** Summary judgment and/or other dispositive motions shall be filed on or before September 16, 2019.

h) **Evidence-Presentation Equipment:** If one or more of the parties desire to use the Court's Digital Evidence Presentation System (DEPS) at trial or for any pretrial hearing, or if any party intends to use any other electronic, mechanical, or other equipment to display evidence at trial, notice must be given to the Court's courtroom deputy clerk, Ms. Julie Norwood (865) 545-4234, Ext. 2285, or at julie_norwood@tned.uscourts.gov at least five (5) working days before the pretrial conference (for trial) or before any pretrial hearing.

i) **Pretrial Disclosures:** On or before December 13, 2019 (thirty (30) days before trial), the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (*see* 6(f) below).

j) **All Discovery:** All discovery, including the taking of depositions "for evidence," shall be completed by October 15, 2019 (ninety (90) days before trial). Motions to compel must be filed by September 13, 2019.

5

Case 3:16-cv-00121-TAV-DCP   Document 96   Filed 02/15/19   Page 4 of 9   PageID #: 7033

k) **Depositions**: Depositions shall be conducted in accordance with the following guidelines and other orders entered by the Court:

   a. Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.

   b. Counsel shall not make objections or statements that might suggest an answer to a witness. Counsels' statements when making objections should be succinct, stating the basis of the objection and nothing more.

   c. Counsel and their witness-clients shall not engage in private, off-the-record conferences while the deposition is proceeding in session, except for the purpose of deciding whether to assert a privilege. Counsel may confer with their clients during midmorning, lunch, mid-afternoon, or overnight breaks in the deposition. However, counsel for a deponent may not request such a break while a question is pending or while there continues a line of questioning that may be completed within a reasonable time preceding such scheduled breaks.

   d. Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

l) **Discovery Disputes:** Discovery disputes shall be resolved in the following manner:

   a. Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention;

   b. If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by conference with the Magistrate Judge assigned to this case, which conference shall be by telephone or in court, at the discretion of the Magistrate Judge, who also shall have the discretion to make findings and enter an order on the dispute; and

      c.      If, and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court, which may be referred to the Magistrate Judge. Any written motions regarding discovery shall include a certification of compliance with steps one (1) and two (2) above as well as the written certification required by Rule 37(a)(1), if applicable.

3. **Status Report:** The parties shall **jointly** file on the day of the discovery deadline a status report covering the following matters:

   a) Whether discovery has been completed;

   b) If any dispositive motions are pending, whether oral argument would be beneficial to the Court and/or the parties, and, if so, explain the benefit;

   c) Whether any party intends to file any further pretrial motions, including any motions in limine, and if so, the anticipated subject matter of such motions;

   d) Whether the case is to be tried jury or non-jury and the anticipated length of trial;

   e) The prospects for settlement of this matter, and whether the case has been or will be submitted for mediation pursuant to Local Rule 16.4; and

   f) Any other matter which you believe should be brought to the Court's attention.

4. **Pretrial Order:** Unless counsel are otherwise directed by the Court, the following shall govern with regard to the pretrial order in this particular case.

   On December 13, 2019 (thirty (30) days before trial), an agreed pretrial order <u>shall be filed</u>. The order shall contain the following recitals:

   a) Jurisdiction.

   b) That the pleadings are amended to conform to the pretrial order.

   c) Short summary of plaintiffs' theory.

   d) Short summary of defendant's theory.

   e) The issues to be submitted to the trial judge or jury.

7

       f)      Stipulations of fact.

       g)      Novel or unusual questions of law or evidence.

       h)      Estimated length of trial (in working days).

       i)      Possibility of settlement.

       j)      Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

On or before November 29, 2019, (Forty-five (45) days before trial) plaintiffs' counsel shall serve opposing counsel by email with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel shall furnish plaintiffs' counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, plaintiffs' counsel shall notify the undersigned's office by at least December 12, 2019 (thirty-one (31) days before trial) that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference. Proposed amendments to a pretrial order entered *ex parte* by a judge or magistrate judge may be sought by motion filed five
(5) days following entry of the order.

The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list"). Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided the jury list must return to the clerk the jury list and any copies made from the jury list or destroy them.

Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

    **5.**    **Other Scheduling Matters:**

       a)      **Amendment of Pleadings/Joinder of Parties:** By at least August 16, 2019, all motions for leave to amend the pleadings and add parties must be filed.

       b)      **Mediation in Employment Discrimination Cases:** In every case involving employment discrimination, the parties shall <u>jointly</u> file a report indicating their respective positions regarding whether the dispute

is a matter suitable for mediation, as defined by Local Rule 16.4, one hundred fifty (150) days before trial.

c) **<u>Motions in Limine</u>:** All motions in limine must be filed no later than December 13, 2019 (thirty (30) days before trial). Such motions in limine will be addressed by the Court at the final pretrial conference (see No. 7 below), unless the parties are notified otherwise by the Court.

d) **<u>Special Requests to Instruct for Jury Trial</u>:** Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the Court no later than December 13, 2019 (thirty (30) days before trial) and shall be supported by citations of authority pursuant to Local Rule 7.4. There is reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

e) **<u>Exhibits</u>:** All anticipated exhibits will be labeled and numbered prior to trial. At the inception of trial, counsel will furnish the Court with the original and one (1) copy of their exhibits. The parties are directed to confer prior to the final pretrial conference as to the authenticity and admissibility of exhibits and be prepared to discuss any objections at the pretrial conference.

f) **<u>Witness Lists</u>:** By November 29, 2019, (forty-five (45) days before trial), the parties shall file a final witness list covering the information specified in Rule 26(a)(3). Within five (5) days after service of a final witness list, such list may be supplemented.

g) **<u>Trial Briefs</u>:** By December 27, 2019 (fifteen (15) days before trial), the parties must file trial briefs concerning any novel or unusual questions of law that have been highlighted in the pretrial order.

h) **<u>Use of Depositions at Trial</u>:** In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the Court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*. Should a hearing be directed by the Court regarding such motions *in limine*, the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under Rules 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

9

6. **Final Pretrial Conference:** A final pretrial conference will be held in Knoxville on January 6, 2020, at 3:30 p.m., before Chief District Judge Varlan.

7. **Trial**: The trial of this case will be held in Knoxville before Chief District Judge Varlan with a jury beginning on January 13, 2020.

If there are any preliminary matters, counsel shall be present at 8:30 a.m. to take up any such matters which may require the Court's attention. The parties shall be prepared to commence trial at 9:00 a.m. on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

8. **Consent to Magistrate Judge:** You are reminded that United States magistrate judges in this District have authority to try civil cases, both jury and nonjury, upon consent of the parties pursuant to 28 U.S.C. § 636(c). If you desire to have your case tried by consent by a magistrate judge, notify the Court's judicial assistant, Ms. Lori Gibson at (865) 545-4762, or at varlan_chambers@tned.uscourts.gov.

SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. SHOULD THE PARTIES DESIRE A CHANGE IN ANY OF THE OTHER DATES, THEY SHOULD NOTIFY THE COURT AND SEEK AN ORDER CHANGING THOSE DATES.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge