# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LEWIS COSBY, KENNETH MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KPMG, LLP<br><br>Defendant. | No.: 3:16-cv-00121-TAV-DCP |

## MOTION TO SUBSTITUTE

Plaintiffs hereby move to substitute Eric Montague and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, for Kenneth Martin and Martin Weakley as Class Representatives in the above-captioned action.[1]

## I. PROCEDURAL HISTORY

On May 31, 2016, Plaintiffs moved for the appointment of Lewis Cosby and Kenneth R. Martin (as beneficiary of the Kenneth Ray Martin Roth IRA) as Co-Lead Plaintiffs in this matter. *See* Mot. to Appoint Counsel and Co-Lead Pls., ECF No. 11. On February 17, 2017, the Court

---

[1] Lewis Cosby will remain a Lead Plaintiff in this Action and will move to be certified as a Class Representative in connection with Plaintiffs' Motion for Class Certification scheduled to be filed on March 15, 2019. Further, the Private Securities Litigation Reform Act ("PSLRA") requires that plaintiffs seeking to serve as a representative party submit a sworn certification that, among other things, affirms that the plaintiff is willing to serve as a representative party and sets forth the plaintiff's transactions in the securities that are the subject of the action. *See* 15 U.S.C. §78u-4(a)(2)(A). Certifications that comply with the PLSRA for Eric Montague and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, are attached hereto as Exhibits A and B, respectively.

granted the motion and appointed Lewis Cosby and Kenneth R. Martin as Co-Lead Plaintiffs. *See* Order, ECF No. 31.

On September 15, 2017, Plaintiffs filed a Second Amended Complaint and added Martin Weakley as a Named Plaintiff. *See* Second Am. Compl. ¶ 16, ECF No. 59.

## II. STANDARD

Federal Rule of Civil Procedure 21 provides that: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also Brown v. Yellow Transp., Inc.*, Civ. Act. No. 07-2556, 2008 WL 1995075 (D. Kan. May 6, 2008) (emphasis added) ("Rule 21 empowers courts to add or *substitute* parties at various stages of litigation."). Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)) ("[I]t should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'")).[2]

While "[t]he Sixth Circuit has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action" (*Broyles v. Correctional Med. Servs., Inc.*, No. 08-1683, 2009 WL 3154241, *3 (6th Cir. Jan. 23, 2009)), the same standard of liberality governs application of either rule. Moore's Fed. Practice, § 115.16[1]

---

[2] *See also Sun Life Assurance Co. of Canada v. Conestoga Tr. Servs., LLC*, 263 F. Supp. 3d 695, 697 (E.D. Tenn. 2017), *aff'd*, 717 F. App'x 600 (6th Cir. 2018) ("Although the decision to permit amendment of pleadings is committed to the discretion of the court, the court's discretion is limited by Rule 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits."); *Estate of Lacko, ex rel. Griswatch v. Mercy Hosp., Cadillac*, 829 F. Supp. 2d 543, 554 (E.D. Mich. 2011) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) ("Granting leave freely 'reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings.'")).

(3d ed. 2011). Specifically, under either Rule 15(a)(2) or Rule 21, a motion to add or drop a party should be granted unless it is "brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995). *See also, Thorn v. Bob Evans Farms, LLC*, No. 2:12-cv-768, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013) (citing *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96097 (S.D.N.Y. 2010)); *Dura Operating Corp. v. Magna Int'l*, No. 2:10-cv-11566, 2011 WL 1296990, at *2 (E.D. Mich. Apr. 5, 2011) ("Rules 15 and 21 set forth the standard for allowing a party to . . . . add . . . . parties to an ongoing lawsuit.").[3]

In the class action context, lead plaintiffs, named plaintiffs and class representatives are regularly withdrawn, substituted and added throughout the course of the litigation, including at the class certification stage of the litigation. *See Phillips v. Ford Motor Co*., 435 F.3d 785, 787 (7th Cir. 2006) (holding that "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ("routine") feature of class action litigation . . . in the federal courts[.]" and collecting cases); *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1342 (11th Cir. 2003) (holding that a district court abused its discretion by refusing to permit substitution of a class representative after discovery had been completed, numerous pretrial motions had been resolved, and the case was ready for trial).[4]

---

[3] Because it is unclear in the Sixth Circuit whether Rule 15(a)(2) or Rule 21 applies to this specific situation, Plaintiffs' are moving pursuant to Rule 21 for the ease of the Court and the parties. However, to the extent that the Court requires Plaintiffs to instead move pursuant to Rule 15 and, therefore, requires an amended pleading with the names of the substituted parties, Plaintiffs will, of course, do so immediately.

[4] Notably, in the related Miller Energy shareholder action pending against certain underwriters, the parties stipulated to the dismissal of a lead plaintiff *after* plaintiffs moved for class certification and "after it was discovered during his deposition that he did not purchase any shares." *See*

## II. ARGUMENT

Plaintiffs' Motion to Substitute ("Motion") is not made in bad faith, is neither made for dilatory purposes nor will it result in undue delay, will not prejudice KPMG, and is not futile.

First, the Motion is brought in good faith. Plaintiffs seek substitution for a proper purpose: to ensure that the class representatives can and will fulfill the requisites for certification under Rule 23 and best protect the interests of the proposed Classes throughout the litigation. Further, though under no obligation to do so, Plaintiffs notified KPMG that a motion to substitute was forthcoming on February 11, 2019. *See* Opp'n to KPMG's Request for Conference With Magistrate Judge at 2, ECF No. 94. Such forthrightness is consistent with good faith. Moreover, Plaintiffs are moving nearly six months in advance of the August 16, 2019 deadline to amend the pleadings. *See* Modified Scheduling Order at 8, ECF No. 96. This, too, is consistent with good faith.

Second, substitution is not being proposed for dilatory purposes and will not cause any delay whatsoever in this litigation. Permitting substitution will not require any change to any Court-imposed deadline. Contemporaneously with the filing of this Motion, Plaintiffs are serving all relevant, non-privileged documents in their possession, and have provided counsel for Defendant KPMG with dates for their depositions consistent with the Modified Scheduling Order. As a result, KPMG will have more than enough time to review the proposed Class representatives' documents in advance of the March 15, 2019 deadline for Plaintiffs' motion for class certification (14 days from today); the April 17, 2019 "good faith" deadline for the depositions of the class

---

Stipulation of Voluntary Dismissal of Lead Pl. Gabriel R. Hull's Claims Against All Defs., *Gaynor v. Miller*, No. 3:15-cv-545-TAV-CCS (E.D. Tenn.) ("Gaynor Action"), ECF No. 137; R. & R. at 5 n.3, Gaynor Action, ECF No. 167.

representatives (47 days from today); and the April 30, 2019 deadline for KPMG's opposition to Plaintiff's motion for class certification (60 days from today).

Third, substitution will not prejudice KPMG. In addition to the fact that the substitution will not impede KPMG's ability to oppose Plaintiffs' motion for class certification, the substitution does not entail changing any substantive aspect of the proposed class representatives' claims or allegations. If granted, the Motion would not be prejudicial because "it does not set forth new legal theories upon which relief could be granted . . . . [T]he original complaints . . . . gave the defendants adequate notice that additional parties might be joining the actions." *Soler v. G & U, Inc.*, 103 F.R.D. 69, 74-77 (S.D.N.Y. 1984) (finding that motion to add collective action opt-ins as named plaintiffs pursuant to Rule 21 was not prejudicial and granting motion). Indeed, this type of substitution is commonplace in class actions and routinely permitted by courts. *See*, *e.g.*, *Graves v. Walton Cty. Bd. of Educ.*, 686 F.2d 1135 (5th Cir. 1982) (allowing substitution under Fed. R. Civ. P. 21 while noting that it is "firmly established" that named plaintiffs may be substituted in class actions); *Thorn v. Bob Evans Farms, LLC*, 2013 WL 2456336, at *2 (granting leave to substitute named plaintiff before class certification because "substitution . . . will serve the ends of justice in the case, and also serve to conserve judicial resources"); *In re Stone Energy Corp. Secs. Litig*, 2009 U.S. Dist. LEXIS 91480, at *18-19 (W.D. La. Sep. 30, 2009) (disallowing substitution prior to certification but after parties had engaged in substantive litigation would waste judicial resources).

Finally, substitution is not futile. As set forth above, the proposed Class representatives' claims and allegations are identical to those of the extant named Plaintiffs. This Court already denied KPMG's motion to dismiss, finding that Plaintiffs sufficiently alleged Section 10 and Section 11 claims. *See generally* Mem. Op. and Order, ECF No. 76.

5

For the foregoing reasons, Plaintiffs respectfully move this Court to substitute Eric Montague and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, for Kenneth Martin and Martin Weakley, as named Plaintiffs in the above-captioned action.

Dated: March 1, 2019

Gordon Ball
GORDON BALL PLLC
550 W. Main Street
Suite 600
Knoxville, TN 37902
Tel: (865) 525-7029
Fax: (865) 525-4678
gball@gordonball.com
lkb@gordonball.com

*Lead Counsel for Plaintiffs*

Respectfully submitted,

*/s/ Laura H. Posner*

Laura H. Posner
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212)838-7745
lposner@cohenmisltein.com

Steven J. Toll
Allen Dreschel
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
adreschel@cohenmisltein.com

*Co-Lead Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, I caused the foregoing to be filed using the Court's CM/ECF System, which in turn sent notice to counsel of record.

Dated: March 1, 2019 　　　　　　　　　　　　　*/s/ Laura H. Posner*
　　　　　　　　　　　　　　　　　　　　　　　　Laura H. Posner