UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LEWIS COSBY, KENNETH MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>          v.<br><br>KPMG, LLP<br><br>                      Defendant. | No.: 3:16-cv-00121-TAV-DCP |

## PLAINTIFFS' OPPOSITION TO MOTION TO PARTIALLY LIFT STAY

### I. INTRODUCTION

On March 19, 2019, the Court ordered a stay of this action, "with the exception that the parties may file their respective response and reply associated with" Plaintiffs' Motion for Class Certification (the "Stay"). Order, ECF No. 109. KPMG has no basis relevant to class certification or otherwise to move this Court to lift the Stay. *See* Request to Partially Lift Stay, ECF No. 113 ("Motion"). While KPMG now—weeks after the Stay was put into place, the Motion to Substitute was filed and opposed, and nearly all of Class discovery has taken place, and just a few weeks before its opposition to Plaintiffs' Motion for Class Certification is due—suddenly insists that it is essential that the Court resolve the pending Motion to Substitute before class certification can proceed (Mot. at 4)[1], it is wrong. None of the significantly burdensome discovery KPMG seeks of

---

[1] Plaintiffs had not yet filed their reply brief in further support of their Motion to Substitute when the Stay was issued. Out of an abundance of caution, the parties jointly informed Magistrate Poplin in March that, given the Stay, which applied to the then-pending Motion to Substitute, Plaintiffs would not be filing their reply brief at that time. KPMG now seeks to lift the Stay to allow Plaintiffs to file their reply brief and to allow Magistrate Judge Poplin to rule on the Motion to Substitute. Mot. at 4.

the withdrawing Plaintiffs is relevant to class certification, and even KPMG concedes that the Motion to Substitute should be granted. Accordingly, the Motion should be denied.

**II. ARGUMENT**

Each of the three arguments KPMG makes in favor of lifting the Stay can be quickly rejected.

<u>First</u>, KPMG contends that "the parties need to know who the plaintiffs . . . are before they complete briefing on the Motion for Class Certification." Mot. at 3. This is incorrect; the parties need only know who the putative Class Representatives are before briefing class certification. Class certification briefing is well underway, and the putative Class Representatives, Messrs. Cosby, Montague, and Zeisman, produced all relevant documents to KPMG on February 27, 2019 (Messrs. Cosby and Montague) and March 1, 2019 (Mr. Zeisman); moved for class certification on March 15, 2019; and have either already been deposed (Messrs. Cosby and Montague) or are scheduled to be deposed two business days from this filing (Mr. Ziesman).[2] Indeed, KPMG does not object to Messrs. Cosby, Montague and Zeisman moving to serve as putative Class Representatives in this matter or being added as Plaintiffs to this Action. Rather, they baselessly seek, as a precondition to the Motion to Substitute being granted, highly burdensome discovery from the **withdrawing** Plaintiffs that has no relevance to class certification. *See* Defs.' Resp. to Docket No. 101 ("Opposition to Motion to Substitute"), ECF No. 106.[3]

Further, the fact that the Motion to Substitute was pending, that there was a dispute among the parties with regard to discovery from the withdrawing Plaintiffs, and that Plaintiffs had moved

---

[2] Plaintiffs' market efficiency expert has also been deposed.

[3] Mr. Cosby is a Court-appointed Lead Plaintiff in the Action and continues to remain as a Lead Plaintiff and proposed Class Representative in this Action.

for class certification with Mr. Cosby and the two newly proposed Class Representatives, was well-known to the Court on March 19, 2019, when it entered the Stay.[4] *See* Update to Docket No. 93 (Request for Conference), Feb. 26, 2019, ECF No. 99; Resp. to KPMG's Update to Docket No. 93 (Request for Conference), Feb. 27, 2019, ECF No. 100; Mot. to Substitute Party, Mar. 1, 2019, ECF No. 101; Opp'n to Mot. to Substitute, Mar. 15, 2019, ECF No. 106; Mot. to Certify Class, Appoint Class Representatives, and Appoint Class Counsel, Mar. 15, 2019, ECF No. 107. Moreover, KPMG acknowledged **after the Stay was issued** that it was not necessary to move to lift the Stay at that time. *See* Mot., Ex. A. It is difficult to see what has changed since, except that class discovery has made clear that KPMG has no substantive basis to oppose class certification, and has instead resorted to baseless, *ad hominem* attacks on the withdrawing Plaintiffs and their counsel.

Crucially, should the Court lift the Stay and deny the Motion to Substitute now, the briefing and discovery taken to date would be moot, Plaintiffs would be forced to file a new motion for class certification with new Class Representatives and further discovery and motion practice would need to occur, significantly upsetting the Court's schedule and needlessly prolonging this litigation by many months.

Second, KPMG asserts that the Stay should be lifted so that it can obtain discovery from the withdrawing Plaintiffs. However, the discovery KPMG seeks has nothing to do with class certification. Deposing the withdrawing Plaintiffs and obtaining their documents will shed no light

---

[4] Further, on March 8, 2019, in connection with Defendants' Motion for Discovery Request for Conference with Magistrate Judge in Advance of Filing Motion to Compel Plaintiffs to Produce Documents (ECF No. 93), the parties had a conference with Magistrate Judge Poplin and discussed the fact that Plaintiffs would be moving for Class Certification with the newly proposed Class Representatives. KPMG did not raise an objection to Plaintiffs filing for Class Certification with the newly proposed Class Representatives at that time.

3

on the thousands of other Class members' claims, the grounds for certification of the Classes, or the adequacy and typicality of the current proposed Class Representatives. KPMG's overarching purported justification for seeking discovery from the proposed absent Class members is that they are "insiders" who had knowledge of the fraud at the heart of this litigation (Opp'n to Mot. to Substitute at 3)—a pure conjecture that is belied by the fact that both sustained millions in losses on their investments in Miller Energy and continued to purchase Miller Energy stock through the Class Period. Even so, any such discovery could only illuminate the circumstances surrounding the purchases of the withdrawing Plaintiffs, not the circumstances of the purchases of the thousands of other Class members, who lack even any hypothesized "insider" knowledge or status. If anything, the withdrawing Plaintiffs only have information relevant to the merits of their own **individual** claims; this is not a permissible area of inquiry at class certification. *See Boynton v. Headwaters, Inc.*, No. 02-1111, 2009 WL 3103161, at *1-2 (W.D. Tenn. Jan. 30, 2009); *Redmond v. Moody's Inv'r Serv.*, No. 92-9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995). As such, KPMG has failed to show that discovery from the withdrawing Plaintiffs is needed for, or relevant to, class certification.[5]

Additionally, taking discovery from absent Class members like the withdrawing Plaintiffs here is strongly disfavored. Such discovery contradicts "the policy of Federal Rule 23, *i.e.*, to prevent absent class members from being compelled to participate actively in the litigation." *Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc*., No. 09-cv-882, 2012 WL 4829802, at *2 (M.D. Tenn. Oct. 10, 2012). Subjecting the withdrawing Plaintiffs to onerous discovery would

---

[5] KPMG incorporates by reference into the instant Motion the arguments in its response to the Motion to Substitute. *See* Mot. at 3. Plaintiffs dispute these arguments, but rather than address them at length here, will do so in their reply brief in support of the pending Motion to Substitute in the event that this Court lifts the Stay.

4

be contrary to the overwhelming weight of authority, the policy values of Rule 23, and would be incongruous with the fact that they seek to withdraw precisely because their lives have changed in a way that frustrates their ability to discharge their obligations as putative Class Representatives.

Finally, lacking any credible basis on which to lift the Stay or oppose the Motion to Substitute, KPMG resorts to conjecture to falsely impugn the withdrawing Plaintiffs and Plaintiffs' counsels' character—theorizing, without evidence, that the withdrawing Plaintiffs were somehow aware of the fraud while they were investing in Miller Energy. This argument makes no sense; if the withdrawing Plaintiffs somehow suspected or knew of the fraud, they certainly would not have continued to purchase Miller Energy securities, nor held on to the shares they previously purchased, until Miller Energy inevitably imploded when the fraud was revealed, causing them to lose millions.

Moreover, Plaintiffs' counsel has repeatedly demonstrated their adequacy to serve as Class counsel through the capable prosecution of numerous class actions, including this one. *See* Mot. to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel, ECF No. 107, at § IV. Plaintiffs' counsel intends to continue to work diligently and zealously to protect the interest of the Classes and undertakes all actions in litigation to that end. KPMG's false insinuations to the contrary merit no consideration in whether to lift the Stay.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that KPMG's motion to partially lift the Stay (ECF No. 113) should be denied.

Dated: April 12, 2019

Gordon Ball
GORDON BALL PLLC
550 W. Main Street
Suite 600
Knoxville, TN 37902
Tel: (865) 525-7029
Fax: (865) 525-4678
gball@gordonball.com
lkb@gordonball.com

*Lead Counsel for Plaintiffs*

Respectfully submitted,

*/s/ Laura H. Posner*

Laura H. Posner
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212)838-7745
lposner@cohenmisltein.com

Steven J. Toll
Allen Dreschel
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
adreschel@cohenmisltein.com

*Co-Lead Counsel for Plaintiffs*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2019, I caused the foregoing to be filed using the Court's CM/ECF System, which in turn sent notice to counsel of record.

Dated: April 12, 2019
*/s/ Laura H. Posner*
Laura H. Posner