UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LEWIS COSBY, KENNETH R. MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KPMG, LLP, <br><br> Defendant. | No. 3:16-CV-121-TAV-DCP |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Request for Conference with Magistrate Judge In Advance of Filing a Motion to Compel Plaintiffs to Produce Documents ("Request for Conference") [Doc. 93] and Defendant's Motion to Partially Lift Stay [Doc. 113]. Accordingly, for the reasons set forth below, the Court hereby **GRANTS** Defendant's Motions [**Docs. 93 and 113**].

### I. PROCEDURAL BACKGROUND

By way of background, Defendant filed its Request for Conference on February 8, 2019, requesting a telephone conference with the undersigned because Plaintiffs had not produced any documents in this matter. In response [Doc. 94], along with additional arguments, Plaintiffs stated that they intended to move for substitution of certain Miller Energy investors as proposed class representatives. Defendant filed an Update [Doc. 99] to its Request for Conference, asserting that

1

the named Plaintiffs' documents will be critical to any motion to substitute, and Plaintiffs responded [Doc. 100] that the withdrawing Plaintiffs' documents are irrelevant.

Subsequently, on March 1, 2019, Plaintiffs filed a Motion to Substitute [Doc. 101], requesting that Eric Montague and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, be substituted for Plaintiffs Kenneth Martin and Martin Weakley. On March 8, 2019, the Court held a telephone conference with the parties pursuant to Defendant's Request for Conference. Attorneys Gordan Ball and Laura Posner appeared on behalf of Plaintiffs, and Attorneys Gregory Ballard and Paul Davidson appeared on behalf of Defendant.

During the telephone conference, the parties reported to the Court that Plaintiff Lewis Cosby produced the requested documents, but Plaintiffs Kenneth Martin and Martin Weakley had not. Specifically, the parties disagreed as to whether Plaintiff Kenneth Martin and Martin Weakley should produce responsive documents or be deposed given Plaintiffs' pending Motion to Substitute. Plaintiffs argued that such discovery was irrelevant, and Defendant insisted otherwise. Defendant noted, however, that it was unsure whether it would oppose the Motion to Substitute. Defendant stated that it would proceed with the discovery that it had already received, and the parties agreed that they would discuss the Motion to Substitute to determine if they could resolve the issue without further briefing. The undersigned directed the parties to contact Chambers to schedule another telephone conference if they needed additional assistance with the above issues.

On Mach 15, 2019, Defendant filed a Response [Doc. 115] to the Motion to Substitute, stating that it does not oppose Plaintiffs' request for substitution, provided (1) Plaintiffs file an amended complaint reflecting the change, (2) the two withdrawing Plaintiffs produce documents and appear for their depositions, and (3) the substitution of Plaintiff Martin Ziesman for Martin Weakley would not constitute a ruling on whether either Plaintiff may serve as lead plaintiff or

whether their counsel may serve as lead counsel in bringing the Section 11 claim. Prior to Plaintiffs filing their reply brief to the Motion to Substitute, however, the District Judge entered an Order [Doc. 109], staying this action pending the resolution of the class certification issue. Because of the stay, Plaintiffs did not file a reply brief addressing Defendant's proposed conditions.

Defendant now requests that the Court partially lift the stay for purposes of completing the briefing on the Motion to Substitute and rendering a decision on the same.

## II. ANALYSIS

Accordingly, for the reasons more fully explained below, the Court finds Defendant's Motions [**Docs. 93 and 128**] well taken, and they are **GRANTED**.

### A. Defendant's Request for Conference [Doc. 93]

In Defendant's Request for Conference, it requested a telephone conference with the undersigned in advance of filing a motion pursuant to Federal Rule of Civil Procedure 37. As mentioned above, the Court conducted a telephone conference with the parties on March 8, 2019. Accordingly, given that the Court conducted a telephone conference, Defendant's Request for Conference [**Doc. 93**] is **GRANTED**.

As a final matter, however, the Court notes that Defendant's Request for Conference was not filed in accordance with the discovery dispute procedure outlined in section 3(j) of the Scheduling Order. Specifically, the discovery dispute procedure provides, "If, and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court, which may be referred to the Magistrate Judge." [Doc. 96 at 6].

While Defendant's motion was styled as a "Request for Conference," it was essentially a motion to compel. Specifically, in Defendant's Request for Conference, it argued why it was

3

entitled to documents, Plaintiff responded, Defendant filed an Update, and then Plaintiff responded to the Update. The Court utilizes the discovery dispute procedure for the parties' benefit—that is, discovery disputes can often be resolved on an expedited basis without having to engage in motion practice. Accordingly, the Court **INSTRUCTS** the parties that if any future discovery disputes arise, they **SHALL** contact Chambers to schedule an informal conference.

### B. Defendant's Motion to Partially Lift Stay

Defendant requests [Doc. 113] that the Court partially lift the stay that was entered on March 19, 2019. Specifically, Defendant requests that the parties complete briefing on Plaintiffs' Motion to Substitute. Defendant states that the issues raised in the Motion to Substitute will affect the issues in the class certification motion. Defendant states that briefing on the Motion to Substitute should not be stayed because (1) the parties need to know who the plaintiffs in this case are before briefing their Motion for Class Certification, (2) Defendant needs discovery from the withdrawing Plaintiffs, Kenneth Martin and Martin Weakley, and (3) the Motion to Substitute raises troubling questions about Plaintiffs' and their counsel's actions and motivation in this case.

Plaintiffs respond [Doc. 118] in opposition, noting that Defendant does not object to Plaintiffs Lewis Cosby, Eric Montague, and Martin Zeisman moving to serve as putative class representatives or being added to this case as Plaintiffs. Plaintiffs assert that the parties have already begun briefing the Motion for Class Certification and that they have taken discovery on the issues raised therein. Plaintiffs argue that the discovery Defendant seeks is irrelevant to the class certification issues and that such discovery is strongly disfavored. Further, Plaintiffs argue that Defendant resorts to conjecture to falsely impugn the withdrawing Plaintiffs and their counsels' character.

4

As illustrated by the filings, it appears to the Court that the primary issue is not whether Plaintiffs Martin Ziesman and Eric Montague should be substituted but whether Plaintiffs Kenneth Martin and Martin Weakley should respond to discovery prior to withdrawing. While the parties generally raise the issue of discovery in the filings related to Defendant's Request to Partially Lift Stay, the Court finds that the parties, specifically Plaintiffs, have not had an opportunity to fully brief this issue. The Court notes that Plaintiffs' Motion for Certification has been briefed,[1] but even in those filings, Defendant asserts as follows: "Additional documents and information supporting KMPG's opposition to the motion for class certification is in the hands of Kenneth Martin and Martin Weakley, two of the named plaintiffs in this case who have moved to withdraw." [Doc. 129 at 19 n.9]. Accordingly, the Court finds it appropriate to complete the briefing on the Motion to Substitute, and therefore, Defendant's Request to Partially Lift Stay [**Doc. 113**] is **GRANTED**. Plaintiffs **SHALL** file their reply brief on or before **June 28, 2019**. After reviewing the reply brief, the Court will determine whether a motion hearing is necessary. At this time, the Court renders no opinion as to whether such discovery will be allowed.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

---

[1] The Court notes that Defendant filed a motion to exclude Plaintiffs' expert witness's opinion in this case, and it will become ripe on July 19, 2019.