Laura Posner
(212) 220-2925
lposner@cohenmilstein.com

July 12, 2019

The Honorable Judge Varlan
The Honorable Magistrate Judge Poplin
United States District Court for the Eastern District of Tennessee
800 Market Street, Suite 130
Knoxville, TN 37902

    Re:    *Cosby et. al. v. KPMG LLP*, 3:16-cv-00121-TAV-DCP
             **Notice of Supplemental Authority**

Dear Judge Varlan and Magistrate Judge Poplin:

    We are Co-Lead Counsel in the above-captioned matter and write on behalf of Plaintiffs to notify the Court of a recent decision in *Echavarria, et al. v. Facebook, Inc*., 18-cv-05982 (N.D. Ca. July 1, 2019) (attached hereto as Exhibit A),[1] directly relevant to Plaintiffs' Motion to Substitute (ECF No. 101).

    In *Facebook*, a number of plaintiffs filed at least ten separate consumer fraud lawsuits against Facebook following a massive data breach, claiming that Facebook failed to protect its' users personally identifiable information. The cases were consolidated (*Facebook* ECF Nos. 67, 74, 78), interim class counsel was appointed (*Facebook* ECF No. 79), and a consolidated complaint was filed. *Facebook* ECF No. 76. Subsequently, certain of the plaintiffs who initially filed suit against Facebook voluntarily dismissed their claims "without prejudice to participate and/or recover as a class member in this action." *Facebook* ECF Nos. 87-94. All of those plaintiffs were represented by the Court-appointed interim class counsel and had served initial disclosures identifying relevant information each had in his or her possession or control to the proposed Class' claims.

    Facebook then sought to subpoena both documents and deposition testimony from the withdrawn former plaintiffs. *Facebook* ECF No. 151. Facebook claimed that discovery from

---

[1] Although the discovery dispute was resolved by the Court at a hearing held on July 1, 2019, the hearing transcript was not available until July 9, 2019.

those former plaintiffs was "directly relevant to class certification" and went "directly to the heart of whether this case is fit for class treatment." *Facebook* ECF No. 151 at 5. It further claimed that discovery from these former plaintiffs would demonstrate that "a substantial portion of the putative class suffered no cognizable injury" from the data breach, and that the former plaintiffs did not care about the claimed fraud since they had previously disclosed certain personally identifiable information independently from the data breach. *Id.* Plaintiffs opposed, arguing that discovery from absent class members is ordinarily not permitted, and that because they were not moving for the appointment of the former plaintiffs as class representatives at class certification and were no longer relying on the former plaintiffs to establish the class' claims, there was no reason to obtain discovery for them. *Id*. at 3-4.

At oral argument following the denial of Facebook's motion to dismiss, the Court ruled for the plaintiffs and denied Facebook's request for discovery of the former plaintiffs. Specifically, the Court held that because the plaintiffs were "not going to rely on [the former plaintiffs] in any way" (Tr. at 3), "there is nothing to depose because there's nothing to test. They won't be referred to, relied on. The expert isn't relying on [them]. It's as if they never came forward in the first place." *Id*. at 10.[2] "They're irrelevant to the motion for class certification." *Id.* at 4.

*Facebook* is directly applicable here. Like in *Facebook*, KPMG seeks discovery from proposed former plaintiffs, Messrs. Martin and Weakley, and claims that they have information relevant to both to class certification and the merits of the Classes' claims. Further, like in *Facebook*, Messrs. Martin and Weakley seek to withdraw from the case without prejudice to their ability to remain absent class members and did not move to be appointed as class representatives. Since Messrs. Martin and Weakley were not "referred to" or "relied on" in Plaintiffs' now fully briefed motion for class certification, and since neither will be "referred to" or "relied on" in proving the Classes' claims, "there is nothing to depose" and "nothing to test," even (wrongly) assuming they – like the *Facebook* former named plaintiffs – have any information relevant to their own individual claims. *Id.*[3]

Accordingly, for the foregoing reasons and for the reasons set forth in Plaintiffs' Motion to Substitute and in Plaintiffs' Reply in Support of Motion to Substitute (ECF No. 147), the Court

---

[2] Specifically, like here, the *Facebook* plaintiffs did not "submit[] any testimony, declarations or anything in support of class certification" from the former named plaintiffs (*id.* at 3), and while the *Facebook* plaintiffs were still moving forward with claims initially made by the former named plaintiffs, they were "not pointing to [the former named plaintiffs] at all" (*id*.) and their expert "won't be relying on anything from [the former named plaintiffs]." *Id*. at 7-8.

[3] This is even more so true where, like here, merits discovery is stayed and Plaintiffs are barred from taking discovery to prove their claims.

should grant Plaintiffs' Motion to Substitute and reject KPMG's request for burdensome discovery of Messrs. Martin and Weakley.

                                                  Respectfully submitted,

                                                  */s/ Laura Posner*
                                                  Laura Posner

Attachments