

July 17, 2019

Honorable Thomas A. Varlan, U.S. District Judge
Honorable Debra C. Poplin, U.S. Magistrate Judge
United States District Court for the Eastern District of Tennessee
800 Market Street, Suite 130
Knoxville, Tennessee 37902

Re:   *Cosby et. al. v. KPMG LLP*, No. 3:16-cv-00121-TAV-DCP

Dear Judge Varlan and Magistrate Judge Poplin:

On behalf of KPMG LLP ("KPMG"), I write in response to the July 12, 2019 letter of Laura Posner, counsel for Plaintiffs (ECF No. 153), providing notice of supplemental authority in connection with the pending motion for substitution of certain plaintiffs (ECF No. 101).

Plaintiffs argue that a transcript from *Echavarria v. Facebook*, No. 18-cv-05982 (N.D. Cal. July 1, 2019), supports their request that this Court allow plaintiffs Kenneth R. Martin and Martin Weakley to withdraw as plaintiffs in this case without producing their documents or being deposed. Plaintiffs are wrong. The *Facebook* case does *not* support their position.

*First*, in *Facebook*, the defendant sought discovery from (a) *former* plaintiffs who had *filed pre-answer voluntary dismissals of their complaints that did not require leave of Court* and (b) people who had considered serving as plaintiffs but were never named as plaintiffs. None was a party in the case.[1] Here, in contrast, Messrs. Martin and Weakley are parties in this case; they are *current* plaintiffs who are seeking, and must obtain, *permission from this Court* to withdraw from the case, subject to whatever terms the Court deems proper. A review of the *Facebook* docket reveals that the former plaintiffs had previously filed notices of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which allows plaintiffs, before the defendant files an answer to their complaint, to voluntarily withdraw *without leave of Court* by simply filing notices of dismissal. (*See* Exhibits B-L, attached hereto (notices of voluntary dismissal under Rule 41(a)(1)(A)(i)).) In the present case, Messrs. Martin and Weakley did not file voluntary notices of dismissal prior to the filing of KPMG's answer to their complaint in September 2018,

---

[1] The *Facebook* plaintiffs noted that the individuals "are not parties to this case, and have either been removed as plaintiffs after filing an initial complaint or had been considering serving as Named Plaintiffs but were never a named party at all." (*See* Pls.' Ltr., Exhibit A, attached hereto, at 1.)

and they cannot dismiss their claims under Rule 41(a)(1)(A)(i). Under Rule 41(a)(2), their action against KPMG may be dismissed "only by court order, on terms that the court considers proper."

For this reason, it is misleading for Plaintiffs to refer to Messrs. Martin and Weakley as "former" plaintiffs or "absent" class members. Messrs. Martin and Weakley are not "former" plaintiffs. They are <u>current</u> plaintiffs in this case; they have not withdrawn and cannot withdraw without leave of Court. For the same reason, Messrs. Martin and Weakley are not "absent" members of the proposed class; they are <u>present</u> members of the proposed class (which has not yet been certified, and should not be certified). Case law addressing former plaintiffs and absent class members is irrelevant to the pending motion pursuant to which Messrs. Martin and Weakley seek the Court's permission to withdraw. The cases cited by KPMG, conditioning leave to withdraw on submission to discovery, are on point.

In short, *Facebook* is completely inapposite. It addresses a situation involving former plaintiffs and absent class members. Messrs. Martin and Weakley are neither.

*Second*, in *Facebook*, there is no indication that the former plaintiffs had any unique knowledge pertinent to class certification or the merits of the case. In the present case, Messrs. Martin and Weakley have direct knowledge of facts relevant to class certification and the merits of the case, as explained in KPMG's prior submission on the pending motion (ECF No. 115). KPMG's counsel was able to learn from publicly available sources that either Mr. Martin or Mr. Weakley (they are cousins) was likely the person who lent money to Miller Energy CEO Scott Boruff for the purchase of his home, a loan that is described as a "red flag" at paragraph 181(e) of the operative Second Amended Complaint in this case. Plaintiffs are attempting to hide all information about the facts surrounding this allegation of their complaint (among others), and the knowledge of Messrs. Martin and Weakley about it, by seeking permission for them to withdraw without providing discovery (and by seeking to have any reference to the matter maintained under seal by the Court). The Court should not abide such conduct. These individuals, who filed the operative complaint in this matter and litigated it through and beyond the motion to dismiss that complaint, and who continue to be named plaintiffs in it, should be required to produce their documents and be deposed prior to being permitted to withdraw. They have unique knowledge and should not be permitted to hide it from KPMG and the Court (and the public).

*Third*, *Facebook* is a consumer class action, and the former plaintiffs at issue had not submitted any testimony or declarations in the case, as plaintiffs note in footnote two of Ms. Posner's letter. In contrast, the present case is a securities class action governed by the Private Securities Litigation Reform Act (the "PSLRA"), which imposes strict requirements on plaintiffs who seek to file class action securities cases and serve as representative plaintiffs. Unlike the former plaintiffs at issue in *Facebook*, current plaintiffs Messrs. Martin and Weakley have been actively litigating this case for years. Mr. Martin has served as a lead plaintiff since February 17, 2017, when this Court, noting that Plaintiffs' motion had asserted that Mr. Cosby and Mr. Martin "are the most adequate plaintiffs to serve pursuant to the Securities Exchange Act," granted his motion to serve in that capacity (ECF No. 31). Mr. Weakley has served as a

named plaintiff since September 2018, when he was added in the currently operative Second Amended Complaint.  Messrs. Martin and Weakley submitted declarations to this Court in their effort to be appointed as lead and named plaintiffs in this case (ECF Nos. 11-3 & 60-1). Through counsel, both Mr. Martin and Mr. Weakley have made numerous Court filings in this case, before and after KPMG filed its answer, on substantive matters including the motion to dismiss their complaint, as well as scheduling and discovery-related issues. In their declarations (ECF Nos. 11-3 & 60-1), each represented to the Court that he was "willing to serve as a representative party" including by "providing testimony at deposition and trial, if necessary." To date, however, Messrs. Martin and Weakley have failed to comply with validly-issued document requests served on them in September 2018 and deposition notices served in February 2019.

*Fourth*, it is not clear from the transcript attached to Ms. Posner's letter that the Court in *Facebook* even ruled on the question presented, as the Court described the motion as "moot." (*See* Transcript at page 12, line 6.) The transcript does not contain a clear analysis of any legal issue and cites no legal authority. It appears to be a transcript of a status conference more than a reasoned legal opinion intended to have precedential value. In any event, even if the *Facebook* Court reached a decision in this conference, it has no bearing the present case because, as noted above, it involved a completely different situation, distinguishable in every important respect from the present case.

Sincerely,

*/s/ Gregory G. Ballard*

Gregory G. Ballard

Attachments