UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LEWIS COSBY, KENNETH R. MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KPMG, LLP, <br><br> Defendant. | No. 3:16-CV-121-TAV-DCP |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Substitute [Doc. 101]. The parties appeared before the undersigned for a motion hearing on December 10, 2019. Attorneys Laura Posner, Alan Dreschel, and Gordan Ball appeared on behalf of Plaintiffs. Attorneys Gregory Ballard, Allyson Riemma, and Paul Davidson appeared on behalf of Defendant. Accordingly, for the reasons further explained below, the Court finds Plaintiffs' Motion [**Doc. 101**] well taken, and it is **GRANTED**.

### I.  BACKGROUND

The Complaint in this matter was filed on March 14, 2016. [Doc. 1]. On May 31, 2016, Plaintiffs moved to name Lewis Cosby and Kenneth Martin, as the beneficiary of the Kenneth Ray Martin Roth IRA, as Co-Lead Plaintiffs. In addition, the Motion requested that the Court approve Plaintiffs' selection of Gordon Ball as their Lead Counsel. The Court granted Plaintiffs' request. [Doc. 31]. Subsequently, on May 8, 2017, Plaintiffs filed their Amended Class Action Complaint

1

[Doc. 35], and on September 15, 2017, Plaintiffs filed a Second Amended Class Action Complaint ("Amended Complaint") [Doc. 59], naming Lewis Cosby, Kenneth Martin (as beneficiary of the Kenneth Ray Martin Roth IRA), and Martin Weakley as Plaintiffs, along with others similarly situated. Plaintiffs also filed an Affidavit of Martin Weakley, stating in part, that he is willing to serve as a representative party. [Doc. 60-1 at ¶ 2].

## II. POSITIONS OF THE PARTIES

Plaintiffs request [Doc. 101] pursuant to Federal Rules of Civil Procedure 15 and 21 that Kenneth Martin and Martin Weakley (collectively, "Withdrawing Plaintiffs") be allowed to withdraw as named Plaintiffs in this case and that Eric Montague ("Montague") and Martin Ziesman ("Ziesman"), as co-trustee for the Carolyn K. Ziesman Revocable Trust, be substituted as named Plaintiffs.[1] Plaintiffs state that class representatives regularly withdraw, are substituted, and added throughout the course of the litigation. Plaintiffs submit that their motion is brought in good faith and that they seek to ensure that their class representatives will fulfill the requisites pursuant to Rule 23. Plaintiffs contend that substitution will not prejudice Defendant because it does not change any substantive aspect of the claims or allegations. Finally, Plaintiffs assert that substitution is not futile and that Montague's and Ziesman's claims and allegations are identical to those of the Withdrawing Plaintiffs. Plaintiffs attached the Affidavits of Montague [Doc. 101-1] and Zeisman [Doc. 101-2]. In his Affidavit, Montague states that he is willing to serve as a representative party on behalf of the class and that during the class period, he purchased and/or sold the securities that are subject of the Amended Complaint as set forth in Schedule A. [*Id.* at ¶¶ 2-3]. Ziesman also states in his Affidavit that he is willing to serve as a representative party on

---

[1] Plaintiffs state that Plaintiff Lewis Cosby will remain a Lead Plaintiff in this case.

behalf of the Section 11 class and that during the class period, he purchased and/sold the securities that are subject of the Amended Complaint. [*Id.*].

Defendant responds [Doc. 115] that it has no objection to Plaintiffs' request for substitution, if (1) Plaintiffs file an amended Complaint reflecting the change, (2) the two Withdrawing Plaintiffs produce documents and appear for depositions, and (3) the substitution does not constitute rulings on whether the new Plaintiffs may serve as lead Plaintiffs or whether their counsel may serve as lead counsel. Defendant asserts that courts may condition substitution on a withdrawing plaintiff providing discovery. Defendant explains that Plaintiffs' Motion does not state the reasons for the proposed substitution. Further, Defendant contends that the Withdrawing Plaintiffs have discoverable information on the merits of the claims in this case, including reliance and Defendant's statute of limitations defense. Defendant asserts that Plaintiffs also need to amend their Complaint because the proposed new Plaintiffs do not have viable claims over Defendant and that Defendant needs to assess whether the proposed Plaintiffs' claims would be futile. Defendant states that while Plaintiffs cite to Rules 15 and 21, they are essentially asking for the dismissal of the Withdrawing Plaintiffs' claims under Rule 41.

Plaintiffs filed a Reply [Doc. 62], asserting that the discovery Defendant seeks is irrelevant to class certification and to the claims. Plaintiffs state that such discovery is inappropriate in a class action like this one, particularly when all fact discovery is stayed, and Plaintiffs are unable to litigate the classes' claims against Defendant. Further, Plaintiffs argue that Defendant has failed to meet its burden of showing a particularized need for the discovery sought or that its discovery requests are narrowly tailored to meet a particularized need for information. Plaintiffs maintain that their request is governed under Rules 15 and 21 and that their request to withdraw should be freely granted. Plaintiffs insist that the Withdrawing Plaintiffs' knowledge is irrelevant to class

3

certification because they do not seek to be appointed class representatives and that any knowledge that they have with respect to fraud means that they would be excluded during the claims administration process.

Finally, Plaintiffs filed a Notice of Supplemental Authority [Doc. 153], which contains a transcript from a hearing in *Echavarria v. Facebook*, Inc., No. 18-CV-05982 WHA (N.D. Cal. July 1, 2019). Defendant responded [Doc. 156] to Plaintiffs' Notice.

## III. ANALYSIS

The Court has considered the parties' positions, including the oral arguments presented at the hearing. Accordingly, for the reasons stated below, the Court finds Plaintiffs' Motion [**Doc. 101**] well taken.

As an initial matter, the parties agree that Plaintiffs Montague and Ziesman may be substituted in this action. Defendant's primary argument is that the Withdrawing Plaintiffs should be required to participate in discovery prior to the substitution. At the motion hearing, Plaintiffs argued that the Withdrawing Plaintiffs were not aware of Miller Energy's fraud, and if they were insiders, as Defendant has alleged, they would be precluded from the class by definition. Plaintiffs argued that discovery is only permitted when it involves common issues. Plaintiffs insisted that Martin's and Weakley's knowledge becomes relevant during judgment or settlement of these claims.

Defendant responded that the Withdrawing Plaintiffs are not absent class members, but instead, are Lead Plaintiffs in this case. Defendant argued that the Court should condition Martin's and Weakley's withdrawal on providing discovery. Defendant argued that the discovery it seeks bears on class certification because it relates to whether individual issues overwhelm common issues, including reliance and the statute of limitations. Defendant argued that Plaintiffs must show

4

that they relied on the misstatements to their detriment and that they are attempting to invoke a presumption to show reliance. Defendant stated that Martin and Weakley cannot invoke the same presumption because they owned 5% of the company and were related to a member of Miller Energy's Board of Directors.

The Court finds that Plaintiffs' Motion is governed under Rules 15 and 21. *Thorn v. Bob Evans Farms, LLC*, No. 2:12-CV-768, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013) ("While Plaintiffs correctly bring their motion pursuant to both Rules 21 and 15(a)(2), as they seek to amend the complaint to change parties, these rules are governed by essentially the same, liberal standard."). While Defendant cites to Rule 41, the Court finds that Rule 41 does not apply. Rule 41 specifically refers to dismissing "an action." *Stapleton v. Vicente*, No. 5:18-CV-504-JMH-MAS, 2019 WL 2494564, at *1 (E.D. Ky. June 14, 2019) ("In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy.") (quoting *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)).[2]

Rule 15 provides that a "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. 15(a)(2). Despite the liberality of Rule 15(a)(2), courts have explained that motions to amend may be denied if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). In addition, Rule 21 states, "On motion

---

[2] In *Stapleton*, the court also noted that some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a). 2019 WL 2494564, at *1; *see e.g., Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693-94 (D. Utah 2015) (discussing the circuit split and citing cases).

5

or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. As previously noted, both Rules are governed under a liberal standard. *Thorn,* 2013 WL 2456336, at *2.

Here, as mentioned above, the parties do not dispute substitution. The primary question, however, is whether the Court should allow discovery from the Withdrawing Plaintiffs prior to their substitution as named Plaintiffs. In this instance, the Court finds that discovery is not warranted. The Court finds the decision in *Roberts v. Electrolux Home Prod., Inc.*, No. SACV 12-1644 CAS, 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013) helpful. In *Roberts*, the named plaintiffs sought to withdraw as named plaintiffs and intended to participate in the case only as unnamed class members due to health problems within their family. *Id.* at *1. Another plaintiff stood willing and able to act as a putative representative of the class. *Id.* The defendant did not oppose allowing the named plaintiffs to withdraw but conditioned such withdrawal on being able to depose them prior to their withdrawal. *Id.* The defendant argued that the named plaintiffs often possess information relevant to both the merits of the class claims and whether a class can be certified. *Id.* at *2. In determining whether named plaintiffs could withdraw, the court explained, "When considering whether to permit a named plaintiff to withdraw from a class action, courts have observed that '[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to.'" *Id.* (quoting *Organization of Minority Vendors, Inc. v. Illinois Central–Gulf R.R.,* No. 79 C 1512, 1987 WL 8997, at *1 (N.D. Ill. Apr. 2, 1987)). The court further explained, "Courts have therefore permitted withdrawal unless the request is made in bad faith or granting the request would result in undue prejudice to the defendant." *Id.* (other citations omitted). The court explained:

> When considering whether withdrawal would lead to sufficient undue prejudice, the following factors are relevant: (1) whether the

> defendants have expended efforts or made preparations that would be undermined by granting withdrawal, (2) the plaintiff's delay in prosecuting the action, (3) the adequacy of the plaintiff's explanation for why withdrawal is necessary, and (4) the stage of the litigation at the time the request is made.

*Id.* at *2. The court found that the withdrawing plaintiffs' request was made in good faith and that there was no undue prejudice in allowing them to withdraw. *Id.* With respect to the defendant's request to take the withdrawing plaintiffs' depositions prior to their withdrawal, the court found that defendant had "not made any showing that it has expended significant time and energy preparing for these depositions" and that defendant has not "explained how any of its other preparations in this case would be undermined if [the withdrawing plaintiffs were] permitted to withdraw." *Id.* The court concluded that the withdrawing plaintiffs do not need to sit for a deposition prior to withdrawing. *Id.*

Similarly, in the instant matter, Defendant has not made any showing that it has expended significant time and energy in preparing for the proposed depositions. The Court notes that the parties have already briefed Plaintiffs' motion for class certification, which requests that Plaintiffs Lewis Cosby, Montague, and Zeisman be appointed as lead Plaintiffs. Thus, any discovery with respect to the Withdrawing Plaintiffs' claims is irrelevant at this time. Defendant may renew its request after a determination on class certification is made if it shows a particularized need for such discovery. *Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-00882, 2012 WL 4829802, at *2 (M.D. Tenn. Oct. 10, 2012) (citing *In re Carbon Dioxide Industry Antitrust Litigation*, 155 F.R.D. 209, 212 (M.D. Fla. 1993)).

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court finds Plaintiffs' Motion to Substitute [**Doc. 101**] well taken, and it is **GRANTED**. Plaintiffs **SHALL** file an amended Complaint as

their operative pleading in CM/ECF within fourteen (14) days of entry of the instant Order. The Court will address the appointment of Plaintiffs Cosby, Montague, and Ziesman as lead Plaintiffs and whether their counsel may serve as lead counsel when making a recommendation on whether this case should be certified as a class action.

**IT IS SO ORDERED.**

                ENTER:

                *Debra C. Poplin*
                Debra C. Poplin
                United States Magistrate Judge