UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LEWIS COSBY, KENNETH R. MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY, on behalf of himself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:16-CV-121-TAV-DCP |
| KPMG, LLP, | ) ) | |
| Defendant. | ) ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion for Leave to File Document Under Seal ("Defendant's Motion to Seal") [Doc. 128] and Plaintiffs' Motion to Seal [Doc. 148]. By way of background, the Court entered a Memorandum and Order, directing the parties to file a joint statement with respect to the documents at issue in Defendant's Motion to Seal because Defendant filed 3,205 pages under seal when the Motion states that there is one Exhibit [Doc. 132-4] that had been designated as "Confidential" by Plaintiffs and a brief reference to that Exhibit in Defendant's Opposition to Plaintiffs' Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel ("Defendant's Class Certification Opposition") [Doc. 129 at 28].

The parties filed their Joint Statement [Doc. 151], stating that most of the documents at issue are not confidential and can be publicly filed. The parties dispute whether a sentence on page twenty-three (23) of Defendant's Class Certification Opposition [Doc. 129] and a sentence in an Exhibit attached to the Declaration of Ludwig Von Rigal [Doc. 132-4] should be redacted.

1

With the parties' Joint Statement, they also filed the documents containing Plaintiffs' proposed redactions. [Docs. 151-1 and 151-2].

Plaintiffs request that the two sentences in [Doc. 129] and [Doc. 132-4] remain redacted due to the personal and confidential nature of the financial information involved. Plaintiffs state that the proposed redactions are limited and narrowly tailored to protect an absent class member's privacy interest in his personal financial information and that such redactions do not compromise the public's right of access. Plaintiffs argue that personal financial information is precisely the kind of information that merits protection from disclosure during litigation. Plaintiffs state that the proposed redactions concern an issue that is irrelevant to class certification and the merits of the classes' claims. Plaintiffs state that their proposed redactions are also consistent with the Protective Order in this case. Plaintiffs request that the Court order that Plaintiffs' limited designations of material relating to an absent class member's sensitive and personal financial information remain confidential and under seal. To the extent the Court disagrees, Plaintiffs request that the Court order that any personal information produced by or to be produced by Defendant similarly be de-designated as confidential so that all such information is treated equally across the parties.

Defendant claims the information is not confidential. Defendant states that Plaintiffs' argument focuses on whether it was appropriate for them to designate the information as confidential and not whether it should be filed under seal on the record. Defendant states that the standard for designating such information as confidential is much higher when information is filed on the record. Finally, with respect to Plaintiffs' alternative request, Defendant argues that Plaintiff has not challenged any of its confidentiality designations in discovery pursuant to the procedure set forth in the Agreed Protective Order.

As an initial matter, the parties agree that several documents can be publicly filed. Accordingly, the Clerk is **DIRECTED** to unseal the following documents: [**Doc. 130**], [**Docs. 131 to 131-9**], [**Docs. 132 to 132-3**], and [**Doc. 133 to 133-2**], [**Docs. 132-5 and 132-10**]; [**Docs. 134 to 134-4**], [**Docs. 135 to 135-6**], and [**Doc. 136 to 136-8**] and [**Doc. 137**]. As summarized above, however, the parties dispute whether certain information in [Doc. 129] and [Doc. 132-4] should be redacted. Again, the parties' dispute centers on one sentence on page twenty-three (23) in [Doc. 129] and one sentence in [Doc. 132-4].

The Court has considered the parties' positions, and the Court finds Plaintiffs' request well taken in part. In order to seal any part of the record, a party must show good cause. E.D. Tenn. L.R. 26.2(b). In this District, discrete redacting of documents or selective sealing is generally preferred over the wholesale sealing of documents. *See* E.D. Tenn. L.R. 26.2; E.D. Tenn. ECF R & P at § 12; *see also PPG Inc., v. Payne*, No. 3:10-CV-73, 2010 WL 2158807, at *3 (E.D. Tenn. May 25, 2010) (Jordan, J.) and *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 912 (E.D. Tenn. 2009) (Greer, J.).

At this time, the Court finds that Plaintiffs have shown good cause to redact the absent class member's financial information. The Court notes that the information that is redacted is quite limited and pertains to financial information of an unnamed class member. The Court further notes that the redacted information regarding the financial information was not relevant to the issues raised in Plaintiffs' Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel [Doc. 107] or Defendant's Motion to Exclude the Reports and Testimony of Chad Coffman [Doc. 126]. Accordingly, Defendant's Motion to Seal [**Doc. 128**] is **GRANTED IN PART AND DENIED IN PART.** The parties **SHALL** work together to refile a redacted version of [Doc. 129] consistent with the above. In addition, the parties **SHALL** work together to file a

redacted version of [Doc. 132-4], but such redactions should not include information pertaining to the unnamed class member's familial relationship. Plaintiffs have not explained why such information deserves protection.

Further, in Plaintiffs' Motion to Seal [Doc. 148], they seek to file under seal their Reply in Support of their Motion to Substitute [Doc. 149], relying on their arguments made in the Joint Statement above. Plaintiffs have filed a redacted copy of their Reply as [Doc. 147], which redacts a sentence on page six (6) of the Reply. Defendant disagrees that Plaintiffs' Reply should be filed under seal [Doc. 152]. Accordingly, for the same reasons as above, the Court **GRANTS** Plaintiffs' Motion to Seal [**Doc. 148**]. The Clerk is **DIRECTED** to place [**Doc. 149**] under seal.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge