UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LEWIS COSBY, KENNETH MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KPMG, LLP<br><br>Defendant. | No.: 3:16-cv-00121-TAV-DCP |

## PLAINTIFFS' LIMITED OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE THE REPORTS AND TESTIMONY OF CHAD COFFMAN

Court-appointed Class Representatives, Lewis Cosby, Eric Montague, and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust (hereinafter, "Plaintiffs"), through their undersigned attorneys, respectfully submit this Memorandum of Law in Support of their Limited Objection to Magistrate Judge Debra C. Poplin's Memorandum and Order (the "Order"), Granting In Part and Denying In Part Defendant's Motion to Exclude the Reports and Testimony of Chad Coffman (the "Motion to Exclude"), ECF No. 171.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 2019, in accordance with the Court's February 15, 2019 Modified Scheduling Order, ECF No. 96 at 3-4, Plaintiffs filed their Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel ("Motion to Certify"), ECF No. 107, and in support, filed the initial Expert Report of Chad Coffman, CFA ("Initial Coffman Report"), ECF No. 107-2. During Defendant's first deposition of Mr. Coffman on April 12, 2019, Mr. Coffman

1

indicated that he needed to revise certain areas of his initial report. See ECF No. 138-1. Accordingly, Plaintiffs' and Defendant's counsel conferred on a revised schedule for Mr. Coffman to file a corrected opening expert report and his availability to sit for a second deposition on that corrected opening report. See ECF No. 120 at 1. Based in part on these discussions, on April 16, 2019, Defendant filed an Emergency Motion to Extend Class Certification Dates, ECF No. 120. On April 19, 2019, the Court issued an Agreed Order Regarding Extension of Class Certification Dates ("Scheduling Order"), ECF No. 122, setting, among other things, an April 19, 2019 deadline for the filing of "Plaintiffs' (revised) expert report in support of their motion for class certification," as well as an April 25, 2019 deadline for the deposition of Plaintiffs' expert regarding the modifications to his initial report. ECF No. 122 at 1-2.

The same day, in accordance with the Scheduling Order, Plaintiffs filed Mr. Coffman's corrected opening expert report ("Corrected Coffman Report"), ECF No. 121. In it, Mr. Coffman provided an opinion on price impact, explaining that he performed "additional analysis of the movements of Miller Energy's Common Stock to information concerning the original reporting of Miller Energy's FY 2011 financial performance which would have subsumed and provided information about earnings in Q4 2011 prior to August 30, 2011." ECF No. 121 at 4-10, ¶ vi. On April 25, 2019, Defendant then deposed Mr. Coffman for a second time, and Defendant's counsel specifically questioned Mr. Coffman regarding his price-impact opinion. *See* ECF No. 138-2 at 345:23-347:4.

On May 21, 2019, Defendant filed its Motion to Exclude the Reports and Testimony of Chad Coffman, ECF No. 126, asserting that Mr. Coffman's reports and testimony were "unscientific and unreliable." ECF No. 127 at 11-12. Despite the Court's Scheduling Order permitting Mr. Coffman to file a new opening report and be deposed for a second time on that

report, Defendant also argued in a single, passing sentence – without any legal support – that the Court should exclude Mr. Coffman's price impact opinion, "because it was not included in his original report, but was added in his 'corrected' report in response to questions asked of him at the first day of his deposition.'" ECF No. 127 at 11.[1]

On June 29, 2020, concurrently with her Report & Recommendation that Plaintiffs' Motion to Certify be granted ("R&R"), ECF No. 172, Magistrate Judge Poplin issued a Memorandum and Order rejecting Defendant's arguments that Mr. Coffman's reports and testimony were unscientific or unreliable, and finding that they should not be excluded on that basis. *See* Order at 10-33. However, Magistrate Judge Poplin held that Mr. Coffman's opinion on price impact should be excluded, but not because it was unscientific or unreliable. Instead, Magistrate Judge Poplin ruled that Mr. Coffman's price impact opinion should be "stricken" under Rule 26(e)(2) of the Federal Rules of Civil Procedure, because "it was not part of Coffman's Initial Report" and Plaintiffs did "not respond to Defendant's argument" that the opinion be excluded on that basis. Order at 19; *see also* R&R at 49 n.11.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district court must "modify or set aside" a Magistrate Judge's non-dispositive pretrial order if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v.*

---

[1] Defendant's single case citation was for the unremarkable, and in this case, irrelevant proposition that "courts should not permit experts to 'testify as to a wholly new, previously unexpressed opinion.'" ECF No. 127 at 11 (citing *In re Whirlpool Corp. Front–Loading Washer Products Liab. Litig.*, 45 F. Supp. 3d 724, 760 (N.D. Ohio 2014)).

*City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)). "A finding of fact is 'clearly erroneous' when the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Clabo v. Johnson & Johnson Health Care Sys., Inc.,* No.3:19-cv-154, 2020 WL 60244, at *2 (E.D. Tenn. Jan. 6, 2020) (quoting *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)). "A decision is contrary to law 'if the magistrate has misinterpreted or misapplied applicable law.'" *Walter v. Auto-Owners Mut. Ins. Co., 3*:15-CV-535-TAV-DCP, 2018 WL 4102244, at *1 (E.D. Tenn. Aug. 28, 2018) (Varlan, J.) (citation omitted).

## ARGUMENT

Defendant had no good-faith basis to assert that Mr. Coffman's price impact opinion should be excluded because it was not included in its initial opening report[2]—indeed, Defendants did not even specifically move on this basis[3]—and Magistrate Judge Poplin's limited ruling to that effect was erroneous and contrary to law.[4]

*First,* Mr. Coffman's price-impact opinion was in accordance with Rules 26(a) and (e) and cannot be qualified as a "new opinion." Rule 26(a)(2)(D) makes clear that the *timing* and the

---

[2] Aside from mentioning the language of Rule 26(e)(2), Magistrate Judge Poplin did not cite Rule 37(c)(1) or otherwise explain the basis for striking Mr. Coffman's price-impact opinion, but it is the only possible grounds for doing so. *See* Fed. R. Civ. P. 37(c)(1) (providing that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").

[3] Defendant's sole basis for its Motion to Exclude was that Mr. Coffman's reports and testimony should be excluded as "unreliable" under Federal Rule of Evidence 702. *See* ECF No. 126. Plaintiffs thus had no reason to "respond" to Defendant's one-sentence argument that the price-impact opinion should be excluded on other grounds.

[4] Although the exclusion of this limited portion of Coffman's report and testimony was, correctly, irrelevant to Magistrate Judge Poplin's related Report and Recommendation that Plaintiffs' Motion to Certify be granted, *see* ECF No. 172, to the extent Defendant objects to Magistrate Judge Poplin's Report and Recommendation, or later elects to file a petition under Rule 23(f) of the Federal Rules of Civil Procedure, Plaintiff files this objection.

4

*sequence* of all mandatory expert disclosures are left to the Court's discretion. Fed. R. Civ. P. 26(a)(2)(D) ("A party must make these disclosures *at the times and in the sequence that the court orders*"). Here, the parties "stipulated" and the Court "ordered" that "Plaintiffs' (revised) expert report in support of their motion for class certification" was due April 19, 2019. ECF No. 122. And the Court did not limit or otherwise restrict the scope of Mr. Coffman's revisions, nor did Defendant request in their Emergency Motion that any such limitations be imposed. *See* ECF No. 120. Rule 26 thus provides no basis to exclude any opinions included in Mr. Coffman's timely filed opening corrected report, particularly given that Defendant had the opportunity to, and in fact did, both depose Mr. Coffman on those opinions and challenge the same with their own expert report and briefing. *See Deere & Co. v. FIMCO Inc.*, 260 F. Supp. 3d 830, 837 (W.D. Ky. 2017) (explaining that "the only limitation that [] Rule [26(e)(2)] imposes is that supplemental disclosures must be made by the deadline for pretrial disclosures"); *S. Electric Supply Co., Inc. v. Lienguard, Inc.,* 05-CV-442, 2007 WL 2156658, at *3 (S.D. Ohio July 25, 2007) ("The submission of a supplemental expert report in rebuttal to an opponent's expert report is not prejudicial as long as the supplementing expert is available to be deposed.").

Furthermore, the Sixth Circuit has explained that Rule 26 contemplates that an expert may "supplement, elaborate upon, [and] explain" his expert report. *Thompson v. Doane Pet Care Co.,* 470 F.3d 1201, 1203 (6th Cir. 2006). While Rule 26(e)(2) "places limits on supplementation by an expert, and supplementation may not be used for strategic advantage" or "gamesmanship" (*Jermano v. Graco Children's Products, Inc.,* 13-CV-10610, 2015 WL 1737548, at *4 (E.D. Mich. Apr. 16, 2015)), this limitation extends only to abuses of the supplementation process, such as where parties seek "to introduce entirely new expert opinions that could have been provided *prior to the expert's report and deposition*." *Id.* (emphasis added). Nothing of that sort is present here.

5

*Second,* even if Mr. Coffman's price-impact opinion were not otherwise permitted under the Court's Scheduling Order, it still would not run afoul of Rule 26(a)(2)(D), because the price-impact opinion was "intended 'solely' to contradict or rebut 'evidence on the same subject matter identified by another party.'" *See Campos v. MTD Prods., Inc.,* No.2:07-cv-00029,2009 WL 2252257, at *9 (M.D. Tenn. July 24, 2009) (explaining that a rebuttal report may "rebut theories set forth in an expert report and/or forthcoming opinion testimony to be presented by an opposing party"). After all, the burden was on *Defendant*, not Plaintiffs, to demonstrate a lack of price impact in order to rebut the presumption of reliance with "evidence that the asserted misrepresentation (or its correction) did not affect the market price of the defendant's stock." *In re: BancorpSouth, Inc.,* No.17-0508, 2017 WL 4125647, at *1 (6th Cir. Sept. 18, 2017) (quoting *Halliburton Co. v. Erica P. John Fund, Inc. ("Halliburton II"),* 134 S.Ct. 2398, 2414 (2014)); *see also* R&R at 46-47 (explaining that the burden is on Defendants to rebut the presumption of reliance).[5]

Plaintiffs did not know that Defendants would seek to rebut the presumption of reliance by arguing that there was no price impact in response to the alleged false and misleading statements until Defendant's counsel inquired into the matter during Mr. Coffman's first deposition. Further, Mr. Coffman included his price impact opinion in his Rebuttal Report filed on June 14, 2019. *See*

---

[5] As Magistrate Judge Poplin correctly held, Defendant failed to meet this burden. R&R at 50-51. Specifically, Magistrate Judge Poplin found that Defendant failed to demonstrate that (1) the statistically significant price declines following 14 of the alleged corrective events were not the result of the disclosure of information relevant to the alleged fraud; and (2) evidence that Montague "purchased stock after only four disclosures does not show that he was aware that the price that he purchased such stock was tainted by fraud." R&R at 50-51. Further, as Coffman demonstrated in both his Corrected Report and Rebuttal Report and Defendants' own expert conceded, Miller Energy's stock price jumped nearly 60% in response to Defendant's first alleged materially false and misleading audit opinion, further demonstrating price impact. *See* ECF No. 141 at 12.

6

Case 3:16-cv-00121-TAV-DCP Document 177 Filed 07/27/20 Page 6 of 8 PageID #: 17906

ECF No. 142-1 at 38-39. It would stand Rule 26 on its head to hold that a timely expert's opinion should be excluded as "improper supplementation" where that very same opinion was appropriately included in a *later*-filed rebuttal report. *See Moore v. Weinstein Co., LLC*, No. 3:09-cv-00166,2012 WL 1884758, at *13 (M.D. Tenn. May 23, 2012), *aff'd,* 545 Fed. Appx. 405 (6th Cir. 2013) (holding plaintiffs' late-filed expert report substantially justified because it was "directed specifically to rebutting" arguments "not previously disclosed to the plaintiffs").[6]

*Third,* even if Mr. Coffman's price impact opinion failed to comply with Rules 26(a) or (e)—and it did not—such failure was both "substantially justified" and "harmless." *Roberts ex rel. Johnson v. Galen of Va. , Inc.,* 325 F.3d 776, 783 (6th Cir. 2003) (explaining that exclusion under Rule 37(c)(1) for noncompliance with Rules 26(a) or (e) is improper if the violation is "substantially justified or harmless"). After all, the Court's Scheduling Order expressly permitted Plaintiffs to file Mr. Coffman's corrected opening report. *See Borg v. Chase Manhattan Bank USA, N.A.,* 247 Fed. Appx. 627, 637 (6th Cir. 2007) (suggesting that plaintiffs' untimely expert report would have been substantially justified had plaintiffs sought an extension of the deadline from the court). And any failure was also certainly harmless, given that Coffman's Corrected Report was filed in advance of Defendants' second deposition of Coffman on April 25, 2019, and during the course of that deposition, Defendants had the opportunity to and, in fact, did, question Coffman regarding his price impact opinion, as well as respond to that opinion with their own expert's reports. *See Lower Town Project, LLC v. Lawyers Title Ins. Corp.,* No.10-11615, 2012 WL 666574, at *2 (E.D. Mich. Feb. 29, 2012) (holding any failure to supplement expert's

---

[6] Notably, Defendant did not argue, and Magistrate Judge Poplin did not rule, that Mr. Coffman's price-impact opinion should also be stricken from Mr. Coffman's rebuttal report. *See* ECF No. 127 at 11; ECF No. 159 at 10. Accordingly, for that independent reason, Mr. Coffman's price impact position should remain in the case.

7

discovery responses was harmless where Defendants knew that Plaintiffs intended to call witness and had the opportunity to depose the witness during discovery); *Smith v. Pfizer Inc.,* 265 F.R.D. 278, 283 (M.D. Tenn. 2010) (explaining that "the harmlessness analysis turns on the defendants' knowledge of the witnesses" and "[t]here is no duty to supplement a Rule 26 disclosure if the information "has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition."); *Moore,* 2012 WL 1884758, at *13 (plaintiffs' late-filed expert report harmless where "the defendants would still have an opportunity to respond to [the expert's] opinions").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court set aside the limited portion of the Magistrate Judge's Order striking Chad Coffman's expert opinion on price impact.