IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

```
-----------------------------------------------------------------X
                                                                 :
LEWIS COSBY, KENNETH R. MARTIN, as                               :   No. 3:16-cv-00121-TAV-DCP
beneficiary of the Kenneth Ray Martin Roth IRA,                  :
and MARTIN WEAKLEY on behalf of themselves                       :
and all others similarly situated,                               :
                                                                 :
                          Plaintiffs,                            :
                                                                 :
                v.                                               :
                                                                 :
KPMG, LLP,                                                       :
                                                                 :
                          Defendant.                             :
-----------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF KPMG LLP's
PARTIAL MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

BACKGROUND ................................................................................................................2

ARGUMENT ......................................................................................................................4

I.      The Section 11 Claim (Count Three) Must Be Dismissed. ...................................4

         A.      Mr. Ziesman's claim is barred by the statute of repose. ...........................4

         B.      Mr. Ziesman lacks standing. ......................................................................9

II.     The Section 10(B) Scheme Liability Claim (Count Two) Must Be Stricken. ....11

CONCLUSION .................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*De Vito v. Liquid Holdings Grp., Inc.*,
  2018 WL 6891832 (D. N.J. Dec. 31, 2018) ................................................................. 8, 11

*Gaynor v. Miller, et al.*,
  273 F. Supp. 3d 848 (E.D. Tenn. 2017) (Varlan, J.) ..................................................... 9, 10

*Graves v. Mahoning Cty.*,
  2015 WL 403156 (N.D. Ohio Jan. 28, 2015) ..................................................................... 12

*Hayward v. Cleveland Clinic Found. et al.*,
  759 F.3d 601 (6th Cir. 2014) ........................................................................................... 2, 11

*Janus Capital Group, Inc. v. First Derivative Traders*,
  564 U.S. 135 (2011). (ECF No. 76, Mem. Op. .) ................................................................. 3

*Kline v. Mortg. Elec. Sec. Sys. et al.*,
  2015 WL 1442842 (S.D. Ohio Mar. 27, 2015) ................................................................... 11

*Peak v. Zion Oil & Gas Inc.*,
  2020 WL 1047894 (N.D. Tex. Mar. 3, 2020) ....................................................................... 8

*Spizizen v. Nat'l City Corp. et al.*,
  2010 WL 419993 (E.D. Mich. Feb. 1, 2010) ...................................................................... 11

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,
  562 U.S. 148 (2008) .............................................................................................................. 3

*In re Vaughan Co., Realtors*,
  2012 WL 3166721, (Bankr. D. N.M. Aug. 2, 2012) ............................................................. 1

**Statutes**

15 U.S.C. § 77m ....................................................................................................................... 4, 8

15 U.S.C. § 78u-4(b)(3)(B) ........................................................................................................... 1

Securities Act of 1933 Section 11 ........................................................................................ *passim*

Securities Act of 1933 Section 13 ................................................................................................. 5

Securities Exchange Act of 1934 Section 10(b) .......................................................... 2, 3, 11, 12

**Other Authorities**

17 C.F.R. § 230.430B(f)(2)..................................................................................................5

17 C.F.R. § 230.430B(f)(5)(i)..............................................................................................5

KPMG LLP ("KPMG") respectfully submits this memorandum in support of its partial motion to dismiss the Third Amended Class Action Complaint dated July 13, 2020 (ECF No. 174) (the "Third Amended Complaint" or "TAC").[1]

**PRELIMINARY STATEMENT**

The claim under Section 11 of the Securities Act of 1933 asserted by new plaintiff Martin Ziesman, a purchaser of Series C preferred stock, on behalf of a proposed class of all purchasers of the preferred stock of Miller Energy Resources, Inc. ("Miller Energy" or "the Company") (Count Three of the Third Amended Complaint) must be dismissed for two reasons. *First*, because the Series C preferred shares that Mr. Ziesman purchased were *bona fide* offered to the public on September 18, 2012, more than three years prior to the filing of the initial complaint in this case, the claim is barred by the three-year statute of repose. This conclusion is mandated by this Court's decision on KPMG's motion to dismiss the prior complaint, in which the Court found that the Series C preferred shares "were *bona fide* offered on September 18, 2012, the date of the registration statement," and that "the "date of the prospectus supplement is only relevant if it contains new audited financial statements or other financial information as to which the

---

[1] The filing of this motion to dismiss the Third Amended Complaint automatically stays "all discovery and other proceedings" in this litigation pursuant to 15 U.S.C. § 78u-4(b)(3)(B) ("*all discovery and other proceedings shall be stayed* during the pendency of *any motion to dismiss*, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party") (emphasis added). While most jurisdictions hold that the filing of a partial motion to dismiss relieves the defendant of answering an amended complaint, the Sixth Circuit has not yet addressed the issue. *See, e.g.*, *In re Vaughan Co., Realtors*, 2012 WL 3166721, at *11 (Bankr. D. N.M. Aug. 2, 2012) ("The large majority of courts addressing this issue have held that when a defendant timely files a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. Rule 12(a)(4)(A) extends the time to file an answer as to all claims, including those not addressed by the motion to dismiss . . ."). Out of an abundance of caution and in order to preserve KPMG's rights, KPMG is filing an answer to the Third Amended Complaint.

accountant is an expert and for which a new consent is required." (ECF No. 76, Mem. Op. & Order, Aug. 2, 2018, at 30-31. ("Mem. Op.").) The Series C shares purchased by Mr. Ziesman were offered pursuant to the registration statement that became effective on September 18, 2012, and the subsequent prospectus supplements for the Series C securities on February 13, May 7, and June 27, 2013, did not incorporate new financial statements audited by KPMG. (TAC ¶¶ 188, 285.)[2] <u>Second</u>, Mr. Ziesman has no standing to assert the Section 11 claim. He did not purchase shares in the offerings at issue, and he cannot "trace" his shares to any of those offerings. He is not even a member of the proposed class.

Also, the claim under Section 10(b) of the Securities Exchange Act of 1934 based on subparts (a) and (c) of Rule 10b-5 promulgated thereunder (Count Two) must be stricken. This Court granted KPMG's motion to dismiss that claim from the Second Amended Complaint, ECF No. 50 (the "SAC"), in its August 2, 2018 decision (ECF No. 76, Mem. Op. at 25), and the newly asserted claim is identical to the previously dismissed one (*compare* SAC ¶¶ 274-281 *with* TAC ¶¶ 273-280). In the Sixth Circuit, as in most circuits, re-pleading a dismissed claim in an amended complaint to preserve appeal rights is not required, *Hayward v. Cleveland Clinic Found. et al.*, 759 F.3d 601, 617-18 (6th Cir. 2014), and Plaintiffs' attempt to do so therefore is improper.

## **BACKGROUND**

On August 2, 2018, the Court issued its decision (ECF No. 76) granting in part, and denying in part, KPMG's motion to dismiss the Second Amended Complaint (ECF No. 59). The

---

[2] Plaintiffs allege that only the prospectus supplements on September 25, 2014, and August 20, 2014, incorporated new financial statements audited by KPMG. (TAC ¶ 188.) Both of these prospectus supplements, however, were limited to the Series D preferred stock, and Plaintiffs do not allege that Mr. Ziesman purchased Series D preferred stock. (*Id.* ¶ 285.)

Court dismissed Count Two, a "scheme liability" claim under Section 10(b) and subparts (a) and (c) of Rule 10b-5. Noting that auditors "do not have ultimate authority over the [financial] statements and are therefore only secondary actors," the Court found that the claim lacked validity as a matter of law under *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 562 U.S. 148 (2008), and *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011). (ECF No. 76, Mem. Op. at 25.) The Court declined to dismiss Counts One and Three of the Second Amended Complaint. (*Id*. at 32.)

On March 1, 2019, Plaintiffs filed a motion to substitute Eric Montague and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, for Kenneth Martin and Martin Weakley as class representatives. (ECF No. 101.) Magistrate Judge Debra C. Poplin issued a Memorandum and Order dated June 29, 2020, granting Plaintiffs' Motion to Substitute and ordering Plaintiffs to file a third amended complaint. (ECF No. 167.)

On July 13, 2020, Plaintiffs filed the Third Amended Complaint, which, among other things, futilely adds Mr. Ziesman as a named plaintiff. (TAC ¶ 16.) Mr. Ziesman alleges that he purchased the Series C preferred stock. (*Id*. ¶ 16.) Of the three plaintiffs named in the Third Amended Complaint, Mr. Ziesman is the *only* plaintiff who purchased the Series C preferred stock. (*See id*. ¶¶ 14-16.) The other two named plaintiffs, Mr. Cosby and Mr. Montague, purchased Miller Energy's common stock. (*Id*. ¶¶ 14-15.) No plaintiff purchased the Series D preferred Stock. (*Id*. ¶¶ 14-16.)

Count Three of the Third Amended Complaint is a Section 11 claim asserted—fruitlessly—by newly substituted plaintiff Martin Ziesman, on behalf of "[a]ll those who purchased Miller Energy preferred shares pursuant to or traceable to the Offering Documents," defined to include a September 6, 2012 Registration Statement, declared effective on September

3

18, 2012, and six prospectus supplements issued from February 13, 2013 through August 20, 2014. (*Id*. ¶¶ 33, 284-285.) The Third Amended Complaint alleges that there were six separate offerings of preferred shares pursuant to six separate prospectus supplements from February 2013 through August 2014—the "February 13, 2013 Preferred Stock Offering," the "May 7, 2013 Preferred Stock Offering," and the June 27, 2013 Preferred Stock Offering" for the **Series C preferred stock**, and the September 25, 2013 Preferred Stock Offering," the "October 17, 2013 Preferred Stock Offering," and the "August 20, 2014 Preferred Stock Offering" for the **Series D preferred stock**. (*Id*. ¶¶ 285-291.) Plaintiffs assert the Section 11 claim in connection with the latter five of those six offerings. (*Id*. ¶ 316 ("This Count is brought in connection with each of the Offerings (except for the February 13, 2013 Offering)").) By Plaintiffs' own admission, Mr. Ziesman cannot trace his shares to any of the offerings at issue in this case, and therefore, he is not a member of the proposed Section 11 class. (*Id*. ¶¶ 16, 118, 285-291.)

## ARGUMENT

### I. THE SECTION 11 CLAIM (COUNT THREE) MUST BE DISMISSED.

Mr. Ziesman's Section 11 claim must be dismissed for two reasons: (1) it is barred by the statute of repose, and (2) Mr. Ziesman lacks standing to assert it.

#### A. Mr. Ziesman's claim is barred by the statute of repose.

Mr. Ziesman's Section 11 claim is untimely and must be dismissed under the statute of repose. *See* 15 U.S.C. § 77m (2006). Mr. Ziesman, a new plaintiff in the Third Amended Complaint, purchased the Series C preferred stock on a single occasion on June 4, 2014. (ECF No. 101-2, Pls.' Mot. to Substitute, Mar. 1, 2019, at 3.) He seeks to assert a Section 11 claim (Count Three) on behalf of all those who purchased "Miller Energy preferred shares pursuant to or traceable to the Offering Documents." (TAC ¶ 33.) The claim is barred by the three-year statute of repose. *See* 15 U.S.C. § 77m (2006).

Section 13 of the Securities Act provides that "[i]n no event shall any such action be brought to enforce a liability created under Section 11 . . . more than three years after the security was *bona fide* offered to the public." *Id*. Under SEC rules, the date on which securities are *bona fide* offered to the public for purposes of a Section 11 claim against an accounting firm is the date that the original registration statement was declared effective, not the date of a prospectus supplement. 17 C.F.R. § 230.430B(f)(2). There is an exception, but only where a prospectus supplement "contains <u>new</u> audited financial statements or other financial information as to which the accountant is an expert and for which a new consent is required pursuant to section 7 of the Securities Act." 17 C.F.R. § 230.430B(f)(5)(i) (emphasis added). That exception does not apply.

According to the Third Amended Complaint, the Series C preferred stock was issued pursuant to a registration statement dated September 6, 2012, which was declared effective on September 18, 2012, and which incorporated Miller Energy's August 29, 2011 and July 16, 2012 reports on Miller Energy's financial statements. (TAC ¶ 118.) Plaintiffs admit that the prospectus supplements dated February 13, 2013, May 7, 2013, and June 27, 2013 were for offerings of <u>Series C</u> preferred stock and that the offerings after that date were for <u>Series D</u> preferred stock. Plaintiffs allege as follows: "During the Class Period, the Offerings were conducted pursuant to the September 6, 2012 Shelf Registration Statement, as follows:

| Date | Series | Price | Shares | Proceeds |
|---|---|---|---|---|
| Feb. 13, 2013 | Series C | $22.90 | 625,000 | $14,312,500 |
| May 7, 2013 | Series C | $22.25 | 500,000 | $11,125,000 |
| June 27, 2013 | Series C | $21.50 | 335,000 | $7,202,500 |
| Sep. 25, 2013 | Series D | $25.00 | 1,000,000 | $25,000,000 |
| Oct. 17, 2013 | Series D | $23.95-$24.38 | 70,448 | $1,701,000 |
| Aug. 20, 2014 | Series D | $24.50 | 750,000 | $18,375,000 |

5

(TAC ¶ 285.)

Furthermore, Plaintiffs allege, and make the fatal concession, that the prospectus supplements for the Series C preferred stock dated February 13, 2013, May 7, 2013, and June 27, 2013 did *not* incorporate any new audited financial statements beyond those that had been included in the registration statement. As set forth in the Third Amended Complaint, "[t]he foregoing statements were also incorporated into Miller Energy's September 6, 2012 Registration Statement, which became effective on September 18, 2012, and into various prospectus supplements, as follows:

|  | Registration Statement dated September 6, 2012 | Prospectus supplement dated February 13, 2013 | Prospectus supplement dated May 7, 2013 | Prospectus supplement dated June 27, 2013 | Prospectus supplement dated September 25, 2013 | Prospectus supplement dated October 17, 2013 | Prospectus supplement dated August 20, 2014 |
|---|---|---|---|---|---|---|---|
| KPMG's August 29, 2011 Report | x | x | x | x | x | x | x |
| KPMG's July 16, 2012 Reports | x | x | x | x | x | x | x |
| KPMG's July 15, 2013 Reports |  |  |  |  | x | x | x |
| KPMG's July 15, 2014 Reports |  |  |  |  |  |  | x |

(*Id*. ¶ 118.) In other words, the prospectus supplements for the Series C preferred stock did not incorporate any new financial statements audited by KPMG. Consequently, the Series C preferred stock was *bona fide* offered as of September 18, 2012, the date the registration statement became effective.

The Court has already decided this question—finding that the Series C preferred stock was *bona fide* offered to the public in 2012, more than three years ago. In ruling on KPMG's

motion to dismiss the Second Amended Complaint, this Court observed that "Defendant argues, and plaintiffs do not dispute, that the securities were *bona fide* offered on September 18, 2012, which is the date the registration statement was declared effective by the SEC" (ECF No. 76, Mem. Op. at 28), and "[t]he date of the prospectus supplement is only relevant if it 'contains new audited financial statements or other financial information as to which the accountant is an expert and for which a new consent is required pursuant to section 7 of the Securities Act'" (*id*. at 30). This Court held that the Section 11 claim contained in the Second Amended Complaint would not be dismissed because the offerings of <u>Series D</u> preferred stock, which the then-named plaintiff Martin Weakley purchased, were from offerings that incorporated new audited financial statements. (*Id*. at 31 ("Plaintiffs allege that the September 25, 2013, October 17, 2013, and August 20, 2014, prospectus supplements incorporated new audited financial statements. The original complaint was filed on March 14, 2016, which is less than three years after the September 25, 2013 prospectus supplement.").) As Plaintiffs admit, the September 25, 2013, October 17, 2013, and August 20, 2014, prospectus supplements were for offerings of <u>Series D</u> preferred stock. (TAC ¶ 285.) As noted above, the February 13, 2013, May 7, 2013, and June 27, 2013 prospectus supplements for the Series C securities, however, did not incorporate new audited financial statements (*id*. ¶ 118), and therefore under this Court's stated reasoning, the Series C preferred stock was *bona fide* offered as of September 18, 2012, the effective date of the registration statement.

      For claims based on the offerings of Series C preferred stock, then, the three-year statute of repose ran on September 18, 2015 (three years after the September 18, 2012 effective date of the registration statement). The initial complaint in this case was not filed until March 14, 2016,

just shy of six months after the statute of repose had run. Mr. Ziesman's Section 11 claim based on the Series C preferred stock is therefore time-barred. 15 U.S.C. § 77m (2006).

With the dismissal of Mr. Ziesman's Section 11 claim, there is nothing left of Count Three. *None* of the plaintiffs in this case purchased the Series D preferred stock.[3] The only named plaintiff who purchased the Series D preferred stock was Martin Weakley, but he has withdrawn from the case upon the granting of Plaintiffs' motion to substitute. (ECF No. 167, Mem. & Or. of Magistrate Judge Debra C. Poplin, June 29, 2020.) Given that the only plaintiff who purchased the Series D preferred stock has withdrawn from the case, and that no current plaintiff in this case purchased the Series D preferred stock, Plaintiffs have effectively abandoned their claim on behalf of purchasers of the Series D preferred stock, and therefore the claim should be dismissed. *See, e.g., De Vito v. Liquid Holdings Grp., Inc.*, 2018 WL 6891832, at *14 (D. N.J. Dec. 31, 2018) ("[Named plaintiffs] cannot sue as named plaintiffs merely on the theory there is someone in the putative class who possesses statutory standing to assert a Section 11 claim."); *Peak v. Zion Oil & Gas Inc.*, 2020 WL 1047894, *5 (N.D. Tex. Mar. 3, 2020) ("Securities Act standing to sue is confined to investors who purchased directly in an offering or aftermarket purchasers who can 'trace' their shares . . . [N]amed plaintiffs who lack such standing cannot magically grant it to themselves by conjuring up a class member who can trace their shares.").

---

[3] The Series D preferred stock is a different security from the Series C preferred stock with a different ticker symbols—"MILLprC" for the Series C stock, as opposed to "MILLprD" for the Series D stock—and different CUSIP numbers—CUSIP 600527204 for Series C stock as opposed to CUSIP 600527303 for Series D stock. (TAC ¶22; *see also* May 7, 2013 prospectus supplement offering Series C stock to September 25, 2013 prospectus supplement offering Series D stock available at: https://www.sec.gov/Archives/edgar/data/785968/000114420413052393/0001144204-13-052393-index.htm .)

8

## B. Mr. Ziesman lacks standing.

Mr. Ziesman lacks standing to assert the Section 11 claim. This Court has held that, to have standing to assert a Section 11 claim, a plaintiff must allege that he or she purchased shares in, or traceable to, the offerings at issue in the case. *Gaynor v. Miller, et al.*, 273 F. Supp. 3d 848, 861 (E.D. Tenn. 2017) (Varlan, J.). Plaintiffs allege that Mr. Ziesman "purchased shares of Miller Energy Series C Preferred Stock during the Class Period" (TAC ¶ 16) but do *not* allege that he bought those shares in any of the offerings at issue here or that he can trace his shares to any of those offerings.

Mr. Ziesman made a single purchase of 1,000 Series C shares on June 4, 2014 (ECF No. 101-2, Pls.' Mot. to Substitute, Mar. 1, 2019, at 3), which is not the date of any of the offerings at issue here (*see* TAC ¶¶ 118, 285-291). In other words, Mr. Ziesman purchased in the after-market. In fact, Mr. Ziesman cannot trace his shares to either of the two Series C offerings at issue in this case—the May 7, 2013 Preferred Stock Offering and the June 27, 2013 Preferred Stock Offering. (ECF No. 169-11, Martin Ziesman Dep. Tr. (Apr. 16, 2019), at 33-34.)[4] Mr. Ziesman has admitted that there were multiple prior offerings of Series C preferred stock and that his shares could have come from any one of those offerings that are not at issue in the case, or even from a combination of different offerings. (*Id.* at 58-59.) Plaintiffs' expert and KPMG's expert are in agreement on this point—Mr. Ziesman's shares were not purchased in any offering and cannot be traced to the particular offerings that are at issue in this litigation. (ECF No. 169-12, Chad Coffman Dep. Tr. (Apr. 12, 2019) (testimony of Plaintiffs' expert Chad Coffman) at 264-265; ECF No. 127-1, Attari Report (report of KPMG's expert Mukarram Attari) at ¶ 85.)

---

[4] Rather than filing new exhibits with this memorandum of law, KPMG refers to the exhibits attached to the Declaration of L. von Rigal (ECF No. 169).

9

Plaintiffs' proposed definition of the Section 11 class limits the class to people who bought "pursuant to or traceable to" the offerings at issue. (TAC ¶ 33.) Thus, by his own admission, Mr. Ziesman is not even a member of the proposed Section 11 class. (ECF No. 169-11, Martin Ziesman Dep. Tr. (Apr. 16, 2019), at 33-34.)

Tellingly, there is a key difference between the allegations of the Third Amended Complaint and those of the Second Amended Complaint. In the Second Amended Complaint, Plaintiffs alleged that Martin Weakley purchased his shares "on or traceable to" the offerings at issue. (SAC ¶ 16.)[5] Mr. Weakley has now withdrawn from this litigation, and Mr. Ziesman has been substituted in his place as the sole plaintiff who purchased preferred stock. (ECF No. 167, Mem. & Or. of Magistrate Judge Debra C. Poplin, June 29, 2020.) In the Third Amended Complaint, as noted above, Plaintiffs do _not_ allege that Mr. Ziesman purchased "on or traceable to" the offerings at issue. (TAC ¶ 16.) Indeed, Plaintiffs' counsel provided a comparison showing the changes between the Second Amended Complaint and the Third Amended Complaint, attached as Appendix A ("App. A"), which shows that Plaintiffs deleted the "on or traceable to" language from the Third Amended Complaint. (App. A at ¶ 16.)

Thus, unlike the Second Amended Complaint, the Third Amended Complaint makes clear that the only plaintiff who purchased preferred stock, Mr. Ziesman, did not purchase shares in or traceable to the offerings at issue, and therefore he lacks Section 11 standing. (ECF No. 169-11, Martin Ziesman Dep. Tr. (Apr. 16, 2019), at 33-34.) Because Mr. Ziesman lacks

---

[5] KPMG did not move to dismiss the Section 11 claim in the Second Amended Complaint on the basis of lack of standing because Plaintiffs alleged that Mr. Weakley purchased shares "on or traceable to" the offerings at issue. (SAC ¶ 16) and because this Court held in _Gaynor_, 273 F. Supp. 3d at 861-62, that an allegation that the plaintiff purchased shares "pursuant to and/or traceable to" the offerings is adequate at the motion to dismiss stage. (ECF No. 64, Def.'s Mot. to Dismiss, Oct. 20, 2017, at 38 n.22 (explaining why KPMG did not move based on lack of standing in light of Weakley's allegations and the _Gaynor_ holding).)

standing to assert the Section 11 claim, Count Three must be dismissed. *See De Vito*, 2018 WL 6891832, at *14 (dismissing Section 11 claim where named plaintiffs lacked statutory standing to assert Section 11 claim).

## II. THE SECTION 10(B) SCHEME LIABILITY CLAIM (COUNT TWO) MUST BE STRICKEN.

Count Two of the Third Amended Complaint is identical to Count Two of the Second Amended Complaint (*compare* TAC ¶¶ 273-280 with SAC ¶¶ 274-281), which purported to plead a "scheme liability" claim under Section 10(b) and subparts (a) and (c) of Rule 10b-5. This Court has already dismissed that claim for failure to state a claim upon which relief may be granted. (ECF No. 76, Mem. Op. at 25.) Plaintiffs' re-pleading a previously dismissed claim in an amended complaint is improper. *Hayward*, 759 F. 3d at 617. Like most circuits, the Sixth Circuit does not require plaintiffs to re-plead dismissed claims in order to preserve the claims for appellate review, and the proper course of action is to strike the claim from the amended pleading. *Id.*; *see also Spizizen v. Nat'l City Corp. et al.*, 2010 WL 419993, at *2 (E.D. Mich. Feb. 1, 2010) (granting motion to strike amended complaint that included previously dismissed claims); *Kline v. Mortg. Elec. Sec. Sys. et al.*, 2015 WL 1442842, at *7 (S.D. Ohio Mar. 27, 2015) ("Restating these claims creates the impression that they are still viable and works against what must be a common goal of the Court and the parties: to diminish the complexity of this litigation.").

## CONCLUSION

For the foregoing reasons, the Court should grant KPMG's motion to dismiss the Section 11 claim (Count Three). Because the Third Amended Complaint is Plaintiffs' fourth iteration of their complaint in this case, pending since 2016, the dismissal should be with prejudice. *See Graves v. Mahoning Cty.*, 2015 WL 403156, at *7 n.10 (N.D. Ohio Jan. 28, 2015), *aff'd*, 821

F.3d 772 (6th Cir. 2016) (dismissing claims with prejudice where "plaintiffs, though having several opportunities to do so, have failed to state a claim for relief against any of these defendants. There is no reason to conclude that further amendment could ever address this fatal deficiency.") In addition, the Court should strike Count Two, the Section 10(b) claim previously dismissed from the Second Amended Complaint which Plaintiffs improperly re-pleaded in the Third Amended Complaint.

Dated: July 27, 2020                                Respectfully submitted,

                                                                                   /s/ Gregory Ballard
MCDERMOTT WILL & EMERY LLP
Gregory G. Ballard (admitted pro hac vice)
Ludwig von Rigal (admitted pro hac vice)
340 Madison Avenue
New York, New York 10173
Telephone: 212-547-5330
Email: gballard@mwe.com
Email: lvonrigal@mwe.com

Allyson E. Riemma (admitted pro hac vice)
444 West Lake Street
Chicago, IL 60606
Telephone: 312-372-2000
Email: ariemma@mwe.com

WALLER LANSDEN DORTCH & DAVIS, LLP
Paul S. Davidson (TN BPR # 011789)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: 615-244-6380
Email: paul.davidson@wallerlaw.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
Gary F. Bendinger (admitted pro hac vice)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: 602-262-5353
Email: gbendinger@lrrc.com

Counsel for Defendant KPMG LLP