IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

```
-----------------------------------------------------------------X
                                                                 :
LEWIS COSBY, KENNETH R. MARTIN, as                               :   No. 3:16-cv-00121-TAV-DCP
beneficiary of the Kenneth Ray Martin Roth IRA,                  :
and MARTIN WEAKLEY on behalf of themselves                       :
and all others similarly situated,                               :
                                                                 :
                                Plaintiffs,                      :
                                                                 :
               v.                                                :
                                                                 :
KPMG, LLP,                                                       :
                                                                 :
                                Defendant.                       :
-----------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF KPMG LLP's
MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON
ITS PARTIAL MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

    1.    The PSLRA stay is non-discretionary and automatic. ............................................2

    2.    The sole exception to the PSLRA is not applicable..................................................3

    3.    The PSLRA stay applies to all proceedings including class certification. ..............4

    4.    The PSLRA stay is triggered by any motion to dismiss, including motions directed at amended pleadings and partial motions to dismiss. ...............................5

CONCLUSION..................................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chadbourne & Parke LLP v. Troice*,
   571 U.S. 377 (2014) ................................................................................................2

*Cspan Fin., LLC v. Blane*,
   2012 WL 12862654 (S.D. Fla. Sept. 20, 2012) ......................................................2

*Frank v. Dana Corp.*,
   2007 WL 1748887 (N.D. Ohio June 18, 2007) ......................................................3

*In re Lantronix, Inc. Sec. Litig.*,
   2003 WL 22462393 (C.D. Cal. Sept. 26, 2003) .....................................................5

*Petrie v. Elec. Game Card, Inc.*,
   761 F.3d 959 (9th Cir. 2014) ................................................................................2, 5

*Rensel v. Centra Tech., Inc.*,
   2019 WL 3429149 (S.D. Fla. Mar. 8, 2019) ..........................................................2

*Schlagal v. Learning Tree, Int'l*,
   1999 WL 672306 (C.D. Cal. Feb. 23, 1999) .........................................................4

*In re Smith Barney Transfer Agent Litig.*,
   2012 WL 1438241 (S.D.N.Y. Apr. 25, 2012) .......................................................5

*Spears v. Metro. Life Ins.*,
   2007 WL 14686797 (N.D. Ind. May 17, 2007) ....................................................4

*In re ValuJet, Inc.*,
   984 F. Supp. 1472 (N.D. Ga. 1997) ......................................................................4

*Winn v. Symons Int'l Grp., Inc.*,
   2001 WL 278113 (S.D. Ind. Mar. 21, 2001) ........................................................4

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................... *passim*

KPMG LLP ("KPMG") respectfully submits this memorandum of law in support of its motion to stay all proceedings pending a decision on its partial motion to dismiss the Third Amended Class Action Complaint dated July 13, 2020 (the "Motion to Dismiss").

## PRELIMINARY STATEMENT

On July 13, 2020, Plaintiffs filed their Third Amended Complaint in which, among other changes, they added two new plaintiffs, removed two plaintiffs, and made significant changes to the Section 11 claim and allegations. (ECF No. 174.) Pursuant to Federal Rule of Civil Procedure 15(a)(3), KPMG filed its Motion to Dismiss (ECF No. 180), and the accompanying memorandum of law (ECF No. 181), on July 27, 2020.[1] Under Local Rule 7.1, Plaintiffs' opposition to the Motion to Dismiss is due on August 17, 2020.

The filing of the Motion to Dismiss on July 27, 2020 automatically stayed all discovery and other proceedings in this litigation pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), which provides that "*all* discovery and other proceedings *shall* be stayed during the pendency of *any* motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). As required by the statute, this Court should recognize that all proceedings—including discovery, the pending class certification motion, and the pending objections to and appeals from the Magistrate Judge's rulings—are stayed until the Court rules on the Motion to Dismiss.

---

[1] As explained in the Motion to Dismiss, the Section 11 claim of new plaintiff Martin Ziesman (the only plaintiff who purchased the preferred stock that is at issue on the Section 11 claim) is barred by the statute of repose. He purchased Series C shares (unlike the plaintiff in the Second Amended Complaint who purchased a different security) that were *bona fide* offered on September 18, 2012, more than three year prior to the filing of the original complaint in this case. Additionally, Mr. Ziesman has not alleged that he purchased shares in, or traceable to, any of the offerings at issue. This is a key difference from the Second Amended Complaint (in which the Section 11 named plaintiff alleged that his shares were traceable). KPMG did not make this standing argument in its motion to dismiss the Second Amended Complaint; it is entirely new and based on the new and different allegations in the Third Amended Complaint.

Moreover, staying all proceedings until the Court rules on the Motion to Dismiss makes sense and is fully in accord with the purposes underlying the PSLRA. This Court has already stayed all aspects of this litigation other than class certification briefing. (ECF No. 109.) In addition, if the Court grants KPMG's Motion to Dismiss, then Mr. Ziesman's claim will be dismissed, and there will be no named plaintiff in the Section 11 class, which will preclude certification of the Section 11 class. In support of the present motion, KPMG makes the following points.

### 1. The PSLRA stay is non-discretionary and automatic.

Congress enacted the PSLRA in an effort to curtail abusive securities class action litigation. 15 U.S.C. § 78u-4. In addition to imposing heightened pleading requirements, the PSLRA requires the automatic stay of all proceedings during the pendency of any motion to dismiss. *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014). The statutory language imposing a stay is mandatory—proceedings "shall" be stayed during the pendency of a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). There is only one exception, which as discussed below is not applicable here. In the absence of that exception, a district court has no discretion to allow proceedings to continue during the pendency of a motion to dismiss. *See Rensel v. Centra Tech., Inc.*, 2019 WL 3429149, at *1 (S.D. Fla. Mar. 8, 2019) ("The Court does not have discretion to impose the stay because the provision is mandatory."); *Cspan Fin., LLC v. Blane*, 2012 WL 12862654, at *1 (S.D. Fla. Sept. 20, 2012) ("If Congress wanted to enact a provision and make this discretionary and not mandatory in its direction, then Congress could have inserted the word 'may' as opposed to the word 'shall.'").

Furthermore, the stay is automatic. The filing of a motion to dismiss triggers the stay without the need for a motion by a party or an order from a court. *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 n.10 (9th Cir. 2014) (noting that the majority of courts that have

addressed the issue "have recognized that a PSLRA discovery stay arises automatically, without the need for judicial declaration"). This is why courts frequently refer to the PSLRA stay as an "automatic" stay. *See Frank v. Dana Corp.*, 2007 WL 1748887, at *1 (N.D. Ohio June 18, 2007) (referring to the PSLRA stay as the "automatic stay of discovery mandated by § 78u-4(b)(3)(B)").[2]

### 2. The sole exception to the PSLRA is not applicable.

The statute contains a single exception to the automatic stay: all proceedings shall be stayed "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Unlike the stay itself, the exception is not automatic. Rather, the stay may be lifted only upon a "motion" by a "party." In any such motion to lift the stay, in order to prevail, the moving party must prove, and the court must find, "that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *Id.*

The exception is not applicable here. Plaintiffs have not filed a motion to lift the stay. Plaintiffs have not proved, or attempted to prove, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to Plaintiffs. Nor could Plaintiffs prove that particularized discovery is required for either of the statutory reasons. Indeed, class certification discovery has been completed, and all other discovery has been separately stayed since March 2019 pursuant to a separate Order issued by this Court. (ECF No. 109) ("this action is hereby **STAYED** pending resolution of plaintiffs' motion to certify, with the exception that the parties

---

[2] KPMG is filing the present motion to stay, even though it is not required under the PSLRA, because Plaintiffs' counsel has refused to acknowledge that all proceedings are stayed during the pendency of the Motion to Dismiss and because, on a call with Plaintiffs and the Court's clerk on July 25, 2020, the clerk stated that any party that believes a stay is in place should file a motion to advise the Court of its position.

may file their respective response and reply associated with that motion") (emphasis in original).) In these circumstances, Plaintiffs cannot argue that particularized discovery is required during the pendency of the Motion to Dismiss.

### 3. The PSLRA stay applies to all proceedings including class certification.

The PSLRA stay applies to "all discovery and other proceedings," 15 U.S.C. § 78u-4(b)(3)(B), including class certification, *see Winn v. Symons Int'l Grp., Inc.*, 2001 WL 278113, at *2 (S.D. Ind. Mar. 21, 2001) ("[T]he filing of motions to dismiss by Defendants makes a ruling on class certification inappropriate at this time under the PSLRA."); *Schlagal v. Learning Tree, Int'l*, 1999 WL 672306, at *2 (C.D. Cal. Feb. 23, 1999) (noting that the court had delayed ruling on plaintiffs' motion to certify the class until it ruled on the motion to dismiss); *Spears v. Metro. Life Ins.*, 2007 WL 14686797, at *5 (N.D. Ind. May 17, 2007) (ordering all proceedings, including briefing on plaintiffs' motion for class certification, to be stayed pending motion to dismiss); *In re ValuJet, Inc.*, 984 F. Supp. 1472, 1482 (N.D. Ga. 1997) (noting the motion for class certification was stayed pending motion to dismiss). Accordingly, the PSLRA stay triggered by the July 27, 2020 filing of the Motion to Dismiss stays all other pending motions and appeals, including the pending class certification motion, objections to the Magistrate Judge's report and recommendations on class certification, objections to the Magistrate Judge's decision on KPMG's motion to exclude the reports of Chad Coffman, and all other proceedings in this case. The parties previously agreed on dates for opposition and reply papers on the pending objections to the Magistrate Judge's rulings. (ECF No. 173.)[3] Those dates are no longer applicable in light of the automatic stay. 15 U.S.C. § 78u-4(b)(3)(B).

---

[3] The parties agreed on the briefing schedule for objections to and appeals from the Magistrate Judge's rulings on class certification and the motion to exclude Chad Coffman's reports, and this Court entered an order setting that schedule on July 2, 2020, before Plaintiffs filed their Third Amended Complaint on July 13, 2020.

4

### 4. The PSLRA stay is triggered by any motion to dismiss, including motions directed at amended pleadings and partial motions to dismiss.

The PSLRA stay is triggered, pursuant to the unambiguous statutory language, by *any* motion to dismiss. The statute does not allow for any exceptions for motions to dismiss amended complaints, or for partial motions to dismiss, or for any other reason. As the Southern District of New York explained:

> By its plain language, the PSLRA discovery stay provision applies broadly during the pendency of any motion to dismiss . . . In view of the PSLRA's expansive language, "the weight of authority" holds that discovery must be stayed pending all motions to dismiss, even if an earlier motion to dismiss failed. Indeed, a contrary interpretation would be unfaithful to the statutory text. As the Supreme Court has instructed, the word "any" has an expansive meaning, that is, "one or some indiscriminately of whatever kind."

*In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) (internal citations omitted)); *see also In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (refusing to lift stay even when defendant conceded a portion of plaintiff's section 10(b) claim in its motion to dismiss). Given that the language of the statute is clear, there is no need for further analysis. The pending Motion to Dismiss triggered the automatic stay.

Further, staying all proceedings during the pendency of the Motion to Dismiss makes sense and is in accord with the purposes of the PSLRA. *See Petrie*, 761 F.3d at 966. This Court has already stayed all aspects of this litigation other than class certification briefing. (ECF No. 109.) And, if the Court grants KPMG's Motion to Dismiss, then Mr. Ziesman's claim will be dismissed, and there will be no remaining named plaintiff who purchased the preferred stock that is at issue in the Section 11 claim. The resolution of the Motion to Dismiss, therefore, will bear directly on the pending class certification motion, and in fact, will preclude certification of any Section 11 class.

## CONCLUSION

For the foregoing reasons, the Court should grant KPMG's present motion to stay all proceedings during the pendency of KPMG's partial motion to dismiss the Third Amended Complaint.

Dated: July 31, 2020

Respectfully submitted,

/s/ Gregory G. Ballard
MCDERMOTT WILL & EMERY LLP
Gregory G. Ballard (admitted pro hac vice)
Ludwig von Rigal (admitted pro hac vice)
340 Madison Avenue
New York, New York 10173
Telephone: 212-547-5330
Email: gballard@mwe.com
Email: lvonrigal@mwe.com

Allyson E. Riemma (admitted pro hac vice)
444 West Lake Street
Chicago, IL 60606
Telephone: 312-372-2000
Email: ariemma@mwe.com

WALLER LANSDEN DORTCH & DAVIS, LLP
Paul S. Davidson (TN BPR # 011789)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: 615-244-6380
Email: paul.davidson@wallerlaw.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
Gary F. Bendinger (admitted pro hac vice)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: 602-262-5353
Email: gbendinger@lrrc.com

*Counsel for Defendant KPMG LLP*