IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---------------------------------------------------------------X
:
LEWIS COSBY, KENNETH R. MARTIN, as : No. 3:16-cv-00121-TAV-DCP
beneficiary of the Kenneth Ray Martin Roth IRA, and :
MARTIN WEAKLEY on behalf of themselves and :
all others similarly situated, :
:
                        Plaintiffs, :
:
          v. :
:
KPMG, LLP, :
:
                        Defendant. :
---------------------------------------------------------------X

**PLAINTIFFS' OPPOSITION TO DEFENDANT KPMG'S
MOTION TO STAY ALL PROCEEDINGS**

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT BACKGROUND AND PROCEDURAL HISTORY............................................. 3

ARGUMENT.............................................................................................................................. 5
    I.    Defendant's Motion to Dismiss is Barred by the Governing Class Certification Stay Order.................................................................................... 5
    II.   The PSLRA Stay Provision is Inapplicable Because the Court has Already Found Plaintiffs' Claims to be Meritorious ............................................... 6
    III.  The PSLRA Stay Provision is Inapplicable Because Discovery is Necessary to Preserve Evidence and to Prevent Undue Prejudice to Plaintiffs ....................... 9

CONCLUSION......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**PAGE**

**CASES**

*In re Cardinal Health, Inc. Sec. Litig.*,
   365 F. Supp. 2d 866 (S.D. Ohio 2005) ...................................................................................11

*Cspan Fin., LLC v. Blane*,
   No. 11-14345-CIV-Scola/Lynch, 2012 WL 12862654 (S.D. Fla. Sept. 21,
   2012) ........................................................................................................................................12

*In re Delphi Corp. Sec., Deriv. & ERISA Litig.*,
   No. 05-md-1725, 2007 U.S. Dist. LEXIS 10408 (E.D. MI Feb. 15, 2007).......................11, 14

*In re First Energy*,
   229 F.R.D. 541 (N.D. Ohio 2004) .....................................................................................11, 14

*Frank v. Dana Corp.*,
   3:05-cv-7393, 2007 WL 1748887 (N.D. Ohio June 18, 2007) ................................................12

*Gaynor v. Miller*,
   No. 3:15-cv-545, 2018 WL 3751606 (E.D.Tenn. Aug. 6. 2018), ECF 106,
   Order Denying Motion to Dismiss.............................................................................................9

*In re Lantronix, Inc. Sec. Litig.*,
   No. CV 02–03899 PA,2003 WL 22462393 (C.D. Cal. Sept. 26, 2003)..................................12

*Lapicola v. Alternative Dual Fuels, Inc.*,
   No. 3-02—cv-0299,2002 U.S. Dist. LEXIS 5941 (N.D. Tex. Apr. 8, 2002) ..........................11

*In re Lernout & Hauspie Sees. Litig.*,
   214 F. Supp. 2d 100 (D. Mass. 2002) ......................................................................................12

*Ohio Valley Envtl. Coal. v. Elk Run Coal Co.*,
   No. 3:12–0785, 2014 WL 4660782 (S.D.W.Va. Sept. 14, 2014) ............................................12

*Rensel v. Centra Tech., Inc.*,
   No. 1:17-cv-24500-RNS/JB, 2019 WL 3429149 (S.D. Fla. Mar. 8, 2019).............................12

*Schlagal v. Learning Tree, Int'l*,
   No. CV 98–6384 ABC (EX), 1999 WL 672306 (C.D. Cal. Feb. 23, 1999)
   (Stay Mot. ) ..............................................................................................................................12

*Seippel* v. *Sidley, Austin, Brown & Wood LLP*,
   No. 03-cv-06942 (SAS), 2005 WL 388561 (S.D.N.Y. Feb. 17, 2005) ....................................12

*In re Smith Barney*,
 No. 05 Civ. 7583(WHP), 2012 WL 1438241 (S.D.N.Y. Apr. 25, 2012) .................................12

*Tobias Holdings, Inc.* v. *Bank United Corp.*,
 177 F. Supp. 2d 162 (S.D.N.Y. 2001)......................................................................................14

*Vacold LLC v. Cerami*,
 No. 00 Civ. 4024, 2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) ..............................................12

*In re ValuJet, Inc.*,
 984 F. Supp. 1472 (N.D. Ga. 1997) .........................................................................................12

*In re Willis Towers Watson PLC Proxy Lit.*,
 439 F.Supp.3d 704 (E.D. Va. 2020), ECF 109 ........................................................................13

*Winn v. Symons Int'l Grp., Inc.*,
 IP 00–0310–C–B/S, 2001 WL 278113 (S.D. Ind. Mar. 21, 2001) ...........................................12

Plaintiffs respectfully submit this memorandum of law in opposition of Defendant KPMG LLP's ("Defendant") motion to stay all proceedings pending a decision on the motion to dismiss (ECF #187) (the "Stay Motion").

**PRELIMINARY STATEMENT**

Except for the parties' "respective response and reply associated with plaintiffs' motion for class certification", this case has been stayed pursuant to Court order since March 19, 2019 – nearly 1.5 years ago (the "Class Certification Stay Order"). In connection with Plaintiffs' Motion to Certify the Classes – and at KPMG's demand – Plaintiffs filed a Motion to Substitute certain of the named Plaintiffs.[1] That motion was granted by Judge Poplin on June 29, 2020 (the "Substitution Order"). In her Substitution Order, Judge Poplin ordered Plaintiffs to file an amended complaint with the names of the substituted parties within 14 days. *Id*. at 7–8. Plaintiffs complied with Judge Poplin's order and filed a Third Amended Complaint that is substantively identical to the Second Amended Complaint.[2] Nevertheless, Defendant filed a renewed moved to dismiss that complaint (the "Motion to Dismiss") on limited grounds nearly identical to those already rejected by this Court in its order denying Defendant's motion to dismiss the Second Amended Complaint and by Magistrate Judge Poplin in her Report and Recommendation that Plaintiffs' motion to certify the Class be granted (the "R&R"). Now, although the case is still stayed but for class certification related proceedings, that the Court has already found KPMG's arguments in its Motion to Dismiss premature for the motion to dismiss stage and meritless, and

---

[1] Ordinarily, and as is regularly done in securities fraud class actions, Plaintiffs would have simply moved to certify the class with their requested class representatives. *See* ECF 101, Motion to Substitute, at 3.

[2] In addition to replacing the names of certain of the named plaintiffs, the only substantive change was to conform the class definition to the class definition Plaintiffs' moved to certify and Magistrate Judge Poplin recommended be certified.

that granting KPMG's renewed Motion to Dismiss would not prevent the vast majority of Plaintiffs' claims from proceeding, Defendant KPMG moves to stay all proceedings, including class certification, pending disposition of its renewed Motion to Dismiss ("Stay Motion"). KPMG's Stay Motion should be rejected.

First, both KPMG's Stay Motion and Motion to Dismiss are barred by this Court's Class Certification Stay Order. The Court made clear that only proceedings relevant to class certification may proceed until such time as the Court rules on Plaintiffs' Motion to Certify the Class. It would be patently unfair for Plaintiffs to have been barred for 1.5 years from proceeding with merits discovery, while allowing KPMG to again delay the proceedings and adjudication of both class certification and the merits by filing *seriatim*, repetitive and meritless motions to dismiss.

Second, KPMG's Stay Motion flies directly in the face of the purpose of the Private Securities Litigation Reform Act's ("PSLRA's") stay provision. The PSLRA stay provision is designed to prevent a defendant from being forced to engage in burdensome discovery prior to a court determining whether the plaintiff has a legitimate claim. There is no such risk here. The Court already found that Plaintiffs' claims are legitimate and have merit when it denied, in most respects, KPMG's motion to dismiss the Second Amended Complaint. ECF 76. Not only that, but after three class representative depositions, hundreds of pages of briefing, thousands of pages of exhibits, dueling expert reports, three expert depositions and over four hours of oral argument, Magistrate Judge Poplin found in a 76-page detailed Report and Recommendation that Plaintiffs' claims are so legitimate that they should be certified ("R&R").[3] Further, both the Court and

---

[3] The SEC Order finding that KPMG violated the securities laws in connection with its Miller Energy audit similarly make clear that Plaintiffs' claims have merit and are not a "fishing expedition."

Magistrate Judge Poplin have previously held that the one substantive argument raised in KPMG's renewed Motion to Dismiss is without merit.

Moreover, KPMG does not even claim – because it cannot – that it will suffer any burden by having class certification decided prior to resolution of its renewed Motion to Dismiss. Indeed, not only was class certification already fully briefed and decided before Magistrate Judge Poplin, but KPMG has already filed its objections to the R&R and to Magistrate Judge Poplin's order denying in most respects KPMG's Motion to Exclude the Reports and Testimony of Chad Coffman, ECF 177 ("Daubert Order").

Finally, while proceeding as previously ordered by the Court will not in any way burden KPMG, staying this case further would be prejudicial and unduly burdensome to Plaintiffs. The conduct at issue in this case took place beginning in the fall of 2009, nearly eleven years ago. Plaintiffs have not been able to pursue virtually any merits discovery to date, and as such, undoubtedly memories have already faded and witnesses been lost.[4] Further delaying adjudication of class certification and the merits would only exasperate those issues.

Accordingly, and for the reasons discussed below, Plaintiffs respectfully request that Defendants' Stay Motion be denied.

### RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed a Second Amended Complaint on September 15, 2017. ECF 59. Defendant filed a motion to dismiss that complaint on October 20, 2017. ECF 63. On August 2, 2018, the Court denied in most respects Defendant's motion to dismiss. ECF 76. Notably, in that Order, the

---

[4] For example, at least one relevant witness, David Middendorf, has since been convicted for his role in a separate KPMG scheme to steal the names of the firm's clients whose audits were going to be reviewed by the nation's accounting regulator in March 2019, and was sentenced to a year and one day in September 2019. He filed an appeal to overturn his conviction in March 2020.

3

Court rejected Defendant's argument that the Plaintiffs lacked Section 11 standing, an argument that is substantively identical to that raised in Defendant's renewed pending Motion to Dismiss. *Id*. at 25–30 (finding at the motion to dismiss stage the argument that a named plaintiff is "not authorized to serve as lead plaintiff [] premature because the parties have yet to move to certify the class" and holding that because the Section 11 claims "are rooted in the September 6, 2012, Registration Statement", Plaintiffs "satisfie[d] the Rule 15(c)(1)(B) requirement").

On March 15, 2019, Plaintiffs filed a motion for class certification. ECF 107. Concurrently, at KPMG's request, Plaintiffs also filed a Motion to Substitute certain of the named plaintiffs. On March 19, 2019, the Court referred the class certification motion to Magistrate Judge Poplin and, in the interests of judicial economy and efficiency, stayed all other proceedings pending resolution of the motion for class certification. ECF 109. On June 29, 2020, Magistrate Judge Poplin issued a Report & Recommendation ("R&R") that the Court grant Plaintiffs' motion to certify the classes, appoint class representatives, and appoint class counsel. ECF 172. Notably, in her R&R, Magistrate Judge Poplin similarly rejected KPMG's argument that certain Plaintiffs were atypical or inadequate because they purportedly did not have standing for certain of the claims. Specifically, Magistrate Judge Poplin held that, "Defendant's argument is not well taken" because the issue "is better addressed through dispositive motion practice as opposed to an issue for class certification." *Id.* at 74.[5] Magistrate Judge Poplin also issued a Substitution Order, which required Plaintiffs to file an amended complaint with the substituted parties with 14 days.

---

[5] A similar argument was also rejected by this Court in the related *Gaynor* action and by Magistrate Judge Poplin's in her Report and Recommendation that the *Gaynor* action be certified as a class. *See, e.g., Gaynor v. Miller*, No. 3:15-cv-545, 2018 WL 3751606, (E.D.Tenn. Aug. 6. 2018) ("Gaynor Action"), ECF 106, Order Denying Motion to Dismiss at 17 ("Plaintiffs allege that all Series C and Series D preferred stocks incorporated the challenged registration statement [Docs. 102-1, 102-2]. Thus, plaintiffs sufficiently allege that their shares are necessarily traceable to the

4

Pursuant to Magistrate Judge Poplin's Substitution Order, on July 13, 2020, Plaintiffs amended their complaint to change the named plaintiffs, without changing the underlying substance of the complaint. ECF 174 (Third Amended Complaint). Disregarding the Court's Class Certification Stay Order and without meeting and conferring with Plaintiffs, Defendant filed a renewed Motion to partially dismiss the Third Amended Complaint. ECF 180.[6] Additionally, Defendant filed the instant Stay Motion seeking to further delay the Court's decision on class certification until after it decided KPMG's renewed motion to dismiss. ECF 187.

**ARGUMENT**

I. **Defendant's Motion to Dismiss is Barred by the Governing Class Certification Stay Order**

In March of 2019, the Court stayed all proceedings on this matter, pending resolution of the question of class certification. ECF 109. The Court made only one exception: "parties may file their respective response and reply associated with [the motion for class certification.]" *Id*. As a result, Plaintiffs have been unable to obtain virtually any substantive written discovery or to take a single deposition since this case was filed over four years ago. Given that the Court has yet to rule on class certification and KPMG had not moved to lift the stay, the Class Certification Stay Order governs and Defendant's Motion to Dismiss, upon which the Stay Motion relies, is barred.

---

registration statement, and plaintiffs, therefore, have standing to pursue their Section 11 claim"); ECF No. 167, Report & Recommendation at 19–21 (finding plaintiffs were typical of both Series C and Series D purchasers due to the fact that all Miller Energy purchased their securities pursuant to the same false and misleading registration statement).

[6] Defendant argues in its renewed Motion to Dismiss that Count Two, arising under Section 10(b) of the Securities Exchange Act of 1934 based on subparts (a) and (c) of Rule 10b-5 promulgated thereunder, and Count Three, arising under Section 11 of the same Act, should be dismissed. As KPMG knows, Plaintiffs have no intention of pursuing the claims they originally filed – and this Court dismissed – under Section 10b5-(a) and (c).

5

Furthermore, Defendant's Stay Motion and Motion to Dismiss are particularly inappropriate here, where the underlying substance of Plaintiffs' claims has not changed. Plaintiffs' Third Amended Complaint simply changes the names of certain of the named Plaintiffs and conforms the Class definition to that Magistrate Judge Poplin recommended be certified. It is otherwise substantively identical to the Second Amended Complaint, which Defendant already moved to dismiss, and which this Court largely denied. Thus, as the Class Certification Stay Order was imposed in the interests of judicial economy and efficiency, Defendant's Stay Motion and Motion to Dismiss directly undermines those interests by reconstruing nominal changes to Plaintiffs' complaint made at the Court's direction as an invitation to relitigate issues that have already been decided.[7]

## II. **The PSLRA Stay Provision is Inapplicable Because the Court has Already Found Plaintiffs' Claims to be Meritorious**

In addition to the being barred by the Class Certification Stay Order, Defendant's Stay Motion relies on a blatant misconstruction of the PSLRA stay provision. While the PSLRA provides for a stay of discovery in certain circumstances pending a motion to dismiss, it is not typically applied when, like here, the court has already denied a motion to dismiss and the plaintiff's claims are proceeding apace. Indeed, the stay provision exists only to prevent overzealous plaintiffs from advancing into discovery before the legitimacy of their claims has been

---

[7] Because KPMG also failed to meet and confer with Plaintiffs prior to filing their renewed Motion to Dismiss, it also violates this Court's Modified Scheduling Order, dated February 15, 2019 (ECF 96), and the Court's preferred approach for handling disputes. *See Judicial Preferences*, U.S. DIST. CT. E.D. TENN., https://www.tned.uscourts.gov/content/thomas-varlan-united-states-district-judge. Indeed, despite multiple meet and confers in response to KPMG's requests for both time and page extensions for its objections to the R&R and Daubert Order and Plaintiff's counsel notification to KPMG that it intended to file an amended complaint that simply conformed to the Magistrate Judge Poplin's Substitution Order, KPMG never mentioned that it intended to file a motion to dismiss.

6

established. *See, e.g.*, *In re First Energy*, 229 F.R.D. 541, 543 (N.D. Ohio 2004)("This discovery stay provision seeks to reduce the filing of frivolous lawsuits aimed at forcing corporate defendants to settle rather than bear the costs of discovery and to preclude plaintiffs from engaging in fishing expeditions to secure facts for a sustainable claim."); *In re Delphi Corp. Sec., Deriv. & ERISA Litig.*, No. 05-md-1725, 2007 U.S. Dist. LEXIS 10408, at *12 (E.D. MI Feb. 15, 2007) ("The legislative history of the PSLRA indicates that Congress enacted the discovery stay to minimize the incentives for plaintiffs to file frivolous securities class actions in the hope either that the corporate defendants will settle those actions rather than bear the high costs of discovery . . . or that the plaintiffs will find during discovery some sustainable claim not alleged in the complaint"); *In re Cardinal Health, Inc. Sec. Litig.*, 365 F. Supp. 2d 866, 876 (S.D. Ohio 2005) (quoting *Lapicola v. Alternative Dual Fuels, Inc.*, No. 3-02—cv-0299,2002 U.S. Dist. LEXIS 5941, at *5 (N.D. Tex. Apr. 8, 2002)) (finding the relevant "purpose of the PSLRA's discovery stay is 'to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss.'"). Here, Plaintiffs' claims have already been found to be meritorious, having survived an earlier motion to dismiss and Plaintiffs' Third Amended Complaint is substantively identical to the claims already upheld by the Court and recommended for certification by Magistrate Judge

Poplin.[8] Accordingly, Plaintiffs' claims have already been found to be legitimate.[9] Under such circumstances, numerous courts have held that the PSLRA discovery stay is inapplicable. *See, e.g., Seippel* v. *Sidley, Austin, Brown & Wood LLP,* No. 03-cv-06942 (SAS), 2005 WL 388561, at *3-4 (S.D.N.Y. Feb. 17, 2005) (holding that discovery could proceed on state law claims the court had found to state a claim, even though a motion to dismiss was pending, because the purpose of the PSLRA had been satisfied); *In re Lernout & Hauspie Sees. Litig.,* 214 F. Supp. 2d 100, 108-09 (D. Mass. 2002) (permitting discovery to proceed with respect to defendants against whom the court had sustained claims because the policy aims of the PSLRA had been satisfied); *Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001) (observing that a PSLRA stay of discovery is inappropriate "after the court has sustained the legal sufficiency of the complaint.").[10]

---

[8] Because the latter filed complaints were substantively different from the prior, sustained complaints in *Petrie v. Elec. Game Card, Inc.* and *In re Smith Barney Transfer Agent Litig.* (Stay Mot. at 2, 5), the cases are inapposite. *See Petrie*, 761 F.3d 959, 964 (9th Cir. 2014) ("The Third Amended Complaint … presents a substantially more detailed and unified account of the alleged malfeasance."); *In re Smith Barney*, No. 05 Civ. 7583(WHP), 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) (finding only that "some claims survived an earlier motion to dismiss."). Moreover, the *Petrie* court did not institute a complete stay; rather, it allowed discovery that had been previously propounded to proceed. *Petrie,* 761 F. 3d at 968. And, in neither case was there a stay in place that prevented the defendant from being subject to discovery after resolution of the initial motion to dismiss like there is here.

[9] *Rensel v. Centra Tech., Inc.*, No. 1:17-cv-24500-RNS/JB, 2019 WL 3429149 (S.D. Fla. Mar. 8, 2019), *Cspan Fin., LLC v. Blane*, No. 11-14345-CIV-Scola/Lynch, 2012 WL 12862654 (S.D. Fla. Sept. 21, 2012), *Frank v. Dana Corp.*, 3:05-cv-7393, 2007 WL 1748887, at *1 (N.D. Ohio June 18, 2007), *Winn v. Symons Int'l Grp., Inc*., IP 00–0310–C–B/S, 2001 WL 278113, at *2 (S.D. Ind. Mar. 21, 2001), *In re ValuJet, Inc.*, 984 F. Supp. 1472, 1482 (N.D. Ga. 1997), *In re Lantronix, Inc. Sec. Litig.*, No. CV 02–03899 PA, 2003 WL 22462393, *2 (C.D. Cal. Sept. 26, 2003), and *Schlagal v. Learning Tree, Int'l*, No. CV 98–6384 ABC (EX), 1999 WL 672306, at *2 (C.D. Cal. Feb. 23, 1999) (Stay Mot. at 2- 5) are all inapplicable because, unlike here, no motion to dismiss had yet been decided in any of the cases. Further in *Schlagal*, not only had the initial motion to dismiss not yet been decided, but while the initial motion to dismiss was pending, the plaintiff filed a substantively new complaint. *Id*.

[10] The issue in this case is also analogous to stays sought during § 1292(b) certification, which are routinely denied. *See, e.g., Ohio Valley Envtl. Coal. v. Elk Run Coal Co*., No. 3:12–0785, 2014

8

Further, Defendants will not suffer any burden from the case proceeding as previously ordered by the Court. Unlike in all of the cases relied on by KPMG, under the Court's Class Certification Stay Order, discovery is already stayed. Further, class certification has already been fully briefed, argued and decided before Magistrate Judge Poplin, and KPMG has already filed its objections to the R&R and Daubert Order. Finally, *even if* this Court granted the Motion to Dismiss (which it should not), class certification would nevertheless continue apace because the Motion to Dismiss is, by KPMG's own admission, "limited" in scope. It only addresses a limited issue pertaining to standing for one of the claims. ECF 188 at 3 (acknowledging that class certification discovery has been completed and all other proceedings have been stayed). [11] Therefore, invoking the stay provision of the PSLRA because of a minor amendment like changing certain of the named plaintiffs does violence to the original purpose of that statutory provision, and this Court should not endorse such a maneuver.

### III. **The PSLRA Stay Provision is Inapplicable Because Discovery is Necessary to Preserve Evidence and to Prevent Undue Prejudice to Plaintiffs**

The PSLRA stay provision is further inapplicable if the "court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Here, there can be no question that such

---

WL 4660782, at *4 (S.D.W.Va. Sept. 14, 2014) (granting § 1292(b) certification but denying stay as "the Court cannot abide the possibility of further delay that would result from staying these proceedings" and explaining that "the parties can be assured of continued advancement toward the termination of litigation – either through Phase II proceedings as scheduled or through consideration by the Fourth Circuit"); *In re Willis Towers Watson PLC Proxy Lit.*, 439 F.Supp.3d 704, (E.D. Va. 2020), ECF 109 (denying stay motion on the same grounds).

[11] Because, as even KPMG concedes, there is no burden to them in proceeding in accordance in the Court's previously ordered class certification schedule, *Chadbourne & Parke LLP v. Troice,* (Stay Motion at 2), is inapposite. 571 U.S. 377, 390 (2014) ("[T]he PSLRA [was enacted] to reduce frivolous suits and mitigate legal costs for firms and investment professionals that participate in the market for nationally traded securities.").

discovery is necessary to both preserve evidence and to prevent undue prejudice to Plaintiffs. The conduct at issue in Plaintiffs' complaint took place starting in 2009. Plaintiffs' claims were filed in 2016, and have been pending for over four years. The SEC order settling its claims with KPMG arising out of the same facts was issued in 2017. ECF 71. Given the significant length of time that has lapsed since the conduct at issue took place – and that Plaintiffs have been unable to obtain any substantive discovery to date – if this case is stayed any longer, there is serious risk that memories will have significantly faded and witnesses will no longer be available, causing undue prejudice to Plaintiffs and the Classes. Indeed, this is particularly true where, like here, the vast majority of responsive documents have already been produced to governmental agencies. *See e.g., In re First Energy*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (partially lifting the PSLRA discovery stay for documents produced to governmental agencies even before a motion to dismiss was filed because the Plaintiffs would otherwise "be unfairly disadvantaged in pursuing litigation and settlement strategies."); *In re Delphi Corp. Sec., Deriv. & ERISA Litig.*, 2007 U.S. Dist. LEXIS 10408, at *12 (same).

Further, imposing the PSLRA Stay to prevent adjudication of Plaintiffs' motion to certify would be manifestly unfair. Given that the Court has found that Plaintiffs' claims sufficiently state claims for relief, the point of the PSLRA Stay – to protect defendants from abusive discovery for frivolous claims – is inapplicable, and discovery and a decision on class certification is certain to proceed at some point in this Action. *See Tobias Holdings, Inc. v. Bank United Corp.,* 177 F. Supp. 2d 162, 166 (S.D.N.Y. 2001).

## CONCLUSION

For the foregoing reasons, KPMG's Stay Motion should be denied.

| | |
|---|---|
| August 14, 2020 | Respectfully submitted, |
| Steven J. Toll<br>Jan Messerschmidt (*pro hac vice pending*)<br>**COHEN MILSTEIN SELLERS &  TOLL PLLC**<br>1100 New York Ave. NW, Suite 500<br>Washington, DC 20005<br>Tel: (202) 408-4600<br>Fax: (202) 408-4699<br>stoll@cohenmilstein.com<br>jmesserschmidt@cohenmilstein.com<br><br>Laura H. Posner<br>**COHEN MILSTEIN SELLERS &  TOLL PLLC**<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Tel: (212) 220-2925<br>Fax: (212) 838-7745<br>lposner@cohenmilstein.com<br><br>*Co-Lead Counsel for Plaintiffs* | /s/ *Gordon Ball*<br>Gordon Ball<br>TN BPR #001135<br>**GORDON BALL PLLC**<br>7001 Old Kent Drive<br>Knoxville, TN 37919<br>Tel: (865) 525-7028<br>Fax: (865) 525-4679<br>gball@gordonball.com |

11

# CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I caused the foregoing to be filed using the Court's CM/ECF system, which in turn sent notice to counsel of record.

Dated: August 14, 2020 /s/ *Gordon Ball*
Gordon Ball