IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---------------------------------------------------------------X
                                                                :

LEWIS COSBY, KENNETH R. MARTIN, as     :   No. 3:16-cv-00121-TAV-DCP
beneficiary of the Kenneth Ray Martin Roth IRA, :
and MARTIN WEAKLEY on behalf of themselves :
and all others similarly situated,                       :

                               Plaintiffs,                      :

                      v.                               :

KPMG, LLP,                                                :

                               Defendant.                   :
---------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF KPMG LLP's
MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON
ITS PARTIAL MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

1. The PSLRA stay is non-discretionary and automatic. .......................................................1

2. The sole exception to the PSLRA is not applicable. ...........................................................1

3. The PSLRA stay applies to all proceedings including class certification. ..........................2

4. The PSLRA stay is triggered by any motion to dismiss, including motions directed at amended pleadings and partial motions to dismiss. ..........................................2

5. The prior stay order did not prohibit KPMG from moving to dismiss the Third Amended Complaint. ......................................................................................................5

6. Plaintiffs' burden argument is irrelevant and wrong. ..........................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dailey v. Medlock*,
    2012 WL 13013004 (E.D. Mich. Dec. 7, 2012) ...................................................................1

*Dusek v. JP Morgan Chase & Co.*,
    2015 WL 12826483 (M.D. Fla. Jan. 21, 2015) ...................................................................2

*In re Elan Corp. Sec. Litig.*,
    2004 WL 1303638 (S.D.N.Y. May 18, 2004) ....................................................................2

*Gardner v. Major Auto. Cos.*,
    2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) .....................................................................4

*Kelleher v. ADVO, Inc.*,
    2007 WL 1232177 (D. Conn. Apr. 24, 2007) ......................................................................2

*In re Lernout & Hauspie Secs. Litig.*,
    214 F. Supp. 2d 100 (D. Mass. 2002) ..................................................................................4

*In re Salomon Analyst Litig.*,
    373 F. Supp. 2d 252 (S.D.N.Y. 2005) ..................................................................................3

*Sedona Corp. v. Ladenburg Thalmann*,
    2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) ......................................................................4

*Seippel v. Sidley, Austin, Brown & Wood LLP*,
    2005 WL 388561 (S.D.N.Y. Feb. 17, 2005) ........................................................................4

*Selbst v. McDonald's Corp.*,
    2006 WL 566450 (N.D. Ill. Mar. 1, 2006) .......................................................................2, 3

*Vacold LLC v. Cerami*,
    2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) ........................................................................4

*Wang v. Lightspeed Envt'l, Inc.*,
    2014 WL 29120 (E.D. Mich. Jan. 3, 2014) ..........................................................................4

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ..................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 15(a)(3) .........................................................................................................5

Fed. R. Civ. P. Rule 23 .................................................................................................................5

KPMG LLP ("KPMG") respectfully submits this reply memorandum in further support of its motion to stay all proceedings.

### 1. The PSLRA stay is non-discretionary and automatic.[1]

Plaintiffs do not dispute KPMG's argument, based on the statute and well-developed case law (ECF No. 188, "Opening Brief" at 2-3), that the PSLRA stay of all proceedings is mandatory and automatic and that Congress gave courts and parties no discretion to ignore it.

### 2. The sole exception to the PSLRA is not applicable.

Plaintiffs do not dispute that the statute contains a single exception to the automatic stay, which requires a formal motion to lift the stay and a finding that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party. (*See* Opening Brief at 3-4.) Plaintiffs argue that "discovery is necessary to both preserve evidence and to prevent undue prejudice" (ECF No. 191, "Opposition" at 9-10), but Plaintiffs offer no legitimate support for the argument. Plaintiffs admit that this Court stayed merits discovery a year and a half ago in the order dated March 19, 2019. (ECF No. 109.) During the one-and-a-half years since then, Plaintiffs have not argued that discovery is needed to preserve evidence or to prevent undue prejudice. In fact, discovery is not needed for either purpose. And, even now, Plaintiffs have not filed a motion to lift the stay. The exception is not applicable.

Plaintiffs' suggestion that fading memories is a basis for lifting the stay is incorrect. *See, e.g.*, *Dailey v. Medlock*, 2012 WL 13013004, at *3 (E.D. Mich. Dec. 7, 2012), *objections overruled*, 2012 WL 13013443 (E.D. Mich. Dec. 28, 2012) ("[P]laintiffs must present more than mere generalizations of fading memories and allegations of possible loss or destruction of

---

[1] If terms are not otherwise defined, this reply uses the same defined terms as KPMG's memorandum of law in support of its initial motion to stay all proceedings pending a decision on its partial motion to dismiss the third amended complaint.

documents . . . Speculative allegations of possible loss of documents is wholly insufficient to justify lifting the PSLRA stay.") (internal quotations and citations omitted); *see also Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483, at *3 (M.D. Fla. Jan. 21, 2015) ("Vague assertions about fading memories are insufficient to justify lifting the stay to preserve evidence."); *Selbst v. McDonald's Corp.*, 2006 WL 566450, at *3 (N.D. Ill. Mar. 1, 2006) ("The kind of general concerns plaintiffs express about document destruction, fading memories, and the like would arise any time discovery in a case is stayed for a period of time. To lift the PSLRA stay based on such generalized concerns would open a loophole in the stay that would undermine the statutory scheme enacted by Congress."); *Kelleher v. ADVO, Inc.*, 2007 WL 1232177, at *3 (D. Conn. Apr. 24, 2007) ("The sole example proffered by Congress as to what justifies lifting the stay is the terminal illness of an important witness, which might necessitate the deposition of the witness prior to ruling on the motion to dismiss.") (internal citation and quotation omitted); *In re Elan Corp. Sec. Litig.*, 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004) ("The Plaintiffs' contentions that they will be prejudiced as the memories of witnesses grow stale, and the trail of Elan's alleged misconduct grows cold, and that they need to depose relevant witnesses in a timely fashion, simply do not meet the burden imposed by the PSLRA.") (internal citation and quotations omitted).

### 3. **The PSLRA stay applies to all proceedings including class certification.**

Plaintiffs do not dispute that the PSLRA stay applies to all discovery and other proceedings, including class certification. (*See* Opening Brief at 4.)

### 4. **The PSLRA stay is triggered by any motion to dismiss, including motions directed at amended pleadings and partial motions to dismiss.**

Plaintiffs do not deny that the PSLRA stay is triggered, pursuant to the statutory language, by *any* motion to dismiss (Opening Brief at 5), but Plaintiffs nonetheless argue that the

PSLRA stay does not apply to KPMG's pending motion to dismiss. Plaintiffs' argument is wrong for three reasons. *First*, the statutory language unambiguously applies to "any" motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). *Second*, contrary to Plaintiffs' assertion, the Court has not previously sustained the claims in the Third Amended Complaint. As explained in KPMG's motion for a stay, the argument in KPMG's pending motion to dismiss were not raised in prior motions to dismiss; they are new and based on the new and revised allegations of the Third Amended Complaint. (Opening Brief at 1 n.1.) Again, KPMG did *not* argue in its prior motion to dismiss for dismissal for lack of standing based on the Plaintiffs' inability to trace; the argument in the present motion to dismiss for lack of standing is based on the fact that the Third Amended Complaint, unlike the prior complaint, does not allege that the lead plaintiff can trace his shares to an offering at issue. *Third*, whether a PSLRA stay applies does not depend on, and does not require an analysis of, the merits of the pending motion to dismiss. *See, e.g.*, *Selbst*, 2006 WL 566450, at *2 (noting that it is not in the court's "province to rule on the merits of defendants' second motion to dismiss," which was pending before the court, but it reviewed the briefs submitted on the pending motion to dismiss to find that defendants' motion was not frivolous); *In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 256 (S.D.N.Y. 2005) (finding defendants' motion to dismiss was not frivolous "[w]ithout in any way prejudging the merits of their motion to dismiss").[2]

---

[2] Plaintiffs' suggestion that KPMG has filed multiple baseless motions to dismiss is false. KPMG has never filed an unsuccessful motion to dismiss in this case. In response to KPMG's original motion to dismiss (ECF No. 46), Plaintiffs filed an amended complaint, making a decision on that motion moot (ECF No. 59). KPMG's motion to dismiss the Second Amended Complaint (ECF No. 63) was granted in part, with the Court tossing out one of the three claims in the case (ECF No. 76). The pending motion to dismiss the Third Amended Complaint is based on solid ground and will likely result in the dismissal of the Section 11 claim.

Plaintiffs assert that the PSLRA stay "is not typically applied when, like here, the court has already denied a motion to dismiss and the plaintiff's claims are proceeding apace" (Opposition at 6), but Plaintiffs, tellingly, cite no authority for this proposition. In fact, the law is clearly to the contrary. The statute and cases applying it dictate that the stay applies to any motion to dismiss, regardless of whether there have been prior motions to dismiss in the case. *See, e.g., Wang v. Lightspeed Envt'l, Inc.*, 2014 WL 29120, at *10 n.2 (E.D. Mich. Jan. 3, 2014) (noting that "the automatic stay has been held to apply to both initial and successive motions to dismiss"); *see also Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *4 (S.D.N.Y. Oct. 14, 2005) (finding the automatic stay applied to defendants' anticipated motion to dismiss plaintiffs' second amended complaint after the court partially granted defendants' initial motion to dismiss, as the court had "yet to determine the sufficiency of [plaintiffs'] repleaded claims"); *Gardner v. Major Auto. Cos.*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) (noting that the automatic stay requirement applies to successive motions to dismiss because "it is appropriate to extend the stay until a complaint has been authoritatively sustained by the court") (internal citations and quotations omitted).[3]

---

[3] The cases Plaintiffs cite are inapposite. (Opposition at 8.) The court in *Seippel v. Sidley, Austin, Brown & Wood LLP* held that the automatic stay provision did not apply to the state law claims that the court had previously found to be sufficient, as well as the disgorgement claim that was never a part of the defendants' motion to dismiss. 2005 WL 388561, at *3-4 (S.D.N.Y. Feb. 17, 2005). There are no such claims alleged in this case that do not arise under the PSLRA. Additionally, in *In re Lernout & Hauspie Secs. Litig.*, the court noted that the complaint had "easily survived" the four defendants' motions to dismiss. 214 F. Supp. 2d 100, 106 (D. Mass. 2002). As previously discussed, the Court has not previously sustained the claims in the Third Amended Complaint, and it granted KPMG's motion to dismiss the Second Amended Complaint in part, dismissing one of the three claims in the case; Plaintiffs' complaint has by no means "easily survived." Last, in *Vacold LLC v. Cerami*, the court partially lifted the stay under the limited statutory "undue prejudice" exemption and held defendants' motion to dismiss in abeyance so that the parties could conduct limited discovery on an issue that was vital for the court to rule on the sufficiency of plaintiffs' claims. 2001 WL 167704, at *6-7 (S.D.N.Y. Feb. 16, 2001).

4
Case 3:16-cv-00121-TAV-DCP   Document 192   Filed 08/20/20   Page 8 of 11   PageID #: 20408

### 5. The prior stay order did not prohibit KPMG from moving to dismiss the Third Amended Complaint.

Plaintiffs' argument that KPMG was not allowed to file a motion to dismiss the Third Amended Complaint is without merit for at least two reasons. *First*, the time for responding to an amended complaint is dictated by the Federal Rules of Civil Procedure. Under Rule 15(a)(3), KPMG's response to the Third Amended Complaint was due on July 27, 2020; KPMG was required to either move to dismiss by that date, or risk forever losing its right to do so. *Second*, the very purpose of requiring Plaintiffs to file a Third Amended Complaint to effect their requested substitution of plaintiffs was to afford KPMG an opportunity to move to dismiss the claims in the Third Amended Complaint. In KPMG's response to Plaintiffs' motion to substitute, KPMG specifically stated that it could not evaluate whether amending the complaint to make the substitution would be futile without Plaintiffs' filing an amended complaint, and consequently, KPMG specifically requested that Plaintiffs be required to file an amended complaint if their substitution motion is granted. The Magistrate Judge agreed with KPMG and, in the order allowing substitution, required Plaintiffs to file a third amended complaint.

### 6. Plaintiffs' burden argument is irrelevant and wrong.

Contrary to Plaintiffs' suggestion, the PSLRA stay does not depend on proof that it would be burdensome to defendants to proceed without a stay. The statute, again, affords no discretion. Furthermore, proceeding with Plaintiffs' class certification motion first, and KPMG's motion to dismiss thereafter, would in fact burden KPMG, and indeed all parties as well as the Court. The Court's ruling on the class certification motion will in all likelihood be followed by: (1) the losing party's pursuing an appeal under Rule 23(f), and (2) significant merits discovery. But, KPMG's motion to dismiss has the potential to dramatically alter the scope of this lawsuit. There are only two claims in the case—a non-scienter claim under Section 11 that is based on

several securities offerings and a securities fraud claim under Section 10(b). The motion to dismiss will likely eliminate the Section 11 claim. This will significantly impact the case, including the class(es) that might be certified, and the scope of relevant discovery. Addressing the class certification motion prior to the motion to dismiss would force the parties and the Court to revisit the class certification determination. Addressing the motion to dismiss first, as required by the PSLRA, will avoid this unnecessary and burdensome duplication and will promote judicial economy.

For the reasons set forth above and in KPMG's Opening Brief, the Court should grant KPMG's present motion to stay all proceedings during the pendency of KPMG's partial motion to dismiss the Third Amended Complaint.

Dated: August 20, 2020

Respectfully submitted,

 /s/ Gregory G. Ballard
MCDERMOTT WILL & EMERY LLP
Gregory G. Ballard (admitted pro hac vice)
Ludwig von Rigal (admitted pro hac vice)
340 Madison Avenue
New York, New York 10173
Telephone: 212-547-5330
Email: gballard@mwe.com
Email: lvonrigal@mwe.com

Allyson E. Riemma (admitted pro hac vice)
444 West Lake Street
Chicago, IL 60606
Telephone: 312-372-2000
Email: ariemma@mwe.com

WALLER LANSDEN DORTCH & DAVIS, LLP
Paul S. Davidson (TN BPR # 011789)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: 615-244-6380
Email: paul.davidson@wallerlaw.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
Gary F. Bendinger (admitted pro hac vice)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: 602-262-5353
Email: gbendinger@lrrc.com

*Counsel for Defendant KPMG LLP*