# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

LEWIS COSBY, KENNETH MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

KPMG, LLP

    Defendant.

No.: 3:16-cv-00121-TAV-DCP

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR LIMITED OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE THE REPORTS AND TESTIMONY OF CHAD COFFMAN

Defendant KPMG, LLP's ("KPMG") Response ("Response") to Plaintiffs' Limited Objection to Magistrate Judge's Order Granting in Part and Denying in Part Defendant's Motion to Exclude the Reports and Testimony of Chad Coffman, ECF No. 177 ("Plaintiffs' Limited Daubert Objection"), is more notable for what it ignores that what it says.

First, KPMG ignores that it did not move to exclude the reports and testimony of Chad Coffman on the basis that they were filed late or in violation of Rule 26(a) or (e). *See* Plaintiffs' Limited Daubert Objection at 4 & n.3. Rather, KPMG moved exclusively on the purported basis that Coffman's reports and testimony were "unreliable" under Federal Rule of Evidence 702 (ECF No. 126) – a claim that Magistrate Judge Poplin firmly rejected. *See generally* ECF No. 171 ("Daubert Order"). KPMG's sole mention of its "new opinion" argument was one throw-away, unsupported sentence in its memorandum in support of its motion to exclude. Plaintiffs have no

obligation to respond to an "issue[] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way[.]").[1] Moreover, Plaintiffs had no expectation that KPMG was even claiming that Coffman's price impact opinion in his Corrected Report was filed late given that KPMG neither conferred with Plaintiffs nor certified that it did so, as is required for any motions to exclude brought pursuant to Rules 26 or 37. ECF No. 96 at 7, ¶ lc ("Any written motions regarding discovery shall include a certification of compliance with steps one (1) and two (2) above as well as the written certification required by Rule 37(a)(1), if applicable."). Accordingly, Magistrate Judge Poplin erred in excluding Coffman's price impact opinion in his Corrected Report on the basis that Plaintiffs did not respond to KPMG's "argument" that it was filed late.

Second, KPMG ignores that the parties, by agreement, proposed a deadline of April 19, 2020 for the filing of "Plaintiffs (revised) expert report in support of their motion for class certification," that the Court then granted the request and entered a Scheduling Order to that effect, (*see* ECF No. 122), and that the filing of Coffman's Corrected Report complied with that Scheduling Order. *See* Plaintiffs' Limited Daubert Objection at 4-5. While KPMG claims that the Scheduling Order "merely envisioned" that Mr. Coffman's Corrected Report would only correct certain errors in his initial report, no such language or instruction to that effect is in the actual Scheduling Order. To the contrary; all the Scheduling Order did was swap out old dates for new ones. *See* ECF No. 122 at 1 ("Altering the listed paragraphs of the Modified Scheduling Order"). Thus, the Scheduling Order is clear that the Corrected Report would supersede the Initial

---

[1] *See also* E.D. Tenn. L.R. 7.1(b) ("Briefs shall include ... [the] legal grounds which justify the ruling sought from the Court.").

Report, and even granted KPMG the ability to depose Mr. Coffman for a second time regarding any "modifications to his initial report" (not just those portions that he "corrected" in some way) – which KPMG fully took advantage of. ECF No. 122. Notably, KPMG admitted as much in the Emergency Motion to Extend Class Certification Dates it filed requesting the Scheduling Order. ECF No. 120. Specifically, in its Emergency Motion, KPMG made clear in multiple places that Coffman's Corrected Report would supersede and replace his Initial Report. *Id*. at 1 ("a new report and new exhibits"); *id*. at 2 ("if Plaintiffs are to be permitted to serve a revised expert report in support of class certification"); *id.* at 2 (discussing that the scheduling order should be extended "by the same number of days (35) by which Mr. Coffman's report will be late if served on April 19, 2019); *id.* at 8 (discussing that Coffman intends to "issue a new report and exhibits" and that it has "no way to predict with any certainty" what the report and exhibits "may contain").

Third, KPMG ignores that Coffman provided a price impact rebuttal opinion in his Rebuttal Report in response to the opinion offered by KPMG's own purported expert, Dr. Attari.[2] Specifically, Coffman's Rebuttal Report discusses Dr. Attari's price impact opinion and explains it is wrong and fails to demonstrate (as is Defendant's burden) a lack of price impact (ECF 142-1, at ¶¶ 56-69), a position Magistrate Judge Poplin agreed with. ECF No. 172 at 35-36, 41-60; Daubert Order at 35-38, 50-51. As KPMG itself admits – as it must – "rebuttal expert testimony may be permitted 'where it is intended solely to contradict or rebut evidence on the same subject matter identified by another party.'" Response at 3. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii); *Moore v.*

---

[2] Magistrate Judge Poplin's Daubert Opinion also does not exclude, or even address, the price impact rebuttal opinion Coffman provided in response to Dr. Attari in the Coffman Rebuttal Report. *See* Plaintiffs' Limited Daubert Objection at 6 & n.5. Since none of KPMG's objections to the Daubert Order argued that Magistrate Poplin erred by not excluding Coffman's price impact rebuttal opinion, KPMG has waived and conceded this point, and the price impact rebuttal opinion proffered by Coffman in his Rebuttal Report remains in the case.

3

*Weinstein Co.*, LLC, No. 3:09- cv-00166, 2012 WL 1884758, at *13 (M.D. Tenn. May 23, 2012), *aff'd,* 545 Fed. Appx. 405 (6th Cir. 2013) (holding plaintiffs' late-filed expert report substantially justified because it was "directed specifically to rebutting" arguments "not previously disclosed to the plaintiffs"). Indeed, price impact opinions are regularly included for the first time in plaintiff's expert's rebuttal reports since it is the defendant's burden to try to rebut the presumption of reliance by demonstrating a lack of price impact. *See* Plaintiffs' Limited Daubert Objection at 6.[3]

KPMG now appears to suggest for the first time that Plaintiffs were not even permitted to file an expert rebuttal report, claiming that all of plaintiffs' expert reports, even on issues that are Defendant's burden to prove (such as lack of price impact), were due on March 15, 2019. Response at 4.[4] But if that is KPMG's position, it is the first Plaintiffs (and the Court) have heard of it, as KPMG never objected to Coffman's Rebuttal Report, including its discussion of price

---

[3] *Compare, e.g.,* Expert Report of Chad Coffman, CFA, *Kasper v. AAC Holdings, Inc., et al.*, No. 15-cv-00923 (M.D. Tenn. Oct. 18, 2016), ECF No. 80-4, *with* Expert Rebuttal Report of Chad Coffman, CFA, ECF No. 109-4 at 9-20, 25-27 (M.D. Tenn. Feb. 10, 2017) (plaintiffs' expert raising price impact for first time in response to defendant's expert report); *and* Expert Report on Market Efficiency of Prof. Steven P. Feinstein, Ph.D., CFA, *Burges et al v. BancorpSouth, Inc. et al.*, No. 14-cv-01564 (M.D. Tenn. Oct. 7, 2015)*,* ECF No. 99-3, *with* Rebuttal Report of Prof. Steven P. Feinstein, Ph.D., CFA, ECF No. 130-3 at 23-28, ¶¶ 54-70 (M.D. Tenn. Mar. 8, 2016) (same). Indeed, the only reason that Coffman's price impact opinion was included in his Corrected Report was that KPMG made clear during its first deposition of him that it intended to try to rebut the presumption of reliance by arguing that there was not price impact from its false and misleading statements and omissions. ECF 121 at ¶ vi (explaining that price impact "is irrelevant to the question of whether the market for Miller Energy Securities is efficient, but was raised multiple times during my deposition.").

[4] KPMG's argument is also contrary to the majority view in the Sixth Circuit and elsewhere that if "there is not a 'stipulation or a court order' expressly prohibiting rebuttal expert testimony or providing for a different time to disclose rebuttal experts, the deadline provided for in Rule 26(a)(2)(D)(ii) applies." *Telepak Networks, Inc. v. City of Memphis*, 2:14-CV-02027-SHM-cgc, 2014 WL 5795499, at *2 (W.D. Tenn. Nov. 6, 2014); *see also Teledyne Instruments, Inc. v. Cairns*, 6:12-CV-854-ORL-28, 2013 WL 5781274, at *17 (M.D. Fla. Oct. 25, 2013) (collecting cases).

4

impact.[5] And no wonder, because KPMG's argument stands Rule 26 completely on its head. If Plaintiffs had done what KPMG suggests, Plaintiffs should have *waited* until Coffman's Rebuttal Report (and after he had been deposed) to provide KPMG with Coffman's rebuttal to Defendant's and its expert's price impact opinion. But "[t]he whole purpose of Rule 26's expert report requirement is to alleviate a party's need to depose an expert witness prior to trial and 'shorten or decrease the need for expert depositions and thus to conserve resources.'" *State Farm Mut. Automotobile Ins. Co. v. Physiomatrix, Inc.*, 12-CV-11500, 2014 WL 10294798, at *4 (E.D. Mich. June 16, 2014) (quoting *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010)). Accordingly, even if the price impact opinion portion of Mr. Coffman's *Corrected Report* were excluded on purely procedural grounds – which it should not be – there is no reason even proffered for why it should be excluded from his *Rebuttal Report*.

Finally, KPMG ignores and, therefore, concedes, that even if the price impact opinion in Coffman's Corrected Report failed to comply with Rules 26(a) or (e) – which it did not – that failure was both "substantially justified" and "harmless." *See* Plaintiffs' Limited Daubert Objection at 7. Given the Court's Scheduling Order, Plaintiffs were certainly justified in filing Coffman's Corrected Report and the opinions contained therein when they did. There also can be no question that KPMG was unharmed by the inclusion of the price impact opinion in Coffman's Corrected Report. Indeed, KPMG was admittedly able to review, analyze and even depose Coffman regarding his price impact opinion prior to filing its opposition to Plaintiffs' Motion for Class Certification and its Motion to Exclude – none of which it would have even been able to do if Coffman had only included his price impact opinion in his Rebuttal Report, as is traditionally

---

[5] It also makes little sense given that KPMG also filed an expert rebuttal report in support of its Motion to Exclude. ECF No. 159-1.

5

done. *See* Emergency Motion at 2 (KPMG requesting the Scheduling Order so that it would have sufficient time to "depose Mr. Coffman; evaluate and analyze the data; prepare a rebuttal expert report; prepare a motion to exclude Mr. Coffman's report and testimony under <u>Daubert v. Merrill Dow Pharmaceuticals, Inc</u>. 509 U.S. 579 (1993); and prepare KPMG's memorandum of law in opposition to the motion for class certification."). Thus, far from being harmed in some way, KPMG actually benefited from the inclusion of the price impact opinion in Coffman's Corrected Report.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court set aside the limited portion of Magistrate Judge Poplin's Order striking Chad Coffman's expert opinion on price impact from his Corrected Report.

September 3, 2020

Respectfully submitted,

| | |
|---|---|
| Steven J. Toll (pro hac vice) <br> Jan Messerschmidt (pro hac vice) <br> **COHEN MILSTEIN SELLERS &** <br> **TOLL PLLC** <br> 1100 New York Ave. NW, Suite 500 <br> Washington, DC 20005 <br> Tel: (202) 408-4600 <br> Fax: (202) 408-4699 <br> stoll@cohenmilstein.com <br> jmesserschmidt@cohenmilstein.com <br><br> Laura H. Posner (pro hac vice) <br> **COHEN MILSTEIN SELLERS &** <br> **TOLL PLLC** <br> 88 Pine Street, 14th Floor <br> New York, NY 10005 <br> Tel: (212) 220-2925 <br> Fax: (212) 838-7745 <br> lposner@cohenmilstein.com <br><br> *Co-Lead Counsel for Plaintiffs* | /s/ *Gordon Ball* <br> Gordon Ball <br> TN BPR #001135 <br> **GORDON BALL PLLC** <br> 7001 Old Kent Drive <br> Knoxville, TN 37919 <br> Tel: (865) 525-7028 <br> Fax: (865) 525-4679 <br> gball@gordonball.com |

6

**CERTIFICATE OF SERVICE**

   I hereby certify that on September 3, 2020, I caused the foregoing to be filed using the Court's CM/ECF system, which in turn sent notice to counsel of record.


Dated: September 3, 2020      /s/ *Gordon Ball*
                  Gordon Ball