UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

LEWIS COSBY,                                    )
ERIC MONTAGUE, and                              )
MARTIN ZIESMAN, as Co-Trustee for the )
Carolyn K. Ziesman Revocable Trust,             )
on behalf of themselves and                     )
all others similarly situated,                  )
                                                )
              Plaintiffs,                        )
                                                )
v.                                              )          No.:   3:16-CV-121-TAV-DCP
                                                )
KPMG, LLP,                                      )
                                                )
              Defendant.                         )

## MEMORANDUM OPINION AND ORDER

On May 21, 2019, defendant KPMG, LLP filed a motion to exclude the reports and

testimony of Chad Coffman regarding the purported efficiency of the markets for Miller

Energy's securities and whether damages can be calculated on a class-wide basis

[Doc.126]. On December 10, 2019, United States Magistrate Judge Debra C. Poplin held

a hearing regarding the motion to exclude, among other motions. She then issued an order

granting in part and denying in part defendant's motion [Doc. 171]. Both parties filed

objections [Docs. 177, 179, 189][1] to Judge Poplin's Order, responses to each other's

objections [Docs. 193, 194], and replies [Docs. 198, 200]. The matter is now ripe for

review. For the reasons that follow, the parties' objections are **OVERRULED**.

---

[1] Documents 179 and 189 are a sealed and redacted version of defendant's objections. The
Court will refer to the redacted version of the objections, document 189.

# I.   Standard of Review

Magistrate Judge Poplin's order was issued under the authority of 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure.  Pursuant to Rule 72(a), this Court must hear objections to such non-dispositive orders[2] and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  The contrary-to-law standard applies to the magistrate judge's conclusion of law which are reviewed de novo, and the clearly-erroneous standard applies to findings of fact.  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).

First, a decision is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Bisig*, 940 F.3d at 219. (internal quotation and citation omitted).  Second, a "finding is clearly erroneous when the reviewing court on the

---

[2]   Defendant states this motion is dispositive, as it will determine whether "to permit maintenance of a class action" and therefore is subject to de novo review [Doc. 189 p. 11].  Section 636 limits a magistrate judge's ability to hear a pretrial matter determining whether to "dismiss or permit maintenance of a class action."  28 U.S.C. § 636.  The motion at issue does not determine whether to dismiss or permit this case to continue.  Contrary to defendant's assertions, though the outcome of the motion to exclude Coffman's reports may affect class certification, this motion is non-dispositive.  The "weight of authority holds that a magistrate judge's order that excludes a plaintiff's expert from testifying is not a dispositive ruling."  *Villafana v. Auto-Owners Ins.*, No. CIV.A.06 0684 WS B, 2007 WL 1810513, at *1 (S.D. Ala. June 22, 2007).  Applied here, the exclusion of an expert report similarly should not be dispositive.  "Case law is abundant for the common-sense proposition that a magistrate judge ruling on a nondispositive matter does not somehow mutate into a ruling on a dispositive matter simply because that ruling ultimately affects the outcome of a claim or defense."  *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 3102225, at *2 (S.D. Fla. June 2, 2016) (collecting cases).  All motions will eventually bear upon the resolution of the case; this does not make all motions dispositive.

2

entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Comm. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). The reviewing court does not have to determine whether the magistrate judge's decision was the "best or only conclusion that can be drawn from the evidence." *Id.* Rather, the reviewing court must simply find that evidence in the record exists to support the magistrate judge's finding. *Id.*

The Sixth Circuit has held that district courts need not choose between either the clear error or de novo standards "without regard to the targets of their review." *Bisig*, 940 F.3d at 205. For mixed questions of law and fact, there is a sliding scale, with clear error and contrary to law as the outer bounds. "The more fact-intensive the question, the more deferential the level of review. The more law intensive the question, the less deferential the review." *Id.* (internal citations omitted).

## II.    Analysis

Both parties filed objections [Docs. 177, 179, 189] to Judge Poplin's Order. Plaintiffs object to Judge Poplin's conclusion to exclude the opinion of plaintiffs' expert, Chad Coffman ("Coffman"), on price impact. Defendant made twelve objections about Judge Poplin's rulings on reliability: two regarding Coffman's opinions, four concerning Coffman's methodology for analyzing market efficiency, three about the methodology for preferred stock event studies, and two as to Coffman's methodology for calculating damages. Finally, defendant objects to Judge Poplin's ruling that there should not be an evidentiary hearing. The Court will address each in turn.

3

### A.    Plaintiffs' objection

Plaintiffs object to the exclusion of Coffman's price impact opinion that was included in his corrected expert report, but not in the original.  Plaintiffs argue that defendant did not move for exclusion on that basis and that Judge Poplin's ruling was erroneous and contrary to law because it was not a new opinion.  Instead, plaintiffs assert it was a rebuttal to one of defendant's arguments, and that even if the opinion failed to comply with the Federal Rules of Civil Procedure, the error was substantially justified and harmless [Doc. 177].

In the original motion to exclude [Doc. 126], defendant stated in its memorandum [Doc. 127] that Coffman expressed no opinion on whether defendant's alleged misrepresentations impacted the price of Miller Energy's Securities in his original report. In the corrected report [Doc. 121], Coffman included a "novel opinion" on the topic after he conducted further analysis after his deposition regarding the original report.  Defendant argued that the new opinion should be excluded because it was not included in the original report, citing *In re Whirlpool Corp. Front–Loading Washer Products Liab. Litig.* for the proposition that "courts should not permit experts to testify as to a wholly new, previously unexpressed opinion."  45 F. Supp. 3d 724, 760 (N.D. Ohio 2014).  Plaintiffs did not address this argument in their response.

Judge Poplin identified that Coffman acknowledged the analysis was not included in the original report [Doc. 107-2] but was included later in response to questions during the deposition [Doc. 171 p. 36].  She reasoned that pursuant to Rule 26(e), "an expert may

supplement information included in a report and information given during an expert's deposition" but that the rule "does not allow an expert to provide a new opinion" [*Id.* p. 37]. In support, she cited *Jermano v. Graco Children's Prod., Inc*., No. 13-CV-10610, 2015 WL 1737548, at *4 (E.D. Mich. Apr. 16, 2015), which states that "supplementation [of an expert report] may not be used for strategic advantage. For instance, a party may not use the supplementation process to introduce entirely new expert opinions that could have been provided prior to the expert's report and deposition." Accordingly, because Coffman had previously not formed an opinion on price impact and included it in the corrected report and plaintiffs had not responded to defendant's arguments, Judge Poplin struck the opinion from the corrected report [*Id.*]. The Court finds that this reasoning is not contrary to law and does not depend on clearly erroneous facts.

Plaintiffs argue that expert disclosures must be made "at the times and in the sequence that the court orders" and that since the revised report was due on April 19, 2019 [Doc. 122], the price impact opinion was timely included. Plaintiffs also assert that experts may supplement and elaborate upon their reports, and that the *Jermano* limitation does not apply here because plaintiffs did not know defendant would make an argument regarding this information until Coffman's deposition.

Rule 26(e) allows for supplementation of an expert opinion if a party later learns the disclosure is materially incomplete or incorrect, or as ordered by the Court, but it does not grant "a license to freely amend expert reports to bolster a party's position." *Bentley v. Highlands Hosp. Corp.*, No. CV 15-97-ART-EBA, 2016 WL 5867496, at *4 (E.D. Ky.

Oct. 6, 2016).  Here, the Court issued an order to extend the class certification dates, including the date to file "Plaintiffs' (revised) expert report in support of their motion for class certification" [*Id.*].  Plaintiffs argue that they were permitted to file a correct report, and that the extension order did not place any restrictions on its scope.  This is not the case. Defendant had filed an emergency motion to extend the class certification dates, stating how Coffman had to prepare a new report to correct "numerous errors" identified in the original report [Doc. 120].  Defendant asserted "Mr. Coffman was unable to predict how long it would take for him to attempt to correct the errors in his report and exhibits (as well as any additional errors he might find)" [*Id.*].  The motion was withdrawn, and the Court entered an agreed upon order with the new due dates [Doc. 122].  This order was not a grant for plaintiffs to submit the report again as if in the first instance, but was an order issued in response to errors such that the parties may fix them and continue with depositions based on better and more accurate information.  *See Id.* ("Rather, supplementation is limited to correcting inaccuracies or filling interstices in an initial disclosure. Courts have therefore permitted parties to fill gaps in initial reports when they later learn of the missing information. . . . But courts have routinely rejected attempts to add new analyses, opinions, or theories under the guise of supplementation.") (internal citations and quotations omitted).  Plaintiffs state "all the Scheduling Order [Doc. 122] did was swap out old dates for new ones" [Doc. 198 p. 2] and that the new report would "supersede" the original. However, even the words used in the order to describe the new report as "revised" suggests

changes to existing content, not the addition or supplementation of new content. The price impact opinion was therefore new and was an impermissible addition.

Plaintiffs' argument that the price impact analysis added in the original report is a rebuttal of defendant's argument is belied by the fact that Coffman later filed a rebuttal report. If plaintiffs argue the revised report supersedes the first, they cannot also argue the added information is a rebuttal, as there is nothing yet to rebut. "Rebuttal expert testimony is permitted after the parties' initial disclosures only where it is intended solely to contradict or rebut evidence on the same subject matter identified by another party. Such testimony cannot be used to advance new arguments or new evidence." *Blake v. Securitas Sec. Servs.*, Inc., 292 F.R.D. 15, 17 (D.D.C. 2013) (internal citations and quotations omitted). As plaintiffs point out, defendant did not argue, nor did Judge Poplin rule, that this information should be stricken from the rebuttal report which remains in the case [Doc. 177 n.6]. Defendant only disputes its inclusion in the corrected report.

Plaintiffs also argue that Rule 37(c)(1) may provide recourse and allow for the price impact opinion to be included. The Rule states under failure to disclose or supplement, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." While the information was properly excluded under Rule 26(e) as an improper supplementation, it was not because of a failure to provide information they now seek to use, as it is still in the case in the rebuttal report, or failure to supplement, since they did in

fact file a corrected report. This was excluded because the supplementation was the wrong kind of information included at the wrong time. Rule 37 and the substantially justified or harmless clause provides no recourse for plaintiffs.

The Court is not persuaded by plaintiffs' argument that defendant did not move to exclude the opinion on the basis of timeliness. Defendant included this argument in their memorandum in support of the motion. The memorandum is designed to further expound upon the shorter motion, and the local rules state that the briefs shall include a concise statement of the grounds to justify relief. E.D. Tenn. L.R. 7.1. Defendant's brief includes this ground for relief.

For these reasons, Judge Poplin's ruling that this is a new opinion and should be stricken is not clearly erroneous nor contrary to law, and plaintiffs' objection is **OVERRULED**.

### B. Defendant's Objections on Reliability of Coffman's Opinions

First, defendant objects to Judge Poplin's ruling that Coffman's opinion on the efficiency of the market for common stock is reliable [Doc. 189 p. 12]. Judge Poplin wrote that defendant "simply disagrees with Coffman's conclusions" and defendant's arguments about the evidence "goes to the weight of Coffman's opinion as opposed to its admissibility" [Doc. 171 p. 26–27], citing *Buck v. Ford Motor Co.* in support as stating "[t]he important thing is not that experts reach the right *conclusion, but that they reach it via a sound methodology.*" 810 F. Supp. 2d 815, 831 (N.D. Ohio 2011) (emphasis added). Defendant argued that they provided case law that rejected expert testimony based on such

8

low percentages of statistically significant common stock price changes, and Judge Poplin did not provide a reason for rejecting those cases [Doc. 189 p. 12]. However, she did discuss some of defendant's cases and included parentheticals as to why they were not directly applicable to the exclusion at issue here.

Plaintiff argues that these cases defendant cites reject expert opinions for their merit, which is not at issue in a *Daubert* challenge at this junction. Instead, the focus is on the methodology of the expert's analysis [Doc. 194 p. 10–11]. Defendant's cases cited in their objections do not demonstrate Judge Poplin's ruling was contrary to law.[3]

Judge Poplin described Coffman's method and results [Doc. 171 p. 24–25]. She then discussed defendant's argument that this data does not support the conclusion that the market is efficient. Defendant agreed there is not a specific threshold requirement and argued, as here, that courts reject event studies where less than 50% of the news days cause a statistically significant price reaction. Judge Poplin correctly found that these cases go toward the weight of the opinion in that there is a possibility this data may not establish market efficiency but that they do not go toward exclusion. Disagreement with Coffman's conclusion that there were efficient markets is not grounds for exclusion. *North v. Ford*

---

[3] *Ohio Pub. Employees Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, No. 4:08CV0160, 2018 WL 3861840, at *5 (N.D. Ohio Aug. 14, 2018) (granting a motion to exclude when the methodology had a variety of problems; the four statistically significant price movements out of nine "news" days were part of a test based on an insufficient sample size, among other problems in the report); *In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Sec. Litig.*, 281 F.R.D. 174, 182 (S.D.N.Y. 2012) (holding that twenty-eight (28) percent of news days was insufficient to satisfy the fifth *Cammer* factor and denying class certification, not granting a motion to exclude); *Rose v. Truck Centers, Inc.*, 388 F. App'x 528, 536 (6th Cir. 2010) (excluding an unreliable expert report for being based on unsupported assumptions and evidence contradicted by the record)

9

*Motor Co.*, 505 F. Supp. 2d 1113, 1117 (D. Utah 2007). Disputes about the conclusion Coffman reached are to be addressed at a different point in the litigation. Here, where the admissibility, not the merit, is at issue, defendant has not shown Judge Poplin's ruling was contrary to law, and the objection is **OVERRULED**.

Second, defendant objects to Judge Poplin's conclusion that Coffman's errors regarding market efficiency of the preferred stock go to the weight rather than the admissibility of the opinion. Defendant relies upon the case law presented in the previous objection and identifies some of defendant's expert's findings on the issue. For the same reasons as above, Judge Poplin correctly found that the criticisms of the opinion go toward its weight, not its admissibility, and the objection is **OVERRULED**.

## C. Defendant's Objections on Methodology for Analyzing Market Efficiency

First, defendant objects to Judge Poplin's conclusion "that Coffman's methodology for identifying the dates and times of events and news days is reliable" [Doc 189 p. 14] and that she did not offer an explanation for why defendant's arguments were not well taken or address that the errors in Coffman's calculations were fundamental [*Id*. p. 15]. Defendant focuses on incorrect inputs of market dates or times, which changed the number of statistically significant events and argues that in determining reliability of an expert's testimony, courts consider whether there is a high known or potential rate of error in the expert's methodology [*Id*. p. 14]. Defendant argues that because Coffman's methodology had such a high rate of error, it is therefore unreliable. However, this conflates the methodology itself with the application of a methodology or its data input.

10

Later in the order, Judge Poplin addressed that the Sixth Circuit has rejected the "garbage in, garbage out" argument that erroneous data necessarily produces an erroneous conclusion [Doc. 171 p. 53]. Such an argument is "unpersuasive because it fundamentally confuses the *credibility and accuracy* of [an expert's] opinion with its *reliability*." *In re Scrap Metal Antitrust Litig*., 527 F.3d 517, 529 (6th Cir. 2008). An attack on incorrect data inputs instead goes to the weight of the evidence, not its admissibility. *Id*. at 530. The question here is to determine not whether the opinion is correct, but "to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *Id*.

Judge Poplin excerpted the portions of Coffman's reports wherein he explains the errors and how they did not "impact in any way the ultimate conclusions to be drawn from the analysis or the opinions I have offered in this case. In addition, the errors do not indicate that the methodology used in my report, which is standard and regularly accepted by Courts throughout the country, is inadequate in any way . . . . [I] empirically demonstrated that my ultimate conclusions and opinions were unaffected by the errors. My overall methodology was unaltered" [*Id*. p. 39]. Finding that the errors did not affect the conclusions, Judge Poplin rejected defendant's argument that this made the methodology unreliable. The methodology which uses this data remained the same.

Defendant now fails to identify an error in the methodology instead of the data input into that methodology. The cases defendant cites in support of its argument are taken out

11

of context.[4]  Defendant offers no caselaw to support that defects in the data or application, rather than in the methodology, are grounds for exclusion.  Judge Poplin's conclusion was not clearly erroneous or contrary to law, and defendant's objection is **OVERRULED**.

Second, defendant objects to Judge Poplin's conclusion that Coffman's methodology "controlled for market reactions cause by other events and disclosures around the same dates and times" [Doc. 189 p. 15].  Additionally, defendant objects to Judge Poplin's ruling that this criticism goes to the weight of the opinion.  Because an expert is required under Rule 26 to disclose all opinions and the facts or data considered in forming an opinion, defendant argues that he would have been required to disclose the opinion as to whether other events and disclosures could have caused the price movements he observed.  Defendant contends that his assertion that he performed a test in a deposition without evidence or data reflecting that analysis cannot be credited [*Id*. p. 16].

Judge Poplin discussed the parties' arguments and excerpted the referenced portion of the deposition in which Coffman was asked what, if anything, he did to control for other events.  Coffman responded that he would have looked at that, but without looking at his backup data, he could not remember the details.  Judge Poplin found that defendant's criticism and Coffman's inability to remember at the deposition goes toward the weight,

---

[4] *Devereux v. Knox Cty., Tennesse*e, No. 3:17-CV-197-JRG-HBG, 2019 WL 4865192, at *12 (E.D. Tenn. June 17, 2019), report and recommendation adopted, No. 317CV00197JRGHBG, 2019 WL 4305743 (E.D. Tenn. Sept. 11, 2019) (excluding expert report when the Court calls expert's opinion into question in light of undisputed evidence contrary to the opinion); *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007) (citing the *Daubert* factors generally with respect to methodology, not data errors).

12

not the admissibility of the statement. Judge Poplin stated that Coffman could be cross-examined on the issue about whether he controlled for other events.

Defendant's statement that the test was unsupported by evidence or backup data is contradicted by Coffman's deposition wherein he stated the backup data would have reflected such an analysis, but he simply could not remember at the present time. Whether or not it was appropriately reflected in the data or the extent to which he controlled for other events could be analyzed on cross-examination. That Coffman did not believe defendant's suggested controls were appropriate or perform those controls is not a reason for exclusion of the opinion, but an issue of weight and disagreement between the experts of the appropriate analysis. Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to disclose information, the party may not be allowed to use that information unless the failure was substantially justified or harmless. Here, Coffman says the analysis is supported in the backup data, but if it were not, the omission is harmless as it can be clarified on cross-examination. Exclusion of the whole opinion is not appropriate for the potential omission of one step early in the analysis where there are further opportunities to clarify the opinion. Judge Poplin's conclusion is thus not clearly erroneous or contrary to law, and defendant's objection is **OVERRULED**.

Third, defendant objects to Judge Poplin's conclusion that Coffman "properly controlled for the price of oil" [*Id.* p. 16]. Coffman had used the incorrect index and claimed the error had no impact on his conclusions. Defendant contends this was a significant error in the application of his methodology. Defendant argues that Coffman did

13

not properly apply the methodology "he claimed was appropriate to the facts of this case" [*Id*. p. 18]. While Coffman did intend to use the ICE WTI Light Sweet Crude Oil Index and instead accidentally used the NYMEX WTI Light Sweet Crude Oil Index, he "never suggested that the NYMEX Index as the one and only possible choice of indices in the first place. Certainly, the ICE Index . . . used is also a valid control for oil prices, which was the overall intent of the analysis" [Doc. 142-1 ¶ 42].

Defendant's argument that he did not use the appropriate index for this case is belied by Coffman's statements that there are several indices available to apply here. Defendant therefore fails to demonstrate why this difference amounts to something more than an error in data input, which is not a proper ground for exclusion of expert testimony. *Stuckey v. Online Res. Corp*., No. 2:08-CV-1188, 2012 WL 1808943, at *6 (S.D. Ohio May 17, 2012). This objection is therefore akin to the first objection in this section. Judge Poplin stated that using the other index was not a basis for excluding the report, as there is no indication one is wrong, unreliable, or inappropriate in this case. Both traced the same commodity but used different exchanges to track the futures price [Doc. 189 p. 44]. He applied the methodology in the same way, just using different data.

Defendant also argues that Coffman incorrectly calculated returns for many dates in the event study, not applying the methodology for determining an oil price index that defendant claims is required [*Id*. p. 18]. By fixing the errors or correcting the oil price index, defendant contends Coffman would have to change many of the items in the study. Defendant does not provide any support that Coffman is required to use a particular

14

methodology; the experts just disagree as to their methods. As Judge Poplin noted, defendant does not argue that this produces inconsistent results, but just points to returns it believes are incorrect [Doc. 171 p. 49]. Defendant argues this statement shifts the burden to defendant instead of plaintiff. However, it just identifies that defendant had not presented an argument that requires exclusion. That defendant's expert would perform the analysis in a different manner does not require the conclusion that plaintiffs' expert is unreliable. Judge Poplin properly considered the parties' arguments, and the conclusion was not clearly erroneous or contrary to law. The objection is therefore **OVERRULED**.

Fourth, defendant argues Judge Poplin "incorrectly concluded that Coffman's methodology need not be subject to heightened scrutiny" because it was devised solely for litigation [Doc. 189 p. 20]. Defendant states that Judge Poplin "glossed over the point with the observations that Coffman 'has familiarity with the subject matter' and 'was responsible for conducting and managing analysis in a wide variety of areas' for years" but that nothing responded to the "undisputed fact" that the methodology was created for litigation [*Id*. p. 20–21]. Plaintiffs argue that this methodology is used in "nearly every securities case litigated over the past 20 years" and that defendant has not cited any cases wherein this was subjected to heightened scrutiny. Judge Poplin also identified the standard where heightened scrutiny does not apply when the opinion grows naturally out of research done independently of litigation. *Banks v. Bosch Rexroth Corp.*, No. CIV.A. 5:12-345-DCR, 2014 WL 1364763, at *3 (E.D. Ky. Apr. 7, 2014) (citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 435 (6th Cir.2007). Additionally, she stated

"if a witness has extensive familiarity with the subject to which he is seeking to offer an opinion, it will be admissible even if it was prepared only for litigation" [Doc. 171 p. 49 (quoting *Banks*, 2014 WL at *3)]. Citing Coffman's degrees in economics and public policy and experience in managing analysis in this area, Judge Poplin concluded that the opinion was not subject to heightened scrutiny. Defendant fails to identify how the ruling was clearly erroneous or contrary to law. The objection is thus **OVERRULED**.

### D. Defendant's Objections on Methodology for Preferred Stock Event Studies

First, defendant objects that Judge Poplin incorrectly concluded that Coffman's computation of returns on the preferred stock were reliable [Doc. 189 p. 21]. Defendant argues that Coffman incorrectly computed the returns by ignoring the dividend payments that the investors received, which affected coefficients for a few of the regression models and later affected the statistical significance of event days [*Id.*]. While Judge Poplin found this error was one in the data that goes to weight, defendant contends this error was in the methodology of calculating returns or the application of the methodology, which goes to admissibility [*Id.*].

Coffman said adjustment for dividend payments was appropriate and was his intention to include them but that a member of his staff made an error in the spreadsheet, and "failed to realize the manual calculations erroneously and inadvertently eliminated the dividend adjustment" [Doc. 142-1 ¶ 37 n.83]. Defendant classifies this error as a "major methodological flaw" and that he "departed from accepted methodologies" [Doc. 189 p. 22]. Defendant attempts to include this data error as part of the methodology, rather than

16

as a preliminary step of data entry in preparation of the dataset. Defendant also states that Coffman conceded "his formula was wrong" [*Id.*], but he does not. Coffman admits his staff made an error and stated that the error affected a small minority of returns, and the criticism does not affect the specific conclusion of a cause and effect relationship or the ultimate conclusion that there were efficient markets [Doc. 142-1 ¶¶ 37, 39].

Judge Poplin relied on *In re Scrap Metal* and its citation of *Quiet Tech. DC–8, Inc. v. Hurel–Dubois UK Ltd.,* 326 F.3d 1333, 1343–44 (11th Cir.2003) to find that this issue goes to the weight of the opinion and that flaws in generally reliable scientific evidence are better addressed by cross examination [Doc. 171 p. 53–54]. In *In re Scrap Metal*, an expert incorrectly used a price index and made alterations to those prices. 527 F.3d at 529. There, even altering the data intentionally was not enough to conclude there was a significant error in application of the methodology that goes to admissibility. This case, where the error was made by an accidental omission, should not exclude the expert opinion. Rejection of expert testimony is the exception, rather than the rule. [*Id.*] This ruling was not contrary to law, and defendant's objection is therefore **OVERRULED**.

Second, defendant objects that Judge Poplin "incorrectly concluded that Coffman's methodology for the preferred stock event studies was not reliable even though he altered his methodology and followed a non-standard practice" [Doc. 189 p. 23]. Defendant contends that this methodology biased the event study toward a particular result and renders the work unscientific [*Id.*] and that Judge Poplin "took Coffman's explanations" for selecting news items in the event study "at face value, ignoring that courts regularly

17

exclude expert testimony where the expert employs unscientific or biased methodologies" [*Id*. p. 24–25].

However, defendant does not provide the Court with any basis to support its claim that Coffman's method was non-standard, biased, unscientific, or inappropriate. While true that courts may exclude testimony when it is unscientific or biased, defendant fails to show how this evidence here was actually unscientific or biased, and how Judge Poplin's decision was clearly erroneous or contrary to law.

Judge Poplin reviewed Coffman's methodology and how he chose particular news events at length [Doc 171 p. 27–35]. She considered defendant's arguments regarding Coffman's selections of events and determined they go to the weight of Coffman's opinion, not the admissibility [*Id.* p. 31]. Judge Poplin determined the selections were not biased and were reliable given Coffman's reasoned explanation for his decisions as being tailored to the specific needs of the case [*Id*. p. 56]. Defendant here has provided no basis for finding that this was clearly erroneous given her reasoned explanation, nor has defendant provided support that this decision was contrary to law. The objection is thus **OVERRULED**.

Third, defendant objects that Judge Poplin did not appropriately address Coffman's autocorrelation analysis and that the conclusion stating this issue goes toward class certification is incorrect, as the data does not support his opinion [Doc. 189 p. 25–26]. Defendant then repeats arguments describing why Coffman's analysis is incorrect.

However, Judge Poplin did in fact address the autocorrelation analysis. She reviewed the parties arguments, the general concept of autocorrelation, the experts' disagreements and opinions on the issue, and concluded that the dispute was a matter for consideration on whether the *Basic* assumption applies during class certification [Doc. 171 p. 56–60]. Additionally, the case defendant cites for the proposition that "an expert's testimony is unreliable and must be excluded if his data does not support his opinions" [Doc. 189 p. 26] actually states that the opinion has a flaw when the "theory does not match the facts." *In re Xcelera.com Sec. Litig.*, No. CIV.A. 00-11649-RWZ, 2008 WL 7084626, at *1 (D. Mass. Apr. 25, 2008). The selection of a theory on appropriate facts is distinct from whether that theory or method supports a conclusion. As Judge Poplin noted, "[d]efendant cites no authority that autocorrelation must be tested as Dr. Attari has proposed" [Doc. 171 p. 59]. Such a statement does not shift the burden to defendant, but simply states that defendant's argument is unavailing. Judge Poplin's ruling was not clearly erroneous or contrary to law, and the objection is **OVERRULED**.

### E. Defendant's Objections on Calculating Damages

Defendant first objects to Judge Poplin's ruling finding Coffman's Section 11 damages methodology is reliable, arguing the statutory formula cannot be applied without knowing the original offering price for those shares. Defendant states that it did not argue that reliance on the statutory formula makes the opinion unreliable, without stating what makes it unreliable. Defendant argues the statutory formula does not allow for calculation of an investor's potential damages, but does not demonstrate how this goes to reliability.

19

Whether the calculation of damages is adequate or correct is an issue of weight, not admissibility. As Judge Poplin determined, "[d]efendant's criticism is better suited in determining whether the Section 11 Class should be certified" [Doc. 171 p. 61]. Defendant has not provided reasons or cases why the ruling was clearly erroneous or contrary to law, and the objection is therefore **OVERRULED**.

Second, defendant objects to Judge Poplin's ruling that the Section 10(b) damages methodology is reliable [Doc. 189 p. 27]. Defendant states that the methodology cannot distinguish between high and low risk investors, as it "must" given the materialization of the risk theory in this case. [*Id.*]. Additionally, defendant contends that Judge Poplin's finding that this criticism goes to the weight, not the admissibility of the opinion "represents an improper repudiation of the Court's proper role as gatekeeper. Expert opinion testimony based on fundamentally unsound scientific methodology should be excluded from evidence under the standards cited above" [*Id.* p. 29].

Defendant cites *Ludlow v. BP, P.L.C.*, 800 F.3d 674, 691 (5th Cir. 2015), for the proposition that the opinion must be excluded because there is no differentiation between the two types of investors [*Id.* p. 28]. Contrary to defendant's argument, in that case, the Fifth Circuit did not exclude the opinion; it considered the opinion and affirmed the district court's decision not to certify a class because the damages model could not be applied uniformly across the class. *Ludlow*, 800 F.3d at 691. The opinion was rejected, not excluded, which makes this criticism an issue of weight, not admissibility. Defendant has

20

not provided any authority that the distinction between high and low risk investors is required for an opinion to be admissible.

Though defendant may not think it is the most apt assessment of damages, the opinion is still reliable. *Ludlow* supports plaintiffs' position that the issue is one of weight. Judge Poplin properly analyzed the parties' arguments, discussed Coffman's measure, and listed cases wherein this method had been approved [Doc. 171 p. 62–64]. Defendant has not provided reasons Judge Poplin's ruling was clearly erroneous or contrary to law, and the objection is thus **OVERRULED**.

### F. Defendant's Objection Regarding an Evidentiary Hearing

Defendant objects to Judge Poplin's ruling to deny an evidentiary hearing in this case, stating she erred in that conclusion [Doc. 189 p. 29]. In her order, Judge Poplin stated that the Court held a motion hearing on December 10, 2019 about all pending motions. Additionally, she stated "the Court is satisfied that the record is sufficient" and detailed the large amount of information and briefing that had been presented to the Court in support of the motions [*Id.*]. Defendant argues that the parties were not informed of an evidentiary hearing, and defendant did not have an opportunity to cross-examine Coffman. Defendant states "[t]he failure to hold an evidentiary hearing is particularly troubling here, where Coffman made fundamental errors, and where the Magistrate Judge agreed that KPMG should be allowed to cross-examine him" [*Id.*]. However, defendant does not provide any basis as to why Judge Poplin's ruling was incorrect. In fact, the Court is not obligated to hold a *Daubert* hearing. *Clay v. Ford Motor Co.*, 215 F.3d 663, 667 (6th Cir. 2000).

Defendant had the opportunity to examine Coffman at depositions and does not provide case law that a hearing was required. Defendant thus fails to show why the ruling was clearly erroneous or contrary to law, and this objection is **OVERRULED**.

### III.    Conclusion

As explained above, the parties have failed to demonstrate that Magistrate Judge Poplin's order on the motion to exclude is clearly erroneous or contrary to law, as would be required for the Court to overturn it. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Accordingly, the parties' objections [Docs. 177, 179, 189] are hereby **OVERRULED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE