UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**LEWIS COSBY, ERIC MONTAGUE AND** )
**MARTIN ZIESMAN** as Co-Trustee for the Carolyn )
K. Ziesman Revocable Trust on behalf of themselves )
And all others similarly situated, )
  )
        Plaintiffs, ) Case No.: 3:16-cv-00121-TAV-DCP
  ) **ORAL ARGUMENT**
vs. ) **REQUESTED**
  )
**KPMG, LLP**, )
  )
        Defendant. )
_____

**MEMORANDUM IN SUPPORT OF THE FOREGOING MOTION**
_____

NOW INTO COURT, comes the above named Plaintiffs and files this Memorandum in Support of the Foregoing Motion:

**FACTUAL BACKGROUND**

The instant case was filed on March 14, 2016. The case is set for trial on February 8, 2022. No depositions have been taken in the case. This Court is well aware of prior case(s) against Miller Energy and Plaintiff will not recount those facts. The instant case is against KPMG, LLP, Miller Energy's Auditor, whose action(s) caused the injuries to Plaintiffs.

The Securities and Exchange Commission in its Order of August 15, 2017 provided

> **"the Securities and Exchange Commission ("Commission") deems it appropriate public administrative and cease and desist proceedings be, and hereby are, instituted against KPMG, LLP ("KPMG") and John Riordan, CPA ("Riordan") and collectively with KPMG, ("Respondents") pursuant to Sections 4c and 21c of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 102 (e)(1)(ii) of the Commission's Rules of Practice."**
> **"In anticipation of the institution of these proceedings KPMG and Riordan offered a settlement which was then incorporated with the charges and findings of the SEC."**

1

## ARGUMENT

Plaintiffs are aware that this Court usually hears Motions in Limine shortly before trial. Plaintiffs request this Court rule on this Motion, as no depositions have been taken in this case as of the date of this filing, and a ruling on this evidence will allow both parties a roadmap as to how to proceed first with depositions and then summary judgment, which is presently scheduled on or about October 12, 2021.

The outcome of this litigation may rely upon the ability of Plaintiffs to place into evidence the charges, factual findings, conclusions and opinions from the United States Securities and Exchange Commission Order of August 15, 2017. Fed. Rule of Evidence 803(8); excludes from the hearsay rule investigative reports that set out matters observed while under a legal duty to report; including factual findings from the legally authorized investigation, Fed. Rule of Evidence 803(8).

Plaintiffs recognize that evidence pertaining to the fact of compromise and settlement of the SEC Administrative proceeding must be excluded under FRE 408; however, the investigative charges, findings, opinions and conclusions of the SEC are admissible and are not excluded by FRE 408. See Option Resource Group vs. Chambers Development Co., 967 F. Supp. 846 (W.D. Pa. 1996).

In *Bank of Lexington v. Vining-Sparks Securities* 959 F. 2d 606 (6th Cir. 1992) the court held:

> **"Opinions, conclusions, and evaluations, as well as facts, fall within the Rule 803(8)(C) exception. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 168-69, 109 S.Ct. 439, 449, 102 L.Ed2d 445 (1988). Further, the Advisory Committee notes that the rule "assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present." In light of this presumption of admissibility, the party opposing the admission of the report must prove that the report is not trustworthy. *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 558 (6th Cir. 1978), cert. denied, 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979).**

In the Sixth Circuit, courts must evaluate four factors to determine trustworthiness: "(1) the timeliness of the investigation upon which the report is based, (2) the special skill or

2

experience of the investigators, (3) whether the agency held a hearing, and (4) possible motivational problems." *Alexander v. CareSource*, 576 F.3d 551, 563 (6th Cir. 2009). The Advisory Committee Notes to Rule 803 indicate a presumption of admissibility; the party opposing admission has the burden of proving a lack of trustworthiness. *Conde v. Velsicol Chemical Corp.*, 804 F. Supp. 972, 994 (S.D. Ohio 1992).

Plaintiffs submit that the following Orders should be admissible in evidence by this Court:

1) Securities and Exchange Commission charges filed August 6, 2015 in the matter of Miller Energy Resources, Paul Boyd, CPA, David M. Hall, and Carlton W. Vogt, III CPA

2) Findings of Securities and Exchange Commission in the Order filed January 12, 2016 in the matter of Miller Energy resources, Inc., Paul Boyd, CPA, David M. Hall, and Carlton W. Vogt, III, CPA

3) Securities and Exchange Commission Order of August 15, 2017 instituting Public Administrative and Cease and Desist Proceedings in the matter of KPMG, LLP and John Riordin, CPA should be admitted into evidence without any reference to compromise or settlement.

This the 30th day of May, 2021.

Respectfully Submitted by:

*/s/ Gordon Ball*
Gordon Ball, Esq. (BPR #001135)
GORDON BALL, LLC
3728 West End Avenue
Nashville, Tennessee 37205
Phone: (865) 525-7028
Email: **gball@gordonball.com**

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 30th, 2021 I electronically filed the foregoing with the Clerk of the Court via the Court's Electronic Filing System, which will provide electronic notification to all Filing Users.

Dated: May 30, 2021

/s/ *Gordon Ball*
Gordon Ball, Esq. (BPR #001135)
GORDON BALL, LLC
3728 West End Avenue
Nashville, Tennessee 37205
Phone: (865) 525-7028
Email: **gball@gordonball.com**