# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

---

LEWIS COSBY, KENNETH R. MARTIN, as beneficiary of the Kenneth Ray Martin Roth IRA, and MARTIN WEAKLEY on behalf of themselves and all others similarly situated,

               Plaintiffs,

     v.

KPMG LLP,

              Defendant.

No. 3:16-cv-00121-TAV-DCP

---

**DEFENDANT KPMG LLP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' FIRST MOTION IN LIMINE PURSUANT TO FRE 803(8)**

Defendant KPMG LLP ("KPMG") submits this memorandum in opposition to Plaintiffs' Motion in Limine Pursuant to Federal Rule of Evidence 803(8) (the "Motion in Limine") to deem three U.S. Securities and Exchange Commission ("SEC") documents admissible into evidence at the trial in this case (the "SEC Documents"). (ECF No. 215.)

## ARGUMENT

The Court should deny the Motion in Limine because the documents at issue – products of settlements – are inadmissible under Federal Rule of Evidence 408. Plaintiffs seek to introduce three SEC Documents: (1) an order instituting proceedings against Miller Energy Resources, Inc., Paul W. Boyd, CPA, David M. Hall, and Carlton W. Vogt, III, CPA, dated August 6, 2015 (the "August 6, 2015 Document"); (2) a settlement of that order instituting proceedings against Miller Energy Resources, Inc., dated January 12, 2016 (the "January 12, 2016 Document"); and (3) an order instituting proceedings, and settling such proceedings, against KPMG and John Riordan, CPA, dated August 15, 2017 (the "August 15, 2017 Document"), all of which are inadmissible. (Mot. in Limine, Exs. 1-3.)

The orders instituting proceedings ("OIPs") are used by the SEC to begin, and in the case of settlements, at the same time settle, actions administrative investigations. It is well established that settlement OIPs are inadmissible settlement evidence under Rule 408. *See S.E.C. v. Goldstone*, 317 F.R.D. 147, 158 n.12 (D.N.M. 2016) ("The Court does not view the … OIP as fundamentally different from the other Settlement Evidence, as it holds no more probative value than [the former defendant's] settlement in this case."); *In re Blech Sec. Litig.*, 2003 WL 1610775, at *11 (S.D.N.Y. 2003) (excluding SEC OIPs); *see also In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593-94 (S.D.N.Y. 2011) (striking CFTC OIP because it

"was the product of a settlement between the CFTC and [defendants], not an adjudication of the underlying issues in the CFTC proceeding.").

Rule 408 prohibits the use of settlement evidence "to prove or disprove the validity or amount of a disputed claim," and therefore mandates exclusion of all three of the SEC Documents. Fed. R. Evid. 408(a). *See Guthrie v. Ball*, 2014 WL 5089849, at *5 (E.D. Tenn. Oct. 9, 2014) ("Evidence of settlement negotiation and agreement is generally inadmissible for any purpose under Rule 408…"); *Doe v. Aramark Educ., Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) ("Federal Rule of Evidence 408 provides that evidence of a settlement offer or acceptance may not be admitted to show liability for or invalidity of the claim…").

### A. The SEC Documents are settlement evidence, which require exclusion.

The SEC Documents are the quintessential examples of settlement evidence that Rule 408 is designed to protect. The SEC Documents specifically state that respondents submitted "Offers of Settlement […] which the [SEC] has determined to accept." (*See* Mot. in Limine, Ex. 2 at 1, Ex. 3 at 2.) Where, as here, "the SEC Order is itself a document memorializing a settlement agreement which would not have existed absent the settlement" then "the SEC Order falls squarely into the class of evidence deemed inadmissible pursuant to Rule 408." *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, 2008 WL 9358563, at *3 (N.D. Ga. Apr. 23, 2008); *see also Wilson v. Parisi*, 2009 WL 151666, at *1 (M.D. Pa. Jan. 21, 2009) ("Courts generally agree that Rule 408 applies to consent decrees.").

As the Sixth Circuit has explained, "one of the principal justifications for Rule 408 is that evidence of settlement offers is irrelevant." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 480 (6th Cir. 2007). This is because settlements do not admit or deny allegations, thus offering minimal probative value. In *Carpenters*, the court held that a similar SEC settlement

order was inadmissible for this reason, finding it "significant to the matter at issue" that the defendant "did not admit to any of the SEC's findings, and the SEC Order's findings and conclusions were not adjudicated by" the defendant. *Carpenters*, 2008 WL 9358563, at *1. So too is the case here—none of the defendants in the SEC Documents admitted to any of the SEC's findings. (*See* Mot. in Limine, Ex. 3 at 2 ("Respondents have submitted Offers of Settlement…without admitting or denying the findings herein . . ."); *id*., Ex. 2 at 1-2.) Thus, any purported "findings" by the SEC have minimal, if any, probative value; "they are unreliable because the offers of settlement may be motivated by desire for peace." *In re Tenet Healthcare Corp. Sec. Litig.*, 2007 WL 5673884, at *2 (C.D. Cal. Dec. 5, 2007) (holding that the "SEC Consent Orders are inadmissible under Rule 408" as "[t]he findings and opinions of the SEC Consent Orders in this case are based on the KPMG accountants' offers of settlement.").

Additionally, as the court in *Carpenters* explained, "the high public policy value of encouraging entities and individuals to settle their disputes with the SEC," and "[a]dmitting the SEC Order into evidence in this matter would likely have a chilling effect on future attempts by the SEC to settle similar cases[.]" *Carpenters*, 2008 WL 9358563 at *3; *see also Doe*, 206 F.R.D. at 463 ("Rule 408 and its policy goal of encouraging settlements are accorded a sanctity that would be violated if admission of the settlement agreements were allowed in this case[.]"). This rationale, equally applicable here, reinforces the inadmissibility of the SEC Documents.

**B.     Plaintiffs are improperly attempting to use settlement evidence to prove their claims.**

Plaintiffs are attempting to use the settlement evidence to "prove or disprove the validity or amount of a disputed claim," which is improper under Rule 408. Fed. R. Evid. 408(a). *Doe*, 206 F.R.D. at 463 (denying admission of settlement agreement where "assertions by Plaintiffs make it clear to this Court that Plaintiffs' intended use of the settlement agreements…is to prove

3

[defendant's] liability in this case" because "[b]oth Rule 408 and common sense dictate the principle that the fact of settlement does not equal liability.").

Plaintiffs assert that the entire "outcome of the litigation may rely upon" Plaintiffs' ability to put into evidence the SEC Documents, and thus plainly seek to use the settlement evidence to prove or disprove the validity of their claims. (Mot. in Limine at 2.) Courts have found less overt statements sufficient to establish that the purpose of the admission sought is to prove liability. *See, e.g., Accident Ins. Co., Inc. v. U.S. Bank Nat'l Ass'n*, 2019 WL 2566950, at *3 (D.S.C. June 21, 2019) ("[T]hough Plaintiff does not expressly state that the purpose for offering the government investigation documents is to prove Defendant's liability…it appears clear to the court that Plaintiff seeks to introduce these documents to validate its claims."). Because Plaintiffs seek to use settlement evidence to prove or disprove their claims, the Motion in Limine must be denied based on Rule 408.

### C. The cases Plaintiffs rely on are inapposite.

The sole case Plaintiffs rely on to support their proposition that the SEC Documents are admissible, *Option Res. Grp. v. Chambers Dev. Co.*, 967 F. Supp. 846 (W.D. Pa. 1996), is an outlier out of district case that is inapposite. Indeed, the court in *Option Resource* acknowledged that "settlements in the SEC proceedings…must be excluded by the plain language of" Rule 408. *Id.* at 849. Nonetheless, the *Option Resource* court found the "SEC's factual findings and conclusions" admissible "under Rule 803(8)(C), the 'public records and reports' hearsay exception." *Id.* at 851. But, where the orders are inadmissible under Rule 408, the Rule 803(8)(C) hearsay exception is irrelevant. As the court in *Carpenters* explained, *Option Resource* is a decision best understood as an attempt to "graft[] the hearsay exception in Rule 803(8)(C)…onto Rule 408." 2008 WL 9358563, at *4. But, "Rule 803(8)(C) is not a back door vehicle for the introduction of evidence which is otherwise inadmissible." *Id.*; *see also*

4

*Goldstone*, 317 F.R.D. at 158 n.12 ("Rule 803(8) does not make any investigative findings per se admissible.").

Whether or not the SEC Documents fall within an exception to the hearsay prohibition is an entirely different question. The other case Plaintiffs mention, *Bank of Lexington v. Vining-Sparks Sec.*, 959 F. 2d 606 (6th Cir. 1992), similarly focuses only on the "Rule 803(8)(C) exception." Neither *Option Resource* nor *Bank of Lexington* has any bearing as to whether the SEC Documents are admissible pursuant to Rule 408.

### D.  The SEC Orders are inadmissible for additional reasons.

Even if the Court finds that the SEC Documents are admissible under Rule 408, the Court should still deny the SEC Orders pursuant to Rules 401 and 403. In addition to the reasons stated above, the SEC Documents are also inadmissible under Rule 403 because it would "lead to juror confusion" and "cause undue prejudice[.]" *Trout v. Milton S. Hershey Med. Ctr.*, 572 F. Supp. 2d 591, 597 (M.D. Pa. 2008) (citing Fed. R. Evid. 403) (excluding settlement agreement from evidence because it "would distract a jury from adjudicating [defendant's liability] with a settlement…potentially driven by a variety of tangential considerations.").

The court in *United States v. Park*, 2008 WL 2338298, at *7 (C.D. Cal. May 27, 2008) excluded settlement evidence for similar reasons, holding that "the probative value of the [settlement evidence] is substantially outweighed by the likelihood that its admission would result in confusion of the issues." The potential for confusion due to the admission of settlement evidence is strong. As the court in *Park* explained, "even if [the defendant was] able to identify a permissible purpose for admitting [settlement evidence] under Rule 408, the court would have to give limiting instructions that might lead to jury questions or confusion." *Id.* Additionally, where, as here, there are "disputed facts surrounding the settlement itself, the court would

5

effectively have to conduct a mini-trial regarding [the] settlement negotiations" which would result in distraction and jury confusion." *Id.* Thus, to avoid causing undue prejudice and confusion, the Court should exclude the SEC documents under Rule 403 as well.

The SEC Documents are also inadmissible pursuant to Rule 401 because the SEC Documents do not fall within the definition of "relevant evidence" under Rule 401. *See* Fed. R. Evid. 401. As discussed, Plaintiffs specifically seek to introduce evidence here to prove liability. (Mot. in Limine at 2.) However, "[u]nder the Federal Rules of Evidence, evidence of settlements and settlement offers is specifically considered irrelevant for purposes of establishing liability." *Minor v. Cty. of L.A.*, 2015 WL 13711269, at *3 (C.D. Cal. Sept. 23, 2015). Thus, the SEC Documents are inadmissible for additional reasons as well.

## CONCLUSION

Defendant respectfully requests that the Court deny Plaintiffs' Motion as inadmissible pursuant to Rule 408 or, in the alternative, as premature and overbroad.

Dated: June 9, 2021

Respectfully submitted,

/s/ Gregory G. Ballard
MCDERMOTT WILL & EMERY LLP
Gregory G. Ballard (admitted *pro hac vice*)
Ludwig von Rigal (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173
Telephone: 212-547-5330
Email: gballard@mwe.com
Email: lvonrigal@mwe.com

Allyson E. Riemma (admitted *pro hac vice*)
444 West Lake Street
Chicago, IL 60606
Telephone: 312-372-2000
Email: ariemma@mwe.com

WALLER LANSDEN DORTCH & DAVIS, LLP
Paul S. Davidson (TN BPR # 011789)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: 615-244-6380
Email: paul.davidson@wallerlaw.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
Gary F. Bendinger (admitted *pro hac vice*)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: 602-262-5353
Email: gbendinger@lrrc.com

*Counsel for Defendant KPMG LLP*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing has been served to the following individuals via the CM/ECF system and e-mail this 9th day of June 2021:

Gordon Ball
W. Gordon Ball, Attorney At Law
7001 Old Kent Drive
Knoxville, TN 37919
gball@gordonball.com

Steven J. Toll
Cohen, Milstein, Sellers Toll PLLC
1100 New York Avenue NW
Fifth Floor
Washington, DC 20005-3934
stoll@cohenmilstein.com

Laura H. Posner
88 Pine Street, 14th Floor
New York, NY 10005
lposner@cohenmilstein.com

                                        */s/ Gregory Ballard*
                                        Gregory Ballard