UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **LEWIS COSBY, ERIC MONTAGUE AND MARTIN ZIESMAN** as Co-Trustee for the Carolyn K Ziesman Revocable Trust on behalf of themselves And all others similarly situated, <br><br>  Plaintiffs, <br><br> vs. <br><br> **KPMG, LLP,** <br><br>  Defendant. | Case No.: 3:16-cv-00121-TAV-DCP <br> **ORAL ARGUMENT REQUESTED** |

## PLAINTIFF'S RESPONSE TO KPMG RESPONSE TO PLAINTIFF'S FIRST MOTION IN LIMINE

Plaintiffs submit this response to KPM's filing of June 6, 2021 objecting to Plaintiff's First Motion in Limine.

KPMG defends by saying that all the documents are SEC documents which require exclusion pursuant to Federal Rule of Evidence 408 (FRE). This position is not accurate.

The Plaintiffs first document seeking admission is a Complaint filed on July 6, 2015, which is seeking Cease-and-Desist Order. These charges were against Miller Energy; Paul Boyd, CPA; David Hall; and Carlton Vogt III, CPA.

> **Rule 408. Compromise Offers and Negotiations; Federal Rules of Evidence.**
>
> (a) **Prohibited Uses.** Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

1

(1) furnishing, promising, or offering – or accepting promising to accept or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

**(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

"[D]ecisions regarding the admission and exclusion of evidence are peculiarly within the competence of the district court." *Aldridge v. Forest River, Inc.,* 635 F.3d 870, 874 (7th Cir. 2011) (internal quotations and citations omitted). Under Federal Rule of Evidence 408, "Evidence of the following is not admissible. . . to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and (2)
conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority." FRE 408(a). However, "[t]he court may admit this evidence for another purpose. . . ." FRE 408(b)."

**Rule 803. Exceptions to the Rule Against Hearsay; Federal Rules of Evidence.**

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

**(8) Public Records.** A record or statement of a public office if:

(A) it sets out:

(i) the office's activities;

2

(ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

(iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Federal Rule of Evidence 803(8)(A)(iii) provides an exception to the rule against hearsay for "[a] record or statement of a public office if it sets out. . . in a civil case. . . factual findings from a legally authorized investigation…" The party opposing the admission of the evidence has the burden to show that "the source of information or other circumstances indicate a lack of trustworthiness." FRE 803(8)(B). Administrative findings may be admissible evidence and a district court "retains significant discretion as to whether such material ought to be admitted" *Halloway v Milwaukee Cty.,* 180 F.3d 820, 827 n.9 (7th Cir. 1999) (internal citations omitted).

In *Meyer v Ward and Calhoun*, No. 1:13-cv-03303, United States District Court Northern District of Illinois (2017), the court held:

**B. The SEC Order Instituting Proceedings.**

"The SEC OIP (Pl. Exh. 11) is admissible evidence under the exception to hearsay in Federal Rule of Evidence 803(8)(A)(iii). The SEC OIP is an order issued after an investigation conducted pursuant to the SEC's authority under the Securities and Exchange Act of 1934. 15 U.S.C.S. § 78u."

"The Seventh Circuit Court of Appeals has stated that the presumption of admissibility of a Rule 803(8)(A)(iii) report "has considerable force." *Daniel v Cook Cnty.,* 833 F.3d 728, 742 (7th Cir. 2016). *See also Mathin v. Kerry*, 782 F.3d 804, 809 (7th Cir. 2015) (holding that district court did not err in considering investigative report of the Diplomatic Security Service of the Department of State, which was admissible under Rule 803(8)); *Baz v. Walters,* 782 F.2d 701, 705 n.2 (7th Cir. 1986) (trial court did

3

not err in admitting findings of Equal Employment Opportunity Commission investigation); *Abrams v Van Kampen Funds, Inc.,* 2005 U.S. Dist. LEXIS 531,, R *56-62 (N.D. Ill. Jan. 12 2005) (admitting under Rule 803(8) SEC letters issued following an SEC inspection of funds)."

"The Seventh Circuit's opinion in *Daniel v. Cook Cnty.* is instructive. The Seventh Circuit held that an agreed order entered into between the U.S. Department of Justice (DOJ) and Cook County related to health care at Cook County Jail was not admissible to prove the truth of the statements in the order. 833 F.3d at 743. But the DOJ investigative report that gave rise to the federal lawsuit and agreed order was admissible evidence under the exception to hearsay in Rule 803(8)(A)(iii). *Id.* at 740-743. The Court explained that "[w]e assume that public officials, in crafting such a report, acted 'properly and without bias.'" *Id* at 740 (internal citations omitted). Similarly, here, although the SEC Consent Decree is not admissible, the SEC OIP is admissible under Rule 803(8)(A)(iii)."

Accordingly, findings in the SEC OIP are admissible. *See United States v. Sutton,* 337 F.3d 792, 797 (7th Cir. 2003) ("The Supreme Court made clear in *Beech Aircraft Corp. v. Rainey* 488 U.S. 153, 163-64 (1988), that the Rule 803(8)(C) exception encompasses opinions and conclusions and is not limited to purely factual findings.")

## **CONSENT ORDERS**

The first two paragraphs of the two Consent Orders of January 12, 2016 and August 15, 2017 are replicated below.

January 12, 2016 order:

### I.

On August 6, 2015, the Securities and Exchange Commission ("Commission") instituted proceedings pursuant to Section 8A of the Securities Act of 1933 ("Securities Act") and Section 21C of the Securities Exchange Act of 1934 ("Exchange

4

Act") against Miller Energy Resources, Inc. ("Miller Energy" or "Respondent").

## II.

Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party and without admitting or denying the findings herein,, except as to the Commission's jurisdiction over it and the subject matter of these proceedings, which are admitted, Respondent consent to the entry of this Order Making Findings and Imposing a Cease-and-Desist Order and Penalties Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934 As To Miller Energy Resources, Inc. (the "Order"), as set forth below.

August 15, 2017 Order:

## I.

The Securities and Exchange Commission ("Commission") deems it appropriate that public administrative and cease-and-desist proceedings be, and hereby are, instituted against KPMG LLP ("KPMG") and John Riordan,, CPA ("Riordan" and collectively with KPMG, "Respondents") pursuant to Section 4C and 21C of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 102(e)(1)(ii) of the Commission's Rules of Practice.

## II.

In anticipation of the institution of these proceedings, Respondents have submitted Offers of Settlement (the "Offers") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over them and over the subject matter of these proceedings, which are admitted, and except as provided herein in Section V, Respondents consent to the entry of this Order Instituting Public Administrative and Cease-and-Desist Proceedings Pursuant to Sections 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the

5

>     Commission's Rules of Practice, Making Findings, and Imposing
>     Remedial Sanctions and a Cease-and-Desist Order ("Order"), as
>     set forth below.

The admissibility of government investigation documents fall into one of two categories ultimately determining either (1) that the documents in their entirety are expressly inadmissible based on FRE 408 as KPMG suggests, or (2) that the Factual Findings and Conclusions are admissible under FRE 803(8)'s public records and report hearsay exception.

Clearly, any evidence pertaining to the fact of compromise and settlement of the SEC administrative proceedings and knowledge that a Consent and Final Judgment issued against KPMG should be excluded. However, the findings, opinions, and conclusions being rendered pursuant to the SEC's independent obligations to enforce the securities laws and not as a part of the actual compromise negotiations are not governed by FRE 408. *Option Res. Grp. V. Chambers Dev. Co.,* 967 F.Supp. 846, 849 (W.D. Pa., 1996). In *Option*, the SEC Consent Decree was inadmissible under FRE 408, but the SEC Findings, Opinions, and Conclusions rendered pursuant to its independent obligations to enforce the securities laws were admissible under Rule 803(8).

>     "However, the Findings and Opinions/Conclusions of the
>     SEC, being rendered pursuant to the SEC's independent
>     obligations to enforce the securities laws and not as a part of the
>     actual compromise negotiations, are not governed by Rule 408."
>     *United States v. 320.0 Acres of Land*, 605 F.2d 762 (5th Cir. 1979).
>     See also *United States v. Gluk,* 811 F.3d 738 (5th Cir. 2016).

Defendant has not met their burden in this case.

Moreover, the fact that an agency or the parties before it provide by rule or stipulation that the factual findings are not binding and disclaim their viability in other proceedings does not control their admissibility in federal civil proceedings, wherein the admissibility of evidence is

6

governed by the Federal Rules of Evidence unless overridden by the constitution, an act of Congress, or Supreme Court rule. Accordingly, the SEC's factual findings, including its opinions and conclusions, are admissible under Rule 803(8)(C). Any mention of Settlement or Consent Decree should be excised from the Consent Orders.

    This the 14th day of June, 2021.    Respectfully Submitted by:

*/s/ Gordon Ball*
Gordon Ball Esq. (BPR #001135)
GORDON BALL, LLC
3728 West End Avenue
Nashville Tennessee 37205
Phone: (865) 525-7028
Email: **gball@gordonball.com**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY THAT ON June 14, 2021, I electronically filed the foregoing with the Clerk of the Court via the Court's Electronic Filing System, which will provide electronic notification to all Filing Users.

Dated: June 14, 2021

*/s/ Gordon Ball*
Gordon Ball, Esq. (BPR #001135)
GORDON BALL, LLC
3728 West End Avenue
Nashville, Tennessee 37205
Phone: (865) 525-7028
Email: **gball@gordonball.com**

8

Case 3:16-cv-00121-TAV-DCP   Document 220   Filed 06/14/21   Page 8 of 8   PageID #: 21035