IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---

LEWIS COSBY, ERIC MONTAGUE and MARTIN ZIESMAN, as Co-Trustee for the Carolyn K. Zeisman Revocable Trust, on behalf of themselves and all others similarly situated individually and on behalf of all others similarly situated,

     Plaintiffs,

    v.

KPMG LLP,

     Defendant.

No. 3:16-cv-00121-TAV-DCP

---

## DEFENDANT KPMG LLP'S OPPOSITION TO LEAD PLAINTIFFS' MOTION TO MODIFY STAY

KPMG LLP ("KPMG") submits this opposition to Plaintiffs' motion to modify stay (ECF No. 226) (the "Motion").

Plaintiffs' request to modify the stay order to compel the completion of KPMG's document production before the settlement conference, which the parties have confirmed availability for on November 4, 2021, should be denied for two reasons. First, KPMG has already produced a majority of its documents (totaling 180,762 pages), including its audit workpapers and nearly all documents produced to the Securities and Exchange Commission ("SEC"). Contrary to the assertions in their Motion, Plaintiffs have the documents they need to prepare for the upcoming settlement conference. Second, requiring KPMG to complete its document production in the next few weeks (before the November settlement conference) is unduly burdensome, an inefficient use of the parties' time and resources, and will likely lead to further delay if Plaintiffs are to meaningfully review any further production.

## BACKGROUND

The Court stayed this action on February 12, 2018, pending resolution of KPMG's motion to dismiss the second amended complaint. (ECF No. 75). On October 23, 2018, the Court lifted this stay due to the resolution of the motion to dismiss. (ECF No. 79).

KPMG then made three productions of documents on February 8, March 4, and March 11, 2019, consisting of KPMG engagement partner John Riordan's handwritten notes and emails, email communications and other documents from nine additional custodians, client acceptance and policy and procedure documents, and audit workpapers from 2011, the first year KPMG audited Miller Energy's financial statements.

The Court then stayed this action again on March 19, 2019, pending resolution of Plaintiffs' motion to certify the class. (ECF No. 109). On May 7, 2021, the Court granted Plaintiffs' motion to certify the class and lifted the stay. (ECF No. 212).

After this stay was lifted, KPMG made two more document productions, on July 2 and 6, 2021, which included additional policy and procedure documents, portions of certain custodian's personnel files, and audit workpapers from 2012, 2013, and 2014, including the audit workpapers regarding impairment from 2015. KPMG also produced to Plaintiffs, with a few agreed upon exceptions, all documents KPMG produced to the SEC in connection with the SEC's investigation. These productions include all of the key documents relevant to this action.

After several meet and confer discussions with Plaintiffs, in August 2021, KPMG agreed to collect and produce additional non-privileged ESI from an additional twenty custodians. When the Court issued its August 26, 2021 order staying this case pending the resolution of the Court-ordered settlement conference with Magistrate Judge Steger (ECF No. 225), KPMG was in the process of collecting, reviewing, and preparing for production of that additional ESI.

On September 29, 2021, Plaintiffs filed a motion requesting that the Court partially lift the stay to permit one-way discovery, demanding that KPMG complete its document production no later than October 15, 2021 while requesting that the stay remain in place as to all discovery from Plaintiffs and third-parties. (ECF No. 226.) On September 30, 2021, Magistrate Judge Steger contacted the parties to schedule a settlement conference, and proposed several dates in November 2021. The parties have since confirmed with his chambers that they will be available to attend a settlement conference on November 4, 2021.

# ARGUMENT

Plaintiffs' request to modify the Court's order and partially lift the stay should be denied. It is well-settled that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Eastwood v. United States*, 2008 WL 5412857, at *1 (E.D. Tenn. Nov. 14, 2008). The Court appropriately exercised its discretion here by staying the action pending completion of the settlement conference.

Plaintiffs assert that "complet[ing] document discovery is critical to ensuring a productive settlement conference" and "both parties would benefit from a more complete and shared picture of the evidence underlying the case." (Mot., ¶ 10.) This argument is unavailing. As discussed above, KPMG has already made five document productions (totaling 180,762 pages) to Plaintiffs, including the critical documents in this case such as the audit workpapers, voluminous emails and other communications, and virtually all documents previously produced to the SEC. These documents are the key documents Plaintiffs need to assess the settlement value and merits of their case because they contain the records of KPMG's audit work. The additional ESI Plaintiffs have requested is the proverbial fishing expedition. Perhaps in recognition of this, Plaintiffs voluntarily participated in a private mediation in July 2021 without the production of the additional documents they now claim to need.

Moreover, modifying the stay and requiring KPMG to complete its document production in advance of the settlement conference (while leaving the stay in place as to any discovery KPMG wishes to take from Plaintiffs and third parties) would be unduly burdensome (and unfair) to KPMG. As discussed above, the parties and Magistrate Judge Steger are in the process of scheduling the settlement conference. Logistically, it is unlikely that Plaintiffs will have an

opportunity to meaningfully review any additional documents produced by KPMG in advance of Plaintiffs' submission of its mediation statement and the settlement conference.

Plaintiffs have not and cannot demonstrate that an additional production from KPMG in advance of the settlement conference is required to avoid undue prejudice to them. This alone requires the Court to deny Plaintiffs' Motion. *See Willis v. Big Lots, Inc.*, 2014 WL 12656500, at *3 (S.D. Ohio Apr. 16, 2014) (denying plaintiff's motion to partially lift the mandatory discovery stay because "Plaintiff has not demonstrated that production of the subject documents is necessary to avoid undue prejudice."). Between the many previous document productions by KPMG, and the impracticability of Plaintiffs reviewing additional documents before November 4, 2021, Plaintiffs are not prejudiced and the additional production is unnecessary.

Further, it is unlikely Plaintiffs' Motion will be resolved prior to their arbitrary October 15 deadline. And even if Plaintiffs' Motion is granted, it would be unduly burdensome, if not impossible, (and time consuming and expensive) to require KPMG to complete its review and production of the additional ESI from over twenty custodians in only a few days' time. Even if the Court modifies the stay and orders KPMG to produce these documents, it will take some time for KPMG to resume and finish the process of collecting, reviewing, and producing the additional non-privileged ESI for the approximately twenty additional custodians. Indeed, to modify the stay will likely require the Court to delay the settlement conference in order to provide KPMG sufficient time to review the documents, and for Plaintiffs' to review the documents prior to the conference. Thus, modifying the stay will only further delay this action.

Lastly, modifying the stay to require KPMG to produce documents (without granting it the ability to seek documents) undermines the precise reason courts implement stays—to avoid expensive discovery when it may be unnecessary. *Shuster v. Olem*, , 1997 WL 27041, at *1

(S.D.N.Y. Jan. 23, 1997) (denying plaintiff's motion to lift stay because the court is "not going to permit wide ranging document discovery given the cost and burden that such discovery necessarily entails."); *Spierer v. Rossman*, 2014 WL 4908025, (S.D. Ind. Sept. 30, 2014) ("[T]here was good cause to keep the stay of discovery in place pending the resolution of the 'potentially dispositive' motion for summary judgment" before permitting 'unduly burdensome and expensive discovery.'").

Thus, Plaintiffs' demand for documents—purportedly to ensure "a productive settlement conference"—obfuscates Plaintiffs' true purpose for requesting additional documents from approximately twenty custodians (a request that arose prior to the Court's order requiring a settlement conference). Plaintiffs simply want to receive the documents on their desired schedule. Plaintiffs do not need additional documents prior to the settlement conference, and, consistent with the Court's order, KPMG will resume its document production, if needed, after the settlement conference.

5

# CONCLUSION

For the foregoing reasons, KPMG respectfully requests that the Court deny Plaintiffs' Motion to Modify Stay.

Dated: October 8, 2021

Respectfully submitted,

/s/ Gregory G. Ballard
MCDERMOTT WILL & EMERY LLP
Gregory G. Ballard (admitted *pro hac vice*)
Ludwig von Rigal (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: 212-547-5330
Email: gballard@mwe.com
Email: lvonrigal@mwe.com

Allyson E. Riemma (admitted *pro hac vice*)
444 West Lake Street
Chicago, IL 60606
Telephone: 312-372-2000
Email: ariemma@mwe.com

WALLER LANSDEN DORTCH & DAVIS, LLP
Paul S. Davidson (TN BPR # 011789)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: 615-244-6380
Email: paul.davidson@wallerlaw.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
Gary F. Bendinger (admitted *pro hac vice*)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: 602-262-5353
Email: gbendinger@lrrc.com

*Counsel for Defendant KPMG LLP*

# CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of the foregoing has been served to the following individuals via the CM/ECF system and e-mail this 8 day of October 2021:

Gordon Ball
W. Gordon Ball, Attorney At Law
7001 Old Kent Drive
Knoxville, TN 37919
gball@gordonball.com

Steven J. Toll
Susan G. Taylor
Jan E. Messerschmidt
Cohen, Milstein, Sellers Toll PLLC
1100 New York Avenue NW
Fifth Floor
Washington, DC 20005-3934
stoll@cohenmilstein.com
sgtaylor@cohenmilstein.com
jmesserchmist@cohenmilstein.com

Laura H. Posner
88 Pine Street, 14th Floor
New York, NY 10005
lposner@cohenmilstein.com

                                                    */s/ Gregory Ballard*
                                                    Gregory Ballard