UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Lewis Cosby, Eric Montague, and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, on behalf of themselves and all others similarly situated individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>KPMG LLP,<br><br>    Defendant. | Case No. 3:16-cv-121 (TAV) |

## LEAD PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY STAY

 It is hardly surprising that KPMG asks the Court to keep discovery stayed given that is what KPMG has wanted all along. In just the past year alone, KPMG has asked both this Court and the Sixth Circuit to stay discovery three separate times. *See, e.g.*, ECF No. 187; 213; *In re KPMG LLP*, No. 21-505, ECF No. 5 (6th Cir. May 21, 2021). Given KPMG's desperate attempts to stay discovery throughout this litigation, it is unsurprising that KPMG asks the Court to keep discovery stayed now.[1] What is striking is just how little KPMG offers to support that request.

 KPMG first argues that it "already produced a majority of its documents" and "Plaintiffs have the documents they need to prepare for the upcoming settlement conference." KPMG Br. 2-3. But

---

[1] Plaintiffs did not request, as KPMG claims, that the stay "remain in place as to all discovery from Plaintiffs and third parties." KPMG Br. 2. To the contrary, Plaintiffs would prefer that the Court lift the stay as to all discovery, including discovery from third parties. And in any event, KPMG has already taken full discovery of Plaintiffs and has served no third-party subpoenas.

1

KPMG does not explain how it could know that to be the case. After all, KPMG also told the Court last August that it was "currently in the process of reviewing voluminous documents based on the parties' near-final agreement on search terms and custodians." ECF No. 223. Now, more than two months later, KPMG claims it will still "take some time for KPMG to resume and finish the process of collecting, reviewing, and producing the additional non-privileged ESI." KPMG Br. 4. So either KPMG has finished its review of the remaining documents (and so producing them poses little burden) or it has not finished its review (and so KPMG cannot know how important the documents are)— it cannot have it both ways.

Next, KPMG argues that completing document discovery would be "unduly burdensome" and "unfair," claiming that it will "take some time for KPMG to resume and finish the process of collecting, reviewing, and producing" the remaining documents. KPMG Br. 4. For this reason, KPMG contends that it is "unlikely" that Plaintiffs will be able to "meaningfully review" those documents before the upcoming settlement conference. KPMG Br. 4. Putting aside that KPMG is in no position to say what Plaintiffs are capable of doing, KPMG can hardly invoke "logistical" challenges that it alone created. KPMG was originally supposed to complete its document production more than two years ago, just three weeks after the Court last stayed the case. ECF No. 96 at 3. And after the Court lifted that stay, KPMG told the Court that it had *agreed* to produce all these documents by September 10, then just two weeks after the Court stayed the case for a second time. ECF No. 223. In other words, KPMG should have been prepared over a month ago to complete its document production in two weeks. So KPMG can hardly claim that it "unduly burdensome" now—over a month later—to require KPMG to complete that production in the same amount of

time. At the very least, KPMG should produce the documents that it has already reviewed, which it already conceded makes up the bulk of its remaining production.

In sum, nothing is "unduly burdensome" about requiring KPMG to complete discovery that it should have been prepared to complete more than two years ago. Nor is there anything "unfair" about requiring KPMG to complete document production that it agreed to complete a month ago.[2] If KPMG knew that the remaining documents were in fact unimportant to settlement negotiations, KPMG would have produced them by now. Instead, KPMG has repeatedly and desperately attempted to prevent production of those documents. So KPMG either knows that those documents would strengthen Plaintiffs' case or fears that they might do so. And that alone is reason enough to grant Plaintiffs' motion.

## CONCLUSION

For the reasons above, Plaintiffs request that the Court grant their motion and partially lift the stay for the limited purpose of KPMG's completion of document production, and order KPMG to complete its document production no later than October 15, 2021.

---

[2] Plaintiffs are not, as KPMG incorrectly claims, required to show that completing discovery "is required to avoid undue prejudice to them." That showing, as KPMG's own cited case explains, is required only when a party requests that the Court lift the mandatory discovery stay required by the PSLRA during the pendency of any motion to dismiss. *See Willis v. Big Lots, Inc.*, No. 12-cv-604, 2014 WL 12656500, at *1 (S.D. Ohio Apr. 16, 2014) (citing 15 U.S.C. § 78u-4(b)(3)(B)). But even if Plaintiffs had to show undue prejudice, the Court already found that Plaintiffs have done so when it denied KPMG's last motion to stay discovery. *See* ECF No. 222 at 13 (noting that Plaintiffs explained that "they will be prejudiced by further delay since the events at issue occurred 12 years ago, and the claims were brought in 2016" with at least "one witness who may not be available").

3

Case 3:16-cv-00121-TAV-DCP   Document 228   Filed 10/12/21   Page 3 of 4   PageID #: 21079

Date: October 12, 2021

/s/ Laura H. Posner

Laura H. Posner
Cohen Milstein Sellers
& Toll PLLC
Laura H. Posner
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 220-2925
Fax: (212) 838-7745
lposner@cohenmilstein.com

Steven J. Toll
Susan G. Taylor
Jan E. Messerschmidt
1100 New York Ave. NW, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
sgtaylor@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

Gordon Ball PLLC
Gordon Ball (TN BPR #001135)
7001 Old Kent Drive
Knoxville, TN 37919
Tel: (865) 525-7028
Fax: (865) 525-4679
gball@gordonball.com

*Co-Lead Counsel for the Classes*