# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LEWIS COSBY, ERIC MONTAGUE, and MARTIN ZIESMAN, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, on behalf of themselves and all others similarly situated individually and on behalf of all others similarly situated, | Case No. 3:16-cv-121 (TAV) |
| Plaintiffs, | |
| v. | |
| KPMG LLP, | |
| Defendant. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This stipulation and agreement of settlement is made and entered into by and between Lewis Cosby, Eric Montague, and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust (collectively "Lead Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendant KPMG LLP ("KPMG" or "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Stipulation"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve and dismiss with prejudice the Action[1] and all of the claims against Defendant.

**WHEREAS:**

A.     The initial complaint in this Action, asserting claims against Deloy Miller, Scott M. Boruff, Paul W. Boyd, Charles M. Stivers, David M. Hall, Merrill A. McPeak, Jonathan S. Gross, David J. Voyticky, Don A. Turkleson, Gerald Hannahs, Marceau N. Schlumberger, Bob G. Gower,

---

[1] All capitalized words or terms not otherwise defined herein shall have the meaning for those words or terms as set forth in the section below entitled "Definitions" at ¶ 1.

1

Joseph T. Leary, William B. Richardson, Carl E. Giesler, Jr., A. Haig Sherman and KPMG LLP, was filed on March 15, 2016;

B.      By order dated February 17, 2017, the Court appointed Lewis Cosby and Kenneth Martin as Lead Plaintiffs and appointed Gordon Ball PLLC ("Ball") as Lead Counsel.  On May 18, 2017, Lead Plaintiffs moved for Cohen Milstein Sellers & Toll, PLLC ("Cohen Milstein") to be appointed as Co-Lead Counsel with attorney Ball.  The Court granted the motion and appointed Cohen Milstein as Co-Lead Counsel on July 24, 2017;

C.      On May 9, 2017, Plaintiffs filed an Amended Complaint asserting claims against KPMG and Scott Boruff.  Defendant moved to Dismiss the Amended Complaint on July 7, 2017.

D.      On September 15, 2017, Plaintiffs filed a Second Amended Complaint asserting claims for (1) violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against Defendant; (2) violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(a) and (c) promulgated thereunder against Defendant; and (3) violation of Section 11 of the Securities Act, on behalf of Lead Plaintiffs and the Class.  On October 20, 2017, Defendant moved to dismiss the Second Amended Complaint;

E.      By order dated August 2, 2018, the Court denied in part and granted in part Defendant's motion to dismiss the Second Amended Complaint.  Defendant filed an Answer to the Complaint on September 7, 2018;

F.      On March 1, 2019, Plaintiffs filed a motion to substitute Eric Montague and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, for Kenneth Martin and Martin Weakley as Class Representatives.  Defendant opposed the motion on April 12, 2019, and Plaintiffs filed their reply on June 28, 2019;

G.     On March 15, 2019, Plaintiffs filed a Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel and submitted the Expert Report of Chad Coffman in support.  By Court Order dated March 19, 2019, the motion was referred to the Magistrate Debra C. Poplin and the Action was stayed except for resolution of the class certification motion. Defendant opposed the motion on May 21, 2019, and moved to exclude the Expert Report and Testimony of Chad Coffman.  Plaintiffs filed the Reply in Support of Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel on June 14, 2019, and the Opposition to Defendant's Motion to Exclude on June 28, 2019.  On July 19, 2019, Defendant filed its Reply in Support of its Motion to Exclude;

H.     Oral argument on Plaintiffs' class certification motion, Plaintiffs' motion to substitute and Defendant's motion to exclude was held on December 10, 2019;

I.     On June 29, 2020, Magistrate Poplin entered an Order granting Plaintiffs' Motion to Substitute, entered an Order granting in part and denying in part Defendant's Motion to Exclude the Report and Testimony of Chad Coffman, and issued a report and recommendation that Plaintiffs' Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel be granted;

J.     On July 13, 2020, Plaintiffs filed a Third Amended Complaint.  Defendant moved to dismiss this complaint on July 27, 2020.  Plaintiffs filed an opposition on September 25, 2020 and Defendant filed a reply on October 2, 2020.  The Court granted in part and denied in part the motion to dismiss on May 7, 2021;

K.     On July 27, 2020, both Plaintiffs and Defendant filed objections to portions of Magistrate Poplin's Order on the motion to exclude Chad Coffman's expert report and testimony. Briefing on those objections occurred during August and September 2020;

3

L.     Defendant also objected on July 27, 2020 to the report and recommendation to certify the classes and appoint Class Counsel.  The parties submitted briefing on this objection during August and September 2020;

M.     On May 7, 2021, the Court entered an order overruling all of the objections to Magistrate Poplin's order on the motion to exclude the expert testimony and accepted in whole the report and recommendation to certify both classes.  Accordingly, the Court granted Plaintiffs' Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel;

N.     On May 21, 2021, Defendant filed in the Sixth Circuit the Petition of KPMG LLP for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f) to challenge the Court's Order on class certification.  Plaintiffs filed an opposition to the petition on June 1, 2021, and Defendant filed a motion for leave to file a reply on June 7, 2021.  Plaintiffs opposed that request on June 11, 2021;

O.     Simultaneously, Defendant filed a motion to stay all proceedings in the District Court pending its appeal to the Sixth Circuit.  Plaintiffs filed an opposition to the Motion to Stay on June 4, 2021;

P.     Defendant also filed an Emergency Motion for a Stay of Proceedings Pending Resolution of its 23(f) Petition, and if Granted, 23(f) Appeal in the Sixth Circuit on May 25, 2021. Plaintiffs opposed this Motion on June 4, 2021, and Defendant replied on June 11, 2021;

Q.     The District Court entered an order Denying Defendant's motion to stay all proceedings on June 29, 2021;

R.     On July 15, 2021, the parties engaged in a private mediation session before JAMS mediator Robert A. Meyer that was unsuccessful in resolving the Action.

4

S.      On August 26, 2021, the Court referred the Action to Magistrate Steger for a judicially-hosted settlement conference and stayed the Action pending the mediation.  The first session with Magistrate Steger took place on November 4, 2021, and the second session with Magistrate Steger took place on November 23, 2021.

T.      Co-Lead Counsel has conducted an extensive investigation, pursued discovery, and analyzed the claims and researched the applicable law with respect to the claims against the Defendant and its potential defenses thereto;

U.      Co-Lead Counsel and Defendant's Counsel have engaged in arm's length negotiations to resolve the claims by Lead Plaintiffs and the Classes against Defendant, and have now agreed to settle those claims on terms that include the payment of $35,000,000 for the benefit of the Classes;

V.      Based upon their independent investigation, Co-Lead Counsel and Lead Plaintiffs have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the Settlement Class, and are in the Settlement Class' best interests, and have agreed to settle the claims raised in the Action with the Defendant pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefit that the Settlement Class will receive from the Settlement, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and

W.      Defendant denies that it committed any acts or omissions giving rise to any liability and/or violation of law, was prepared to continue to vigorously defend against the Action, and is entering into this Settlement solely to avoid the burden and expense of further litigation.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacked merit, and without any concession by Defendant of any liability or wrongdoing or lack of merit in

its defenses, and with express denial by Defendant of any liability or wrongdoing, it is hereby **STIPULATED AND AGREED**, by and among the parties to this stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto, that all Settled Claims as against Defendant shall be compromised, settled, released and dismissed on the merits and with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1.     As used hereinafter in this Stipulation, the following terms shall have the following meanings:

a.     "Action" means *Lewis Cosby, et al. v. KPMG, LLP*, No. 16-cv-121, pending in the United States District Court for the Eastern District of Tennessee.

b.     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim to the Claims Administrator and does not opt out.

c.     "Cash Settlement Amount" means $35,000,000.

d.     "Claims Administrator" means Epiq Global, the firm retained by Co-Lead Counsel, subject to Court approval, which shall mail and publish the Notices, process Proofs of Claim and distribute the Settlement Amount to Authorized Claimants.

e.     "Settlement Class" means:

(1)     All persons and entities, their agents, successors in interest, assigns, heirs, executors, and administrators who purchased Miller Energy common stock and Series C or Series D preferred stock between August 29, 2011 and July 30, 2015 (the "Settlement Class Period") and who were damaged thereby (the "Section 10(b) Class").  Excluded from the Section 10(b) Class are KPMG, the Officers, Directors, Partners, and affiliates of KPMG at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any

6

entity in which KPMG has or had a controlling interest, and the Officers, Directors, Partners, and affiliates of Miller Energy at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Miller Energy has or had a controlling interest; and

(2)     All those who purchased Miller Energy Series C or Series D preferred shares pursuant to or traceable to the Offering Documents (the "Section 11 Class"). Excluded from the Section 11 Class are KPMG, the Officers, Directors, Partners, and affiliates of KPMG at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which KPMG has or had a controlling interest, and the Officers, Directors, Partners, and affiliates of Miller Energy at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Miller Energy has or had a controlling interest.

f.     "Settlement Class Distribution Order" means an order of the Court approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein, and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator and, if the Effective Date has occurred, directing payment of the Settlement Fund to Authorized Claimants.

g.     "Settlement Class Member" means any person or entity who or which is a member of the Settlement Class and is not excluded therefrom.

h.     "Settlement Class Period" means the period between August 29, 2011 and July 30, 2015.

i.     "Co-Lead Counsel" means Cohen Milstein Sellers & Toll PLLC and Gordon Ball PLLC.

7

j.      "Complaint" means the Third Amended Class Action Complaint filed in the Action by Lead Plaintiffs on July 13, 2020.

k.      "Court" means the United States District Court for the Eastern District of Tennessee.

l.      "Defendant" means the only remaining defendant named in the Third Amended Complaint, KPMG LLP.

m.      "Defendant's Claims" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action and liabilities of any kind or nature whatsoever in law or in equity, including both known and Unknown Claims, held at any point from the beginning of time to the date of the execution of this Stipulation, which claims have been or could have been asserted by the Defendant against any of the Released Plaintiff Parties and which arise out of or relate in any way to the institution or prosecution of the Action.

n.      "Defendant's Counsel" means the law firms of McDermott Will & Emery LLP, Waller Lansden Dortch & Davis LLP and Lewis Roca Rothgerber Christie LLP.

o.      "Defendant's Releasees" means KPMG LLP, and each and all of its past and present directors, officers, employees, partners, member firms or affiliates, principals, agents, representatives, stockholders, parents, subsidiaries, divisions, joint venture partners, attorneys, consultants, insurers, co-insurers and reinsurers, spouses, heirs, associates, related or affiliated entities, general or limited partners or partnerships, limited liability companies, members, estates, administrators, predecessors, successors, assigns, immediate family members, or any trusts for which any of the foregoing are trustees, settlers or beneficiaries, or any Persons or other entities in which any Defendant Releasee has a controlling interest or which is related to or affiliated with any Defendant Releasee, and any other representatives, including legal representatives, of any of

8

the foregoing Persons or other entities, whether or not they were named, served with process or appeared in the Action.

p.    "Effective Date," or the date on which the Settlement becomes "effective," means the date upon which the Judgment becomes Final.

q.    "Escrow Account" means the interest-bearing account maintained by the Escrow Agent into which the Settlement Amount shall be deposited.  The Escrow Account shall be controlled and maintained by Co-Lead Counsel on behalf of Lead Plaintiffs and the Classes.

r.    "Escrow Agent" means The Huntington National Bank, the financial institution selected by Co-Lead Counsel to receive, hold, invest and disburse the Settlement Amount pursuant to the terms of this Stipulation and the Escrow Agreement.

s.    "Escrow Agreement" means the escrow agreement among Co-Lead Counsel and the Escrow Agent with respect to the Escrow Account.

t.    "Final Fairness Hearing" means the hearing to be held by the Court to make a final decision pursuant to federal Rule of Civil Procedure 23 as to whether this Settlement Agreement is fair, reasonable and adequate and, therefore, should be approved by the Court.

u.    "Final," with respect to the Judgment, means the later of: (i) if there is an appeal from the Judgment (other than an appeal solely to the Court's approval of a Plan of Allocation and/or the Court's award of attorneys' fees, costs or expenses), the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to the grant; or (ii) the expiration of the time for the filing or noticing of any appeal from the Judgment.  Any appeal or proceeding seeking judicial review pertaining solely to (i) Court approval of the Plan of Allocation of the Settlement

Fund; or (ii) the Court's award of attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final or affect the time set forth above for the Judgment to become Final.

v.     "Judgment" means the final proposed judgment to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

w.     "KPMG" means KPMG LLP.

x.     "Miller Energy" means Miller Energy Resources, Inc.

y.     "Net Settlement Fund" means the Settlement Fund less (i) Court awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) any required Taxes; and (iv) any other fees or expenses approved by the Court.

z.     "Notice" means the Notice of Proposed Settlement, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be available to members of the Classes.

aa.     "Notice and Administration Expenses" means all expenses incurred in connection with the preparation, printing and mailing of the Postcard Notice; the preparation and publication of the Publication Notice; the preparation and online publication of the Internet Long Form Notice; provided notice to the Class by mail, publication and other means; receiving and reviewing claims; applying the Plan of Allocation; corresponding with Settlement Class Members; and the costs of the Claims Administrator.

bb.     "Postcard Notice" means the notice of the proposed Settlement which shall be mailed to members of the Class at a later date, substantially in the form attached hereto as Exhibit 4 to Exhibit A.

cc.     "Plan of Allocation" means the plan that Lead Plaintiffs will submit to the Court at a later date and upon notice to the Class that shall be utilized for distribution of the Net Settlement

Fund to Authorized Claimants in a manner consistent with the terms of this Stipulation, and as approved by the Court.

dd.    "Plaintiffs" means Lead Plaintiffs and the Settlement Class Members.

ee.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement, which shall be substantially in the form attached hereto as Exhibit A.

ff.    "Proof of Claim" means the form which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 2 to Exhibit A.

gg.    "Publication Notice" means the notice of the proposed Settlement which shall be published in PR Newswire and *Investor's Business Daily* at a later date, substantially in the form attached hereto as Exhibit 3 to Exhibit A.

hh.    "Released Parties" means the Defendant Releasees and the Released Plaintiff Parties collectively.

ii.    "Released Plaintiff Parties" means Lead Plaintiffs, Plaintiffs' Counsel, and any and all of Plaintiffs' respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past and present officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers and reinsurers, heirs, executors, general or limited liability partners or partnerships, limited liability companies, members, representatives, estates, administrators, predecessors, successors and assigns, or other Persons or other entities in which any Plaintiff has a controlling interest or which is related to or affiliated with Plaintiffs, and any other representatives of any of these Persons or other entities, whether or not any such Released Parties were named, served with process or appeared in the Action.

jj.     "Response Deadline" means the last date on which Settlement Class Members may submit a request for exclusion or objection to the Settlement as set forth in the Preliminary Approval Order.

kk.     "Settled Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, including Unknown Claims, that (a) were or could have been asserted in a complaint in this Action, including but not limited to those asserted in the Class Action Complaint filed on March 14, 2016, the Amended Complaint filed on May 9, 2017, the Second Amended Class Action Complaint filed on September 15, 2017, and the Third Amended Consolidated Complaint filed on July 13, 2020 (collectively, the "Complaint"), (b) could have been asserted in this Action against KPMG, or (c) could in the future be asserted in any forum whether arising under federal, state, common or foreign law, by Lead Plaintiffs or any other member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacities as such, which (i) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, alleged, or referred to in the Complaint or which could have been alleged in this Action; (ii) arise out of, are based upon, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Miller Energy securities; and (iii) could have been asserted against KPMG. Defendant shall release Lead Plaintiffs, the members of the Settlement Class, and their counsel from any claims relating to the institution, prosecution, or settlement of this Action.

ll.     "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

mm.     "Settlement Amount" means $35,000,000 cash.

12

nn.  "Settlement Fund" means the Settlement Amount plus any interest earned on any monies held in the Escrow Account.

oo.  "Settlement Hearing" means the preliminary hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable and adequate and should be approved.

pp.  "Settling Parties" means Lead Plaintiffs and KPMG LLP.

qq.  "Stipulation" means this Stipulation and Agreement of Settlement.

rr.  "Taxes" means all federal, state, local or other taxes on the income earned by the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

ss.  "Termination Notice" shall have the meaning set forth below in ¶ 36.

tt.  "Unknown Claims" means any and all Settled Claims which Lead Plaintiffs in the Action or any Settlement Class Member does not know to exist in his, her, or its favor at the time of the release of Defendant's Releasees, and any Defendant's Claims which Defendant did not know to exist in their favor at the time of the release of the Released Plaintiff Parties, which if known might have affected the decision to enter into the Settlement.  With respect to any and all Settled Claims and Defendant's Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendant shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1452, which provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of

13

> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

The Settling Parties acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that they may discover facts different from or in addition to those that they now know or believe to be true with respect to the subject matter of the Settled Claims, but the Settling Parties expressly have, and each of the Settlement Class Members shall be deemed to have, fully, finally and forever settled and released any and all Settled Claims, known or unknown, suspected or unsuspected, that now exist, or heretofore existed, or may have existed, without regard to the subsequent discovery of different or additional facts. Lead Plaintiffs and Defendant acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Defendant's Claims was separately bargained for and was a key element of this Settlement.

## CLASS CERTIFICATION

2.      The District Court certified the Settlement Class consisting of both the Section 10(b) Class and the Section 11 Class pursuant to a Memorandum Opinion and Order issued on May 7, 2021 (ECF No. 211), and in addition, the Settling Parties stipulate to certification of the Settlement Class pursuant to 23 of the Federal Rules of Civil Procedure solely for purposes of the Settlement and for no other purpose. In the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, the Settling Parties reserve all their rights, including Defendant's rights to seek de-certification in the District Court and object to and oppose class certification on appeal, and this Stipulation shall not be offered as evidence of any agreement, admission, or concession that any class should be or should remain certified in the Action.

## RELEASES

3.     The obligations incurred pursuant to this Stipulation are in full and final disposition of the Action with respect to all Released Parties and any and all Settled Claims and Defendant's Claims.

4.     As of the Effective Date, Lead Plaintiffs and each Settlement Class Member on behalf of themselves, and each of their respective predecessors, successors, parents, subsidiaries, affiliates, agents, representatives, heirs, executors, trustees, and administrators, by operation of the Judgment, will release and forever discharge each and every Settled Claim, as against each and all of the Defendant Releasees and shall forever be barred and enjoined from commencing, instituting or maintaining any of the Settled Claims against the Defendant Releasees.

5.     As of the Effective Date, Defendant by operation of the Judgment, will release and forever discharge each and every Defendant's Claims, and shall forever be barred and enjoined from commencing, instituting or maintaining any of Defendant's Claims against any of the Released Plaintiff Parties.

6.     Only those Settlement Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by Settlement Class Members shall release all Settled Claims against the Released Parties, and shall be substantially in the form attached hereto as Exhibit 2 to Exhibit A.  All Settlement Class Members shall be bound by the releases set forth in this Stipulation, whether or not they submit a valid and timely Proof of Claim.

## THE SETTLEMENT CONSIDERATION

7.     In full settlement of the Settled Claims, including without limitation the claims asserted in the Action against Defendant, and in consideration of the releases specified in ¶ 1 and ¶ 3-6 above, KPMG shall cause to be paid the Case Settlement Amount of $35,000,000 to be paid

into the Escrow Account within fifteen (15) business days after the Preliminary Approval Order is entered. Upon payment of the Settlement Amount into the Escrow Account, Defendant and the Defendant Releasees shall have no further liability or obligation to make payment into the Settlement Fund or otherwise with respect to the Action, the Settlement or this Stipulation, and neither Lead Plaintiffs, Settlement Class Members nor Co-Lead Counsel shall have any recourse against Defendant or Defendant Releasees regarding any of the foregoing.

## USE AND ADMINISTRATION OF SETTLEMENT FUND

8. The Settlement Fund may be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any other fees and expenses approved by the Court; and (v) to pay claims of Authorized Claimants determined valid for payment. The Settlement Fund shall be the sole source for the payment of Taxes, Notice and Administration Expenses, attorneys' fees and expenses awarded by the Court, other fees and expenses approved by the Court, and claims of Authorized Claimants, and Plaintiffs will have no recourse against Defendant with respect to any such payments.

9. Defendant shall have no responsibility or liability for the maintenance or distribution of the Settlement Fund pursuant to this Settlement. Defendant shall not bear any cost or responsibility for Taxes; Notice and Administration Expenses; attorneys' fees and expenses approved by the Court; other fees and expenses approved by the Court; or the allocation or payment of the Settlement Amount among Authorized Claimants.

10. The Net Settlement Fund shall remain in the Escrow Account until the Effective Date, whereafter the Net Settlement Fund shall be distributed to Authorized Claimant as provided in ¶ ¶ 19-29 hereof. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds shall

16

be distributed or returned pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills or, if approved by each of the Co-Lead Counsel and Lead Plaintiffs, in money market funds with one or more of the fifty (50) largest banking institutions in the United States, and shall collect and reinvest all interest accrued thereon. Co-Lead Counsel has structured the Escrow Account so that it will qualify as a "qualified settlement fund," as that term is defined in Treas. Reg. § 1.468B-1, which has been promulgated under Section 468B of the Internal Revenue Code of 1986, as amended) and the parties hereto accordingly agree to treat the Settlement Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1, and that Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.486B-2(k)(3), shall be responsible for timely filing tax returns and any relevant tax filings and documentation relating thereto for the Settlement Fund and timely paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. Defendant as transferor agrees to provide promptly to Co-Lead Counsel the required statement described in Treasury Regulation § 1.468B-3(e).

11. All Taxes shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent without prior order of the Court. Any Tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph, and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Fund shall indemnify and hold Defendant harmless for Taxes and related expenses (including without limitation, taxes payable by reason of any such indemnification), if any, payable by Defendant by reason of the income earned on the Settlement Fund. Defendant shall notify the Escrow Agent promptly it if receives any notice of any claim for Taxes relating to the Settlement Fund.

17

12.     Co-Lead Counsel may pay from the Escrow Account Notice and Administration Expenses up to $200,000 without further agreement of Defendant.

13.     Co-Lead Counsel may pay from the Settlement Amount all reasonable costs and expenses associated with the administration of the Settlement, including, without limitation, the actual costs of identifying and notifying Settlement Class Members, disseminating the Notices, the administrative expenses incurred and fees charged by the Claims Administrator in connection with mailing notices and processing the submitted claims, and any other Notice and Administration Expenses.  In the event that the Settlement is not approved, is terminated or otherwise does not become effective, all monies paid by Defendant into the Settlement Fund shall be returned to the Defendant, with interest actually earned, except that amounts used to pay for Notice and Administration Expenses, up to $200,000, shall not be returned.

14.     Co-Lead Counsel will apply to the Court for a Settlement Class Distribution Order, on notice to Defendant's Counsel, approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants.

15.     This is not a claims-made settlement.  As of the Effective Date, neither Defendant nor any person paying the Settlement Amount or any portion of the Settlement Amount on behalf of Defendant shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Proofs of Claim filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

18

16.     The Claims Administrator will administer the Settlement under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court for all members of the Settlement Class. Defendant and Defendant Releasees will have no responsibility for the administration of the Settlement and shall have no liability to the Settlement Class in connection with such administration, Notice and Administration Expenses, or any related costs or expenses, and shall have no role in the management or investment of the Settlement Fund. Lead Plaintiffs shall be solely responsible, subject to Court approval, for notice to the Settlement Class, administration, and the allocation of the Settlement Amount among Settlement Class members. Such allocation, or changes to any plan of allocation, shall not affect the finality of the Settlement.

17.     On a schedule to be set by the Court, Co-Lead Counsel will cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class whose addresses may be identified through reasonable effort. Co-Lead Counsel will publish the Publication Notice of the proposed Settlement on one occasion in P*R Newswire* within ten (10) days of the mailing of the Notice, and on one subsequent occasion in *Investors Business Daily*, or in such form or manner as may be ordered by the Court. Co-Lead Counsel will post the Internet Long Form Notice and Proof of Claim form on a website where they will be available to Settlement Class Members.

## ATTORNEYS' FEES AND EXPENSES

18.     Co-Lead Counsel may apply to the Court for a collective award from the Settlement Fund of attorneys' fees not to exceed 33 1/3% of the Settlement Fund. Co-Lead Counsel also will apply to the Court for reimbursement of litigation expenses to be paid from the Settlement Fund,

and for incentive awards, not to exceed $45,000 in total, for the three lead plaintiffs. Defendant will take no position on any request for attorneys' fees, litigation expenses or the incentive awards, or on allocation of any award of fees amongst Plaintiffs' Counsel. Defendant and Defendant Releasees shall have no liability for attorneys' fees, litigation expenses or incentive awards. Following entry by the Court of an order awarding Co-Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Order"), any attorneys' fees and expenses as are awarded by the Court shall be paid from the Settlement Fund to Co-Lead Counsel within three (3) days upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. In the event that the Effective Date does not occur or the Settlement is terminated pursuant to its terms, or if, as the result of any appeal or further proceedings on remand, or successful collateral attack, the Fee and Expense Order is reversed or modified pursuant to a Final court order and attorneys' fees and expenses have been paid out of the Escrow Account to any extent, then Co-Lead Counsel shall be obligated and do hereby agree, within fifteen (15) business days after receiving notice of the foregoing from Defendant's Counsel or from a court of appropriate jurisdiction, to refund to the Escrow Account such attorneys' fees and expenses that had been paid to them plus accrued interest at the rate paid on the Escrow Account by the financial institution holding it. Co-Lead Counsel shall allocate the attorneys' fees awarded in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. If Co-Lead Counsel cannot agree on the allocation, the allocation will be decided by the Court. Defendant and Defendant Releasees shall have no responsibility for, and no liability whatsoever, with respect to the allocation of attorneys' fees or litigation expenses.

**DISTRIBUTION TO AUTHORIZED CLAIMANTS**

19.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund in accordance with ¶¶ 20-29 below and the Plan of Allocation.

20.     Lead Plaintiffs shall propose to the Court a Plan of Allocation pursuant to which the Net Settlement Fund shall be distributed to Authorized Claimants and shall seek approval of the Court for such Plan of Allocation at the Final Fairness Hearing.  Approval of the proposed Plan of Allocation set forth in the Internet Long Form Notice is not a condition to the Settlement and Effective Date.  Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶¶ 36-37 below or otherwise based on this Court's or any appellate court's ruling solely with respect to the Plan of Allocation or any plan of allocation in the Action.  Defendant has no responsibility or liability for allocation of the Net Settlement Fund.

21.     All cash distributions to Authorized Claimants shall be from the Net Settlement Fund pursuant to an approved Plan of Allocation.

22.     To receive a cash distribution from the Net Settlement Fund, a Settlement Class Member must be an Authorized Claimant pursuant to the procedures set out in this Settlement Agreement or by order of the Court and must submit a Proof of Claim.

23.     Each Authorized Claimant who wishes to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim (i) by first-class mail, such that it is postmarked no later than the date set forth in the Notices, or (ii) so that it is actually received at the address on the Proof of Claim form by the date stated in the Notices, unless that date is extended by order of the Court.  The address to which the Proof of Claim must be mailed shall be stated in the Proof of Claim form itself and shall also be printed in the Notices.

24.     The Proof of Claim must be sworn on oath or made subject to the penalties of perjury pursuant to 28 U.S.C. § 1746, must be supported by such documents and other information

21

as called for in the Proof of Claim, and must be submitted by the date provided thereon. A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed first-class postage prepaid and addressed in accordance with the instructions thereon, provided that it is received before the motion for the Settlement Class Distribution Order is filed. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

25. The Proof of Claim shall be substantially in the form attached hereto as Exhibit 2 to Exhibit A.

26. The validity of each Proof of Claim filed will be initially determined by the Claims Administrator in accordance with the Plan of Allocation approved by the Court. The Claims Administrator shall promptly advise the claimant in writing if it determines to reject the claim. Neither Co-Lead Counsel, nor its designees or agents, nor Defendant, nor Defendant's Counsel shall have any liability arising out of such determination. If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of the Claims Administrator's mailing of the writing rejecting the claimant's claim, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Co-Lead Counsel, shall thereafter present the request for review to the Court for summary resolution, without any right of appeal or review. Any such claimant shall be responsible for his, her or its own costs, including, without limitation, attorneys' fees incurred in pursuing any dispute. All proceedings with respect to the administration, processing and determination of claims described in this Stipulation and the determination of all controversies relating thereto,

including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

27.    All initial determinations as to the validity of a Proof of Claim, the amount of any claims and the calculation of the extent to which each Authorized Claimant will participate in the Distribution Amount, the preparation and mailing of distributions to Authorized Claimants, and the distribution of the Distribution Amount shall be made by the Claims Administrator.  The Administration of the Net Settlement Fund, and decisions on all disputed questions of law and fact with respect to the validity of any Proof of Claim or regarding the rejection or amount of any claim, shall remain under the jurisdiction of the Court.  All Settlement Class Members expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

28.    Unless otherwise ordered by the Court, any Settlement Class Member who fails to submit a valid and timely Proof of Claim shall be barred from receiving a distribution from the Net Settlement Fund.  Any Settlement Class Member who fails to submit a valid and timely Proof of Claim shall nevertheless be bound by the releases set forth in ¶¶ 3-6 above and by all proceedings, orders and judgments in the Action even if he, she or it does not receive a distribution from the Net Settlement Fund and/or has pending, or subsequently initiates, any litigation, arbitration or other proceeding, or has any Claim, against the Defendant that is, or relates in any way, to any Settled Claim.

29.    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after all claims have been processed and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified

and provided the opportunity to communicate with the Claims Administrator concerning such rejection or disallowance.

## REQUESTS FOR EXCLUSION

30.     Any Settlement Class Member may seek to be excluded from the Settlement Class and the Settlement provided for in this Stipulation by submitting a written request for exclusion in conformity with the requirements set forth in the Notices.  Any members of the Settlement Class so excluded shall not be bound by the terms of the Stipulation, or be entitled to any of its benefits, and shall not be bound by the Judgment and/or other order of the Court, whether pursuant to this Stipulation or otherwise.

31.     Settlement Class Members requesting exclusion from the Settlement Class shall file a written request prior to the Response Deadline that: (i) provides the name, address, telephone number, and signature of the Settlement Class Member requesting exclusion; (ii) states the specific reason for the request for exclusion, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (iii) includes documents sufficient to prove the Settlement Class Member's membership in the Settlement Class, such as the number of Miller Energy common or Series C or Series D preferred shares purchased, acquired or sold, as well as the dates and prices of each such purchase, acquisition, or sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the Stipulation.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

32.     Within three (3) days after execution of this Stipulation, Co-Lead Counsel shall apply to the Court for entry of an order preliminarily approving settlement of the Action, substantially in the form of the Preliminary Approval Order attached hereto as Exhibit A.

## TERMS OF THE JUDGMENT

33.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendant's Counsel shall jointly request that the Court enter a Judgment substantially in the form attached hereto as Exhibit B.

34.     The Judgment shall contain a provision barring claims for contribution or indemnity to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, by or against Defendant.

35.     The Settlement is contingent upon final court approval; the Settlement becoming final and non-appealable; the Settlement becoming effective; payment in full of the Settlement Amount; Defendant's not exercising its option to terminate the Settlement; dismissal of the Action as to Defendant with prejudice; and the Judgment becoming Final.  Should those conditions not be met, the Settlement shall be null and void.

## TERMINATION

36.     Defendant and Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any part of it without reasonable leave to amend; (c) the Court's declining to enter the Judgment in any material respect; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals or the Supreme Court of the United States; (e) the

failure of the petition filed by KPMG for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f) to challenge the Court's Order on class certification, filed on May 21, 2021 in *Lewis Cosby et al. v. KPMG LLP*, Case Number: 21-505 (6th Cir.) (Doc. No. 1) being disposed of in a manner that does not undermine the validity of the Settlement Class; (f) the failure of the petition to stay the Action, filed on May 25, 2021 in *Lewis Cosby et al. v. KPMG LLP*, Case Number: 21-505 (6th Cir.) (Doc. No. 5) being disposed of in a manner that does not undermine the validity of the Settlement Class; or (g) in the event that the Court enters a judgment in a form other than the Judgment ("Alternative Judgment") and none of the parties hereto elects to terminate this Settlement, the date upon which such Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals or the Supreme Court of the United States. The award of attorneys' fees, if any, to Co-Lead Counsel is not a basis for termination of this Settlement Agreement.

37.    In addition, if the number of Settlement Class Members who submitted timely and valid written requests for exclusion from the Settlement equals or exceeds the threshold (the "Opt-Out Threshold") calculated pursuant to a separate agreement executed between Co-Lead Counsel and Defendant's Counsel, which is incorporated by reference into this Stipulation (the "Supplemental Agreement"), Defendant shall have, in its sole and absolute discretion, the option to terminate this Settlement pursuant to the terms in the Supplemental Agreement.  The Opt-Out Threshold shall remain confidential but may be disclosed *in camera* to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the confidentiality of the Opt-Out Threshold.

38.     Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then the Settlement shall be without prejudice and none of its terms shall be effective or enforceable except as specifically provided herein, the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of August 26, 2021, and, except as otherwise expressly provided, the parties in the Action shall proceed in all respects as if this Stipulation and any related orders had not been entered.  In such event, the fact and terms of this Stipulation shall not be admissible in any trial or any other proceedings of this Action or any other action or proceeding.

39.     If the Settlement Amount, or any portion thereof, is to be returned pursuant to the provisions of this Stipulation, any portion of the Settlement Amount previously paid by or on behalf of Defendant, plus interest earned less any Taxes paid or due (in which case the deducted funds will be used to pay such Taxes) with respect to such interest income, and less any Notice and Administration Expenses actually paid or incurred shall be returned to the source of such payments.

## NO ADMISSION OF WRONGDOING

40.     This Stipulation, whether or not consummated, and any negotiations, proceedings, agreements, documents or statements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

a.     shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof;

b.     shall not be described as, construed as, offered or received against Defendant as evidence of and/or deemed to be evidence of any presumption, concession, or admission by Defendant of: the truth of any fact alleged by Lead Plaintiffs; the validity of any claim that has

27

been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of Defendant;

      c.    shall not be described as, construed as, offered or received against Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of said Lead Plaintiffs and the Settlement Class or that damages recoverable under the Complaint would not have exceeded the Settlement Amount;

      d.    shall not be described as, construed as, offered or received against any of the parties to this Stipulation or any of the Defendant Releasees or Plaintiff Released Parties, in any other civil, criminal or administrative action or proceeding, provided, however, that (i) if it is necessary to refer to this Stipulation to effectuate the provisions of this Stipulation, it may be referred to in such proceedings, and (ii) if this Stipulation is approved by the Court, the Defendant Releasees may refer to it to effectuate the liability protection granted to them hereunder; and

      e.    shall not be described as or construed against Defendant, Defendant Releasees or the Lead Plaintiffs and any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to said Lead Plaintiffs or Settlement Class Members after trial.

## CAFA NOTICE

      41.    Defendant shall serve any notice of the Settlement required pursuant to the Class Action Fairness Act of 2005 (the "CAFA Notice"), 28 U.S.C. § 1715(b), within the time period set forth is said statue and shall, within three (3) business days after service of such CAFA Notice, notify Co-Lead Counsel that such service has been made. The Settling Parties agree that they will request that, pursuant to 28 U.S.C. § 1715(d), the Final Approval Hearing be scheduled for no

28

earlier than ninety (90) days following the deadline for Defendant to serve the CAFA Notice as stated in this paragraph. The Settling Parties agree that any delay by Defendant in timely serving the CAFA Notice will not provide grounds for delay of the Final Approval Hearing or entry of the Judgment. Defendant shall be responsible for all costs and expenses related to the creation and service of the CAFA Notice.

## MISCELLANEOUS PROVISIONS

42.     The Settling Parties agree that the United States District Court for the Eastern District of Tennessee has exclusive jurisdiction over this Settlement.

43.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

44.     KPMG warrants that it is not insolvent, nor will the payment of the Settlement Amount render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including § § 101 and 547 thereof.

45.     If a case commenced in respect of any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of the Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of Defendant pursuant to this Stipulation, which release and Judgment shall be null and void, and the parties shall be restored to

their respective positions in the litigation as of August 26, 2021, and any cash amounts in the Settlement Fund shall be returned as provided above.

46.     The parties to this Stipulation and Agreement of Settlement intend the Settlement of the Action to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and Settlement Class Members against Defendant with respect to the Settled Claims.  Accordingly, Lead Plaintiffs and Defendant agree not to assert in any forum that the Action was brought or defended in bad faith or without a reasonable basis.  The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the maintenance, defense or settlement of the Action.  The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.  Lead Plaintiffs and Settlement Class Members agree not to seek any additional discovery of any form from Defendant related to Settled Claims.

47.     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Co-Lead Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Stipulation and Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

48.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

49.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

50.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel and enforcing the terms of this Stipulation.

51.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

52.     This Stipulation and its exhibits constitute the entire agreement among the parties hereto concerning the Settlement of the Action as against Defendant, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and the exhibits other than those contained and memorialized in such documents.

53.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

54.     This Stipulation shall be binding when signed, but the Settlement shall be effective only on the condition that the Effective Date occurs.

55.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

56.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of

Tennessee without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

57.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any party of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's length negotiations among the parties, and all parties have contributed substantially and materially to the preparation of this Stipulation.

58.     The Settling Parties agree that all parties and attorneys participating in this action have complied with Federal Rule of Civil Procedure 11(b) as required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(c)(1).

59.     Plaintiffs and their counsel and Defendant and Defendant's Counsel (as well as any counsel that previously appeared in this Action on behalf of Defendant) shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that this Settlement constitutes an admission of any claim or defense alleged.

60.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

**IN WITNESS WHEREOF**, Lead Plaintiffs and Defendant have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 11, 2022.

_[signature]_

MCDERMOTT WILL & EMERY LLP
Gregory G. Ballard
Ludwig von Rigal
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 547-5330
gballard@mwe.com
lvonrigal@mwe.com

Allyson E. Riemma
444 West Lake Street
Chicago, IL 60606
Tel: (312) 372-2000

_[signature]_

WALLER LANSDEN DORTCH
& DAVIS, LLP
Paul S. Davidson
511 Union Street, Suite 2700
Nashville, TN 37219
Tel: (615) 244-6380
paul.davidson@wallerlaw.com

_[signature]_

LEWIS ROCA ROTHGERBER
CHRISTIE LLP
Gary F. Bendinger
201 East Washington St., Suite 1200
Phoenix, AZ 85004
Tel: (602) 262-5353
gbendinger@lewisroca.com

_Counsel for Defendant KPMG LLP_

_[signature]_

COHEN MILSTEIN SELLERS
& TOLL PLLC
Laura H. Posner
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 220-2925
Fax: (212) 838-7745
lposner@cohenmilstein.com

Steven J. Toll
Susan G. Taylor
Jan E. Messerschmidt
1100 New York Ave. NW, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
sgtaylor@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

_[signature]_

GORDON BALL PLLC
Gordon Ball (TN BPR #001135)
7001 Old Kent Drive
Knoxville, TN 37919
Tel: (865) 525-7028
Fax: (865) 525-4679
gball@gordonball.com

_Co-Lead Counsel for Plaintiffs_