# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT

LEWIS COSBY, ERIC MONTAGUE, and MARTIN
ZIESMAN, as Co-Trustee for the
Carolyn K. Ziesman Revocable
Trust, on behalf of themselves and
all others similarly situated
individually and on behalf of all
others similarly situated,

|  |  |
|---|---|
| | Civil Action No. 3:16-cv-121 (TAV) |
| Plaintiffs | Judge Thomas Varlan |
| v. | Magistrate Judge Deborah Poplin |
| KPMG, LLP, | |
| | |
| Defendants | |

---

## MOTION FOR ATTORNEY FEES, EXPENSES AND EVIDENTIARY HEARING PURSUANT TO *FEDERAL RULES OF CIVIL PROCEDURE* 23(h) AND 54(d)(2)

---

Class counsel notified this court and class members of the Proposed Settlement

in paragraph 73 as follows:

> **"Lead plaintiffs negotiated a fee agreement with co-lead counsel which permits co-lead counsel to apply for fees of up to 33-1/3% of the settlement fund plus out of pocket expenses. For the settlement, co-lead counsel intends to request a fee of 33-1/3% of the net recovery to the class, plus reimbursement of out of pocket expenses. The fees would pay the lawyers for investigating the facts, actively litigating the case for several years and negotiating the settlement."**

The fee agreement negotiated with lead plaintiff and other class members

actually provides at paragraph XII and addresses the arrangement of fees between

Gordon Ball, LLC and Cohen Milstein as required by the Tennessee Rules of Professional Responsibility 1.5(e) as follows:

## XII.  ATTORNEYS' SERVICES AND FEE-SHARING:

**The Attorneys listed in Paragraph 1 herein have agreed that each named firm has provided and will continue to provide legal services to the Client and that each firm shall share equally in all attorneys' fees earned or awarded in the litigation.  The expectation is that each firm will provide equivalent value services, albeit different services, in connection with this litigation and, further, each firm assumes joint financial responsibility for the litigation.  The Attorneys have further agreed, pursuant to Paragraph V, that any non-reimbursed reasonable expenses shall be paid from the attorneys' fee funds prior to division among attorneys.**

Gordon Ball had been investigating, preparing and became lead counsel for approximately 27 months before Cohen Milstein came into the case.  Gordon Ball during this 27 month period had entered into contracts of representation with many investors/clients.  When Cohen Milstein came into the case in mid-2017, Cohen Milstein and Gordon Ball agreed that those previously signed clients had to be notified of Cohen Milstein's appearance in the case and notified of any fee division agreement between lawyers.  This is required by Tennessee Rule of Professional Responsibility 1.5.  This Rule also requires written consent of the clients.

Gordon Ball and Cohen Milstein had discussions about the division of fees and agreed to divide any attorney fees equally between them.  Relying on this understanding, on or about April 12, 2017, Gordon Ball caused an email to be sent to Cohen Milstein with a sample of the proposed revised contract of representation to be resent to the clients with a request to approve the same or make any changes in the contract as Cohen Milstein deemed appropriate.  Cohen Milstein did nothing.  Thereafter, revised contracts in this form

reflecting an equal division of fees were resent to the clients by Gordon Ball with Cohen Milstein's name on the contracts and the case has proceeded to the present. Cohen Milstein now denies they were aware of the revised contract's existence. However, Cohen Milstein uses the same contract they deny to justify a one third fee request to this Court.

Further, evidence would show that prior to Cohen Milstein entering the case in mid-2017, Gordon Ball had setup a KPMG litigation expense account. In January 2019, when additional expenses began to accumulate, Gordon Ball and Cohen Milstein set up a joint expense account. Both law firms contributed the same amount to the litigation fund. In March 2019 expert Chad Coffman's bill of over $107,000.00 came due. Both law firms paid the same amount. (See emails from Laura Posner/Cohen Milstein to Gordon Ball, attached as Exhibit 1 to the Memorandum of Law.)

Gordon Ball LLC requests that the Court award a one third fee using the contractual agreement with the clients' contract being a major factor in awarding such fee. Further, Gordon Ball requests an evidentiary hearing to decide as between Gordon Ball and Cohen Milstein the amount of fees and expenses each firm should receive. Negotiations between Gordon Ball and Cohen Milstein concerning the division of the fee has reached a stalemate and can only be resolved with court intervention.

Despite having a fee agreement prior to the class being certified, an attorney fee award for achieving a settlement in a class action lawsuit requires Court approval under *Federal Rule of Civil Procedure* 23(h), which states:

> **In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:**
>
> > **(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this**

subdivision (h), at a time the court sets.  Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

(2)   A class member, or a party from whom payment is sought, may object to the motion.

(3)   The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a)

## REASONABLENESS OF FEE REQUEST

The Seventh Circuit recently addressed o the reasonableness of a fee request in the case *of In Re:  Stericycle Securities Litigation*, No. 20-2055 7th Cir., May 18, 2022 which provides as follows:

"**In assessing the reasonableness of a fee request, a district court must attempt to approximate the fee that the parties would have agreed to at the onset of the litigation, without the benefit of hindsight.   *Birchmeiser*, 896 F.3d at 706-97.  The court should do its best "to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *Camp Drug Store, Inc. v. Cochran Wholesale Pharmaceutical, Inc.*, 897 F.3d 825, 832-33 (7th Cir. 2018), quoting *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007).  The market rate for legal work "depends in part on the risk of nonpayment a firm agrees to bear, in part on the quality of its performance, in part on the amount of work necessary to resolve the litigation, and in part on the stakes of the case." *In re Synthroid Marketing Litigation (Synthroid I)*, 264 F.3d 212, 721 (7th Cir. 2001).  This estimation ex post is 'inherently conjectural'"**

"**A.  Ex Ante Fee Agreement**"
**District courts deciding on attorney fee awards for class actions "must do their best to recreate the market for considering factors such as actual fee contracts that were privately negotiated for similar litigation, information from other cases, and data from class-counsel actions." *Taubenfeld v. Aon Corp.*, 415 F.3d 597, 599 (7th Cir. 2005), citing *Synthroid I*, 264 F.3d at 219.  An ex ante agreement between the parties is a particularly useful guidepost for determining the market rate.  See *Synthroid I*, 264 F.3d at 719 ("Only ex ante can the costs and benefits of**

**particular systems and risk multipliers be assessed intelligently").**

## INTRODUCTION

Plaintiffs' six years of litigation has ended in a settlement for $35 million dollars in cash plus accruing interest. The settlement was reached after extensive litigation including substantial investigation by Gordon Ball and lead plaintiff, Lewis Cosby, in the two years and three months (March 2015 until May 2017) before Cohen Milstein came into the case. Gordon Ball and lead plaintiff, Lewis Cosby, prepared the first two complaints. The SEC Cease and Desist Order was filed in August 2017. Thereafter, co-lead counsel filed a third complaint only adding the information taken from the SEC Order.

During the 27 months before Cohen Milstein came into the case, Gordon Ball prepared the response to the first motion to dismiss. The response was later filed by both Gordon Ball and Cohen Milstein. Cohen Milstein was brought into the case by Gordon Ball and lead plaintiff, Lewis Cosby, solely because Gordon Ball had a heart transplant on October 21, 2016. (See Affidavit of lead plaintiff, Lewis Cosby, attached to the Memorandum of Law as Exhibit 2).

Co-lead counsel, Cohen Milstein, did an excellent brief on the class certification issue. Fact discovery was extensive including all SEC discovery. Hundreds of thousands of pages of documents were produced and reviewed. The settlement was reached only after the settling parties participated in three mediation sessions, one with a private mediator, Robert A. Meyer of Judicial Arbitration and Mediation Services, Inc. ("JAMS") and two with Magistrate Judge Christopher H. Steger.

Co-lead counsel, Gordon Ball, respectfully requests that the court award the 33-

1/3% fee and expenses as negotiated with lead plaintiffs. Further, Gordon Ball requests

that the court equally divide the fee between Gordon Ball, LLC and Cohen Milstein. In

support of this motion, co-lead counsel incorporates the attached memorandum with the

Unsworn Declaration of Gordon Ball attached to the Memorandum of Law as Exhibit 3.

In support of this motion, co-lead counsel, Gordon Ball, incorporates the attached

Memorandum of Law and exhibits.

Respectfully submitted,

*s/Gordon Ball*
Gordon Ball TN BPR 001135
Gordon Ball, LLC
3728 West End Avenue
Nashville, TN 37205
865-525-7023
Email: gball@gordonball.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of May 2022 a true
and exact copy of this document was filed electronically. Notice of this filing will be
sent by operation of the court's electronic filing system to all parties indicated on the
electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties
may access this filing through the Court's electronic filing system.

*s/ Gordon Ball*