# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION

LEWIS COSBY, ERIC MONTAGUE, and MARTIN ZIESMAN, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, on behalf of themselves and all others similarly situated individually and on behalf of all others similarly situated,

        Plaintiffs

v.

KPMG, LLP,

        Defendants

Civil Action No. 3:16-cv-121 (TAV)
Judge Thomas Varlan
Magistrate Judge Deborah Poplin

**MEMORANDUM OF LAW IN SUPPORT OF CO-COUNSEL GORDON BALL'S, MOTION FOR ATTORNEY FEES AND EXPENSES**

# Table of Contents

TABLE OF AUTHORITIES ................................................................................................ iii
I. INTRODUCTION ..................................................................................................... 1
II. AWARD OF ATTORNEYS' FEES ........................................................................... 3
   A. Class Counsel Is Entitled to a Fee from the Common Fund It Obtained............................. 3
   B. The Court Should Award Attorneys' Fees Using the Percentage Approach ....................... 4
   C. The Requested Fee Award Is Within the Applicable Range of Percentage-of-the-Fund Awards............................................................................................................................ 5
   D. The Fee Is Reasonable Under the Circumstances ............................................................... 7
     1. The Value of the Benefits Achieved ...................................................................... 8
     2. Public Policy Considerations ................................................................................ 8
     3. The Contingent Nature of the Fee ........................................................................ 9
     3. The Diligent Prosecution of the Litigation.......................................................... 11
     4. The Complexity of the Litigation........................................................................ 12
     5. The Quality of Representation ............................................................................ 13
   E   Class Member Reaction .................................................................................................... 14
III. PLAINTIFF'S COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED ............... 14
IV. CONCLUSION......................................................................................................... 16
CERTIFICATE OF SERVICE ........................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009).......................... 1
*BancorpSouth*, slip op. at 1 ................................................................................................................ 6
*Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310 (1985) ....................................... 4
*Bateman*, 472 U.S. at 310; *Tellabs*, 551 U.S. at 313 ......................................................................... 8
*Bessey v. Packerland Plainwell, Inc.*, No. 4:06-cv-95, 2007 WL 3173972, at *4 (W.D. Mich. Oct. 26, 2007)............................................................................................................................................ 6
*Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984)................................................................................ 4
*Blum*, 465 U.S. at 903 ......................................................................................................................... 6
*Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ....................................................................... 3
*Bowling v. Pfizer, Inc.*, 922 F. Supp. 1261, 1280 (S.D. Ohio 1996), *aff'd*, 102 F.3d 777 (6th Cir. 1996)................................................................................................................................................. 5
*Burges v. Bancorpsouth, Inc.*, No. 3:14-cv-01564 ............................................................................. 4
*Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991)................................... 5
*Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116, 124-25 (1885)..................................................... 4
*Denney v. Phillips & Buttorff Corp.*, 331 F.2d 249, 251 (6th Cir. 1964)............................................ 7
*Florin v. Nationsbank, N.A. of Ga.*, 34 F.3d 560, 566 (7th Cir. 1994)................................................ 5
*Fushi Copper Weld*, slip op. at 1 ........................................................................................................ 6
*Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882-WJH, 2015 U.S. Dist. LEXIS 181943, at *6 (M.D. Tenn. Jan. 16, 2015) .......................................................................... 4
*GMC*, 315 F.R.D. at 244 ................................................................................................................9, 12
*Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994)......................................................................... 5
*Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 498 (M.D. Tenn. 2019)............................................... 12
*Hale v. State Farm Mutual Insurance Company,* No. 3:12-CV-00660 ........................................... 13
*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) .............................................................................. 8
*In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006) ....................................................... 5
*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003) ................................. 16
*In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 569-70 (7th Cir. 1992)...................................................... 9
*In re Nat'l Century Fin. Enters., Inc. Inv. Litig.*, No. 2:03-md-1565, 2009 U.S. Dist. LEXIS 45790, at *20-*21 (S.D. Ohio May 27, 2009)............................................................................................ 12
*In re Nationwide Fin. Servs. Litig.*, No. 2:08-cv- 00249, 2009 U.S. Dist. LEXIS 126962, at *39 (S.D. Ohio Aug. 18, 2009) ............................................................................................................ 14
*In re Oracle Corp. Sec. Litig.*, No. C 01-00988 SI, 2009 U.S. Dist. LEXIS 50995 (N.D. Cal. June 16, 2009) ............................................................................................................................................ 10
*In re Prandin Direct Purchaser Antitrust Litig.*, No. 2:10-cv-12141-AC-DAS ............................... 6
*In re Se. Milk Antitrust Litig.*, No. 2:07-CV-208, 2013 U.S. Dist. LEXIS 70167, at *14 (E.D. Tenn. May 17, 2013) ................................................................................................................................. 4
*In re Sirrom Cap. Corp. Sec. Litig.*, No. 3-98- 0643, slip op. at 6 (M.D. Tenn. Feb. 4, 2000).......... 7
*In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 2:12- CV- 83, 2014 U.S. Dist. LEXIS 91661, at *4 (E.D. Tenn. June 30, 2014)............................................................................................................. 4
*In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 301 (1st Cir. 1995)................................................................................................................................. 5
*In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994) ..................... 5
*In Re: Pilot Water Cases,* 5:16-cv-10444, ECF Doc. 2185, filed 2/4/22, District Judge Judith Levy.................................................................................................................................................. 7
*Internal Imp. Fund Trustees v. Greenough*, 105 U.S. 527 (1881).................................................... 3
*J. I. Case Co. v. Borak*, 377 U.S. 426, 432 (1964)............................................................................. 4
*Manners v. Am. Gen. Life Ins. Co.*, No. 3-98-0266, 1999 U.S. Dist. LEXIS 22880, at *88 (M.D.

*Tenn. Aug. 11, 1999)* ............................................................................................................... 6

*Marro v. New York State Tchrs.' Ret. Sys.*, No. 16-1821, 2017 WL 6398014 (6th Cir. Nov. 27, 2017) ........................................................................................................................................ 5

*Miller v. Woodmoor Corp.*, No. 74-F-988, 1978 U.S. Dist. LEXIS 15234 (D. Colo. Sept. 28, 1978) ................................................................................................................................................ 12

*Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) .............................................................................. 6

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) .................................................... 7

*New York State Tchrs.' Ret. Sys. v. GMC*, 315 F.R.D. 226, 243 (E.D. Mich. 2016) .......................... 4

*North Port Firefighters' Pension- Local Option Plan v. Fushi Copperweld, Inc.*, No. 3:11-cv-00595, slip op. at ¶3 (M.D. Tenn. May 12, 2014) ........................................................................ 4

*Pergament v. Kaiser-Frazer Corp.*, 224 F.2d 80, 83 (6th Cir. 1955) ................................................ 7

*Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) .................................................. 5

*Pompano Beach Police & Firefighters' Ret. Sys. v. Las Vegas Sands Corp.*, 732 F. App'x 543 (9th Cir. May 1, 2018) ........................................................................................................................ 10

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011) .............. 4

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) ...................................... 7

*Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993) ............................ 5

*Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033, 2016 U.S. Dist. LEXIS 140387, at *32 (M.D. Tenn. Apr. 14, 2016) ..................................................................................................................... 4

*Se. Milk*, 2013 U.S. Dist. LEXIS 70167 ........................................................................................ 6

*See Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012) ............................. 4, 11

*See Rawlings*, 9 F.3d at 517 ............................................................................................................ 7

*Skeete v. Republic Schools Nashville*, No. 3:16-cv- 00043, slip op. at ¶14 (M.D. Tenn. Feb. 26, 2018) ............................................................................................................................................. 7

*Skelaxin Anti-Trust Litigation*, No. 2:12-cv-83 (E.D. of Tenn. 2014) ............................................ 7

*Skelaxin*, 2014 U.S. Dist. LEXIS 91661, at *5 ................................................................................. 6

*Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983) ....................................................... 7

*Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 165-66 (1939) ....................................................... 4

*Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993) .................................................... 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) ......................................... 4

*Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 528 (E.D. Ky. 2010) ............... 4

*US Airways, Inc. v. McCutchen*, 569 U.S. 88, 96 n.4 (2013) ........................................................ 3

*v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) ..................................................................... 5

*Winslow v. BancorpSouth, Inc.*, No. 3:10-cv-00463, slip op. at ¶3 (M.D. Tenn. Oct. 31, 2012) .... 4

## Statutes

15 U.S.C. §78u-4(a)(6) .................................................................................................................... 4

*New York State Tchrs.' Ret. Sys. v. GMC*, 315 F.R.D. 226, 243 (E.D. Mich. 2016) .......................... 4

## Other Authorities

Private Securities Litigation Reform Act of 1995 ("PSLRA") ....................................................... 1

Gordon Ball submits this memorandum in support of his motion for an award of attorney fees and expenses.

I.  **INTRODUCTION**

After more than six years of hard-fought litigation, private and judicial mediation efforts, Class Counsel have succeeded in obtaining a $35 million dollar cash recovery for the benefit of the Class. This substantial and definite recovery was achieved through the skill, hard work, and persistent advocacy of Class Counsel. Class Counsel now respectfully moves this Court, on behalf of the Plaintiffs' Counsel, for an award of attorneys' fees in the amount of one-third of the Settlement Amount and expenses incurred in prosecuting this Litigation.

The requested fee award is within the range of percentages awarded in class actions in this District, in this Circuit and across the country and is warranted in light of the excellent result obtained for the Class.

The fee award is reasonable in light of the significant risks involved in bringing and prosecuting this action on behalf of the Class and the extensive effort of counsel in obtaining this result. This action is subject to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which requires a plaintiff to "thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009).

In addition to the significant risks in prosecuting this Litigation under the PSLRA, the skill and effort to achieve the Settlement was substantial. Class Counsel marshaled considerable resources and committed substantial amounts of time and

1

Case 3:16-cv-00121-TAV-DCP   Document 239   Filed 05/31/22   Page 5 of 20   PageID #: 21278

expense to prosecuting the Litigation. Class Counsel, Gordon Ball, (1) conducted an in-depth investigation regarding Miller Energy, Alaskan oil field purchases, the SHERB accounting firm and KPMG, completing a review of SEC depositions, transcripts, analyzing a fraudulent business combination, identifying and interviewing several employees, securing critical documents; (2) filed three detailed complaints sufficient to meet the PSLRA's particularized pleading standards; (3) comprehensively briefed Defendants' motion to dismiss, which the Court denied; (4) achieved class certification over Defendants' strenuous opposition, following a successful motion for reconsideration and Defendants' unsuccessful Rule 23(f) petition; (5) undertook the review and analysis of over one million pages of documents; (6) prepared twice for fact depositions; (7) filed more than 451 requests for admissions and production of documents request, (8) detailed Rule 30(b)(6) motions: (9) retained experts in the fields of performance of oil and gas and economics to prepare opening expert and supplemental expert reports; (10) prepared the case for trial, including drafting motions *in limine*, assessed the risks of prevailing on Plaintiff's claims at trial; and (11) engaged in settlement negotiations ultimately resulting in the Settlement.

Class Counsel undertook the representation of the Class on a contingent fee basis, and no payment has been made to Class Counsel to date for his services or for the litigation expenses he has incurred on behalf of the Class. Additionally, Class Counsel invested more than $100,000.00, carrying that cost for years without compensation. Class Counsel firmly believes that the Settlement is the result of its diligent and effective advocacy, as well as its reputation as a firm that will not waver in its dedication to the interests of class members, and that is committed to zealously prosecuting a meritorious

case through trial and subsequent appeals. In a case asserting claims based on complex legal and factual issues that were vigorously opposed by highly skilled and experienced defense counsel, Class Counsel succeeded in securing a very favorable result for the Class.

As discussed herein, and for the reasons detailed in the Settlement Brief, the requested fee is fair and reasonable when considered under applicable Sixth Circuit standards and is within the range of awards in class actions approved by courts in this Circuit and nationwide. Moreover, the requested expenses and charges are reasonable in amount and were necessarily incurred for the successful prosecution of this Litigation.

## II.  AWARD OF ATTORNEYS' FEES

### A.  Class Counsel Is Entitled to a Fee from the Common Fund It Obtained

This Settlement has created a common fund. The Supreme Court has long recognized the "common fund" exception to the general rule that a litigant bears his or her own attorneys' fees. *Internal Imp. Fund Trustees v. Greenough*, 105 U.S. 527 (1881). The rationale for the common fund principle was explained in *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980):

> **[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole. Jurisdiction over the fund involved in the litigation allows a court to prevent . . . inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit.**

The common fund doctrine both prevents unjust enrichment and encourages counsel to protect the rights of those who have small claims. *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 96 n.4 (2013). This is particularly applicable to claims brought

3

under the federal securities laws, as the Supreme Court has emphasized that private actions provide "'a most effective weapon in the enforcement' of the securities laws and are 'a necessary supplement to [SEC] Commission action.'" *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310 (1985) (quoting *J. I. Case Co. v. Borak*, 377 U.S. 426, 432 (1964)).[1]

### B. The Court Should Award Attorneys' Fees Using the Percentage Approach

Class Counsel's efforts have resulted in the creation of a $35 million common fund. Courts favor awarding fees from a common fund[2] based on "a percentage of the fund bestowed on the class." *See Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); *Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116, 124-25 (1885); *Greenough*, 105 U.S. at 532; *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 165-66 (1939). Congress followed the Supreme Court's lead and endorsed the efficacy of the percentage-of-the-fund approach to fee awards in the context of common fund PSLRA cases. *See* 15 U.S.C. §78u-4(a)(6); *New York State Tchrs.' Ret. Sys. v. GMC*, 315 F.R.D. 226, 243 (E.D. Mich. 2016)

---

[1] *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) (noting that the Court has "long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions").

[2] *Burges v. Bancorpsouth, Inc.*, No. 3:14-cv-01564, slip op. at ¶3 (M.D. Tenn. Sept. 21, 2018) (using "'percentage-of-recovery'" to award class counsel fees in §10b-5 case) (Ex. 1); *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033, 2016 U.S. Dist. LEXIS 140387, at *32 (M.D. Tenn. Apr. 14, 2016); *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882-WJH, 2015 U.S. Dist. LEXIS 181943, at *6 (M.D. Tenn. Jan. 16, 2015) (same); *North Port Firefighters' Pension- Local Option Plan v. Fushi Copperweld, Inc.*, No. 3:11-cv-00595, slip op. at ¶3 (M.D. Tenn. May 12, 2014) (same) (Ex. 2); *Winslow v. BancorpSouth, Inc.*, No. 3:10-cv-00463, slip op. at ¶3 (M.D. Tenn. Oct. 31, 2012) (same) (Ex. 3); *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 2:12- CV- 83, 2014 U.S. Dist. LEXIS 91661, at *4 (E.D. Tenn. June 30, 2014) ("The Court recognizes that the trend in 'common fund cases has been toward use of the percentage method.'"); *In re Se. Milk Antitrust Litig.*, No. 2:07-CV-208, 2013 U.S. Dist. LEXIS 70167, at *14 (E.D. Tenn. May 17, 2013) ("The percentage-of-the-fund method, however, clearly appears to have become the preferred method in common fund cases."); *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 528 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011).

4

("[B]ecause the PSLRA refers to an award of attorneys' fees and expenses in relation to 'a reasonable percentage of the amount of any damages . . . actually paid to the class,' the Court concludes that the percentage-of-the-fund approach is the better method for calculating Lead Counsel's fee award."), *aff'd sub nom. Marro v. New York State Tchrs.' Ret. Sys.*, No. 16-1821, 2017 WL 6398014 (6th Cir. Nov. 27, 2017).

District courts in this Circuit overwhelmingly apply the percentage method, endorsed by the Sixth Circuit in *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993), in awarding fees in common fund cases, recognizing that "the percentage-of-the-fund approach more accurately reflects the result achieved [and] . . . has the virtue of reducing the incentive for plaintiffs' attorneys to over-litigate or 'churn' cases." *Skelaxin*, 2014 U.S. Dist. LEXIS 91661, at *4.[3] The percentage-of-the-fund method also "affords the Court greater flexibility in assuring that Counsel are adequately compensated for the results that they have achieved and the work that they have done, while also protecting the Class's interest in the fund." *Bowling v. Pfizer, Inc.*, 922 F. Supp. 1261, 1280 (S.D. Ohio 1996), *aff'd*, 102 F.3d 777 (6th Cir. 1996).

### C. The Requested Fee Award Is Within the Applicable Range of Percentage-of-the-Fund Awards

In selecting an appropriate percentage award, the Supreme Court recognizes that an appropriate fee is intended to approximate what counsel would receive if they were bargaining for their services in the marketplace. *Missouri v. Jenkins*, 491 U.S. 274,

---

[3] The Sixth Circuit is not alone in its adoption of the percentage approach. *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999); *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 301 (1st Cir. 1995); *Florin v. Nationsbank, N.A. of Ga.*, 34 F.3d 560, 566 (7th Cir. 1994); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994); *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993); *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991).

285 (1989). If this were a non-representative action, the customary fee arrangement would be contingent, on a percentage basis, and in the range of one-third of the recovery. *Blum*, 465 U.S. at 903 ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery.").

The fee requested here is "certainly within the range of fees often awarded in common fund cases, both nationwide and in the Sixth Circuit." *Se. Milk*, 2013 U.S. Dist. LEXIS 70167, at *15-*16; *Skelaxin*, 2014 U.S. Dist. LEXIS 91661, at *5 ("The Court finds that the requested counsel fee of one third [of $73 million recovery] is fair and reasonable and fully justified. The Court finds it is within the range of fees ordinarily awarded."); *In re Prandin Direct Purchaser Antitrust Litig.*, No. 2:10-cv-12141-AC-DAS, 2015 U.S. Dist. LEXIS 5964 (E.D. Mich. Jan. 20, 2015) (awarding one-third of common fund as attorneys' fees); *Fushi Copper Weld*, slip op. at 1(awarding 33-1/3% of settlement in §10b-5 case) (Ex. 2); *Bessey v. Packerland Plainwell, Inc.*, No. 4:06-cv-95, 2007 WL 3173972, at *4 (W.D. Mich. Oct. 26, 2007) (awarding one-third of common fund and noting that "'[e]mpirical studies show that . . . fee awards in class actions average around one-third of the recovery'").

The judges of the Middle and Eastern Districts of Tennessee are in accord. *BancorpSouth*, slip op. at 1 (Ex. 1); *Morse v. McWhorter*, No. 3:97-0370, slip op. at 1 (M.D. Tenn. Mar. 12, 2004) (Higgins, J.) (awarding a 33-1/3% fee plus expenses) (Ex. 4); *Manners v. Am. Gen. Life Ins. Co.*, No. 3-98-0266, 1999 U.S. Dist. LEXIS 22880, at *88 (M.D. Tenn. Aug. 11, 1999) ("[T]hroughout the Sixth Circuit, attorneys' fees in class actions have ranged from 20%-50%."); *In re Sirrom Cap. Corp. Sec. Litig.*, No. 3-98- 0643, slip

op. at 6 (M.D. Tenn. Feb. 4, 2000) (Campbell, J.) (awarding 33-1/3% of $15 million settlement) (Ex. 5); *Skeete v. Republic Schools Nashville*, No. 3:16-cv-00043, slip op. at ¶14 (M.D. Tenn. Feb. 26, 2018) (Ex. 6) (ECF Nos. 105, 112) (approving one- third fee). *See Skelaxin Anti-Trust Litigation*, No. 2:12-cv-83 (E.D. Tenn. 2014).

### D. The Fee Is Reasonable Under the Circumstances

The touchstone of an appropriate fee award in common fund cases is whether the award is reasonable under the circumstances. *See Rawlings*, 9 F.3d at 517; *In Re: Pilot Water Cases,* 5:16-cv-10444, ECF Doc. 2185, filed 2/4/22, District Judge Judith Levy. The Sixth Circuit grants a district court "'considerable latitude of discretion on the subject, since it has far better means of knowing what is just and reasonable than an appellate court.'" *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). In determining the reasonableness of attorneys' fees, the Sixth Circuit over the years has identified several relevant factors that District Courts "[o]ften, but by no means invariably," consider. *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). These have included "the complexity of the legal questions involved, the results accomplished, the professional standing of [counsel], and the professional standing of [defendants'] lawyers," the effort expended, and the public policy aspect of the case. *Denney v. Phillips & Buttorff Corp.*, 331 F.2d 249, 251 (6th Cir. 1964); *Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983). Courts also consider "'[t]he extent and nature of the services; the labor, time and trouble involved; the results achieved; the character and importance of the matter in hand; the value of the property or the amount of money involved; the learning, skill and experience exercised; whether the fee is absolute or contingent; and the ability to pay.'" *Pergament v. Kaiser-Frazer Corp.*, 224 F.2d 80, 83 (6th Cir. 1955). Application of the factors articulated by the Sixth Circuit

7

support the requested fee award here.

1. **The Value of the Benefits Achieved**

Class Counsel has secured a recovery that provides for a substantial (and definite) cash payment of $35 million dollars. Courts have consistently recognized that in making a fee award the "most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). This outstanding Settlement was achieved as a direct result of the skill, effort, and tenacity of Class Counsel in prosecuting this action. There is no question counsel overcame numerous obstacles and took significant risks in obtaining this highly favorable result for the Class.

While Class Counsel believes Plaintiff's claims have substantial merit, if litigation were to proceed to trial there is nonetheless a significant risk that the Class could recover less than the amount of the Settlement or nothing at all.

Defendants consistently maintained that Plaintiff could not establish liability or damages and challenged virtually every factual and legal issue in this Litigation in an effort to defeat Plaintiff's claims. Plaintiff anticipated a battle of experts on all disputed issues. It is impossible to predict the outcome of such a battle. The proposed Settlement is an excellent recovery for the Class, fully justifying a fee award "within the range of fees ordinarily awarded" in this District and Circuit. *Skelaxin*, 2014 U.S. Dist. LEXIS 91661, at *5

2. **Public Policy Considerations**

The Supreme Court has emphasized that private securities actions such as this one provide "'a most effective weapon in the enforcement' of the securities laws and are 'a necessary supplement to [SEC] action.'" *Bateman*, 472 U.S. at 310; *Tellabs*, 551 U.S. at 313. Adequate compensation to encourage attorneys to assume the risk of litigation is

8

in the public interest. Without adequate compensation, it would be difficult to retain the caliber of lawyers necessary, willing, and able to properly prosecute to a favorable conclusion complex, risky, and expensive class actions such as this one. *GMC*, 315 F.R.D. at 244 ("The federal securities laws are remedial in nature and adequate compensation is necessary to encourage attorneys to assume the risk of litigating private lawsuits to protect investors.").

Without the willingness of Class Counsel to assume the risks associated with litigation such as this one, members of the Class may not have recovered anything. Because actionable securities fraud exists and society benefits from strong advocacy on behalf of investors, public policy favors the granting of reasonable fee and expense applications such as this one. *See Tellabs*, 551 U.S. at 313 (the Court has "long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions"); *Se. Milk*, 2013 U.S. Dist. LEXIS 70167, at *23-*24 (Attorney fee awards "are necessary to incentivize attorneys to shoulder the risk of nonpayment to expose violations of the law and to achieve compensation for injured parties.").

### 3. The Contingent Nature of the Fee

Class Counsel undertook this Litigation on a contingent fee basis, assuming a significant risk that the Litigation would yield no recovery and leave counsel uncompensated. This risk encompasses not only the risk of zero payment but also the risk of underpayment. *See In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 569-70 (7th Cir. 1992). Particularly in class action settlements the court must give contingency fee contracts "special concern." Unlike counsel for Defendants, who are typically paid an

9

Case 3:16-cv-00121-TAV-DCP   Document 239   Filed 05/31/22   Page 13 of 20   PageID #: 21286

hourly rate and reimbursed for their out-of-pocket expenses on a regular basis, and thereby assume no risk of non-payment, Class Counsel has not been compensated for any of its time or expenses since litigation of this case began over seven years ago. Courts have consistently and rightly recognized that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees. *See Se. Milk*, 2013 U.S. Dist. LEXIS 70167.

While high-stakes complex class actions are inherently difficult to prosecute, the PSLRA's heightened pleading standards and mandatory discovery stay make securities fraud class actions especially arduous. According to data from NERA Economic Consulting, motions to dismiss are granted, either in whole or in part, in 75% of all securities class actions, sometimes years after a case is filed. Even when cases proceed past a motion to dismiss, the risk of no recovery is very real. There are numerous class actions in which plaintiffs' counsel expended thousands of hours and yet received no remuneration whatsoever despite their diligence and expertise. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. v. Las Vegas Sands Corp.*, 732 F. App'x 543 (9th Cir. May 1, 2018) (summary judgment granted in favor of defendants in securities fraud action after seven years of litigation); *In re Oracle Corp. Sec. Litig.*, No. C 01-00988 SI, 2009 U.S. Dist. LEXIS 50995 (N.D. Cal. June 16, 2009) (summary judgment granted in favor of defendants after eight years of litigation and after plaintiffs' counsel incurred over $6 million in expenses and worked over 100,000 hours), *aff'd*, 627 F.3d 376 (9th Cir. 2010). Even plaintiffs who get past summary judgment and succeed at trial may find a judgment in their favor overturned on appeal or on a post-trial motion. For example, in *Bank Atlantic*, the Eleventh Circuit upheld a lower court's decision overturning a jury

verdict in favor of the lead plaintiff on the issue of loss causation. *See Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012). The contingent nature of the representation supports the reasonable fee sought here.

### 3. The Diligent Prosecution of the Litigation

This Litigation was highly contentious, involving disputes as to practically all elements of the case. In order to obtain the $35 million recovery on behalf of the Class, Class Counsel: (1) conducted an in-depth investigation regarding Miller Energy, Alaskan oil field purchase and its prior owners, Shreb Accounting and KPMG, including identifying and securing sworn statements of several former employees and securing critical documents from the SEC through Freedom of Information Act request, reviewing and analysis of SEC filings, conference calls, emails, transcripts, press releases, and financial analyst research reports concerning KPMG; (2) filed detailed amended complaints sufficient to meet the PSLRA's particularized pleading standards; (3) comprehensively briefed Defendants' motion to dismiss, which the Court denied; (4) achieved class certification over Defendants' strenuous opposition; (5) undertook the review and analysis of over one million pages of documents; (6) prepared for fact depositions; (7) filed more than a half-dozen discovery motions, including 451 requests to admit and notebooks of proposed Rule 30(b)(6) areas of inquiry; (8) retained experts in the fields of oil and gas and accounting; (9) prepared the case for trial, including drafting motions *in limine;* (10) assessed the risks of prevailing on Plaintiff's claims at trial; and (11) engaged in settlement negotiations over the course of 2021, ultimately resulting in the Settlement.

The Settlement was achieved only by Class Counsel's tenacious advocacy and

diligent prosecution. The significant resources devoted by Class Counsel reflect the effort required to bring this difficult Litigation to a successful conclusion.

### 4. The Complexity of the Litigation

The complexity of the issues is a significant factor to be considered in making a fee award. Courts, including this one in this case, have long recognized that securities class actions present inherently complex and novel issues. *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 498 (M.D. Tenn. 2019) (characterizing case law surrounding price impact "confusing," and the reasoning of recent relevant Supreme Court precedent "difficult to reconcile"); *In re Nat'l Century Fin. Enters., Inc. Inv. Litig.*, No. 2:03-md-1565, 2009 U.S. Dist. LEXIS 45790, at *20-*21 (S.D. Ohio May 27, 2009); *GMC*, 315 F.R.D. at 244. As Judge Finesilver noted four decades ago in *Miller v. Woodmoor Corp.*, No. 74-F-988, 1978 U.S. Dist. LEXIS 15234 (D. Colo. Sept. 28, 1978):

> **The benefit to the class must also be viewed in its relationship to the complexity, magnitude, and novelty of the case. . . .**
>
> **Despite years of litigation, the area of securities law has gained little predictability. There are few "routine" or "simple" securities actions. Courts are continually modifying and/or reversing prior decisions in an attempt to interpret the securities law in such a way as to follow the spirit of the law while adapting to new situations which arise. Indeed, many facets of securities law have taken drastically new directions during the pendency of this action. . . .**
>
> **The complexity of a case is compounded when it is certified as a class action. Management of the case, in and of itself, is a monumental task for counsel and the Court.**

Judge Finesilver's comments ring even more true today. Despite the fact that Plaintiff believes it has uncovered sufficient evidence to sustain a jury verdict in Plaintiff's favor. Defendants believe they have evidence to prove at trial that their statements were true to the best of their knowledge.

12

At the time the Settlement was reached, motions concerning the admissibility of evidence necessary to Plaintiff's ability to prove its claims at trial were unresolved, specifically the admission of the August 2017 SEC Order.

The complexity of proving and recovering full damages here cannot be overstated. If, for example, the jury credited Plaintiff's allegations that Miller Energy misled them or misleadingly concealed the jury believed as KPMG said that "it was a perfect audit," that could have significantly reduced the amount of damages recoverable by the Class.

These legal and factual complexities required skill and resources to deal with efficiently and made the case more difficult and uncertain, as an inherently uncertain "battle of experts" would undoubtedly affect the outcome of the upcoming trial. These complexities support the requested award.

### 5. The Quality of Representation

Class Counsel include locally and nationally known leaders in the fields of securities class actions and complex litigation. Gordon Ball has either served or is serving as lead counsel in large, complex actions. Recently, Gordon Ball served as co-lead counsel in *Hale v. State Farm Mutual Insurance Company,* No. 3:12-CV-00660 in United States District Court for the Southern District of Illinois which was voted the case of the year nationally in 2019. But the quality of representation here is best demonstrated by the amount of the Settlement – far above the average of similar securities class actions. Class Counsel used its considerable skill, experience, and reputation for tenacity to negotiate a highly favorable result for the Class that eliminates the substantial delay and risk associated with trial and inevitable appeal.

The quality of opposing counsel is also important when the court evaluates the

13

services rendered by plaintiffs' counsel. The ability of Class Counsel to negotiate a favorable settlement in the face of formidable legal opposition further evidences the reasonableness of the fee award requested. Defendants here were represented by extremely capable attorneys from New York and Tennessee firms.

Defendants' Counsel asserted an arsenal of arguments and litigation strategies in an attempt to obtain the dismissal of this case and to minimize their clients' exposure. The ability of Class Counsel to obtain a favorable result for the Class in the face of such formidable opposition further evidences the quality of its work. (See Resume of Gordon Ball attached hereto as Exhibit 4)

### E. Class Member Reaction

"The Class's reaction to the requested fee award is also important evidence of the fairness and reasonableness of the fee request." *Id.* at 504; *In re Nationwide Fin. Servs. Litig.*, No. 2:08-cv- 00249, 2009 U.S. Dist. LEXIS 126962, at *39 (S.D. Ohio Aug. 18, 2009). To date there have been no objections to a one-third fee request.

There can be no dispute that all of the factors discussed above weigh in favor of the requested fee award.

### III. PLAINTIFF'S COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED

Class Counsel also requests payment of expenses and charges incurred by it and Local Counsel in connection with the prosecution of this Litigation in the amount of $117,956.87. Expense awards are customary when litigants have created a common settlement fund for the benefit of a class. The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the

14

particular costs are of the type typically billed by attorneys to paying clients in the marketplace. The categories of expenses for which counsel seek payment here are precisely the type of expenses routinely charged in similar cases and, therefore, are properly awarded from the common fund.

A significant component of Class Counsel's expenses are the costs of experts, consultants and investigators. In light of the PSLRA discovery stay, the use of investigators to gather detailed fact-specific information from percipient witnesses in order to plead complaints that will survive motions to dismiss is frequently a necessity. These private investigators in this case were Lewis Cosby and Gordon Ball who conducted a substantial amount of work on behalf of the Class and were important in helping Class Counsel achieve this result. Similarly, the retention of experts with significant experience in oil and gas, economic analysis and damages in securities class actions was essential to understanding the relevant issues.

Class Counsel was required to travel in connection with this Litigation and thus incurred the related costs of transportation, lodging, and meals. Class Counsel also incurred the costs of electronic legal research. It is standard practice for attorneys to use these services to assist them in researching legal and factual issues. Other expenses and charges that were necessarily incurred in the prosecution of this Litigation include expenses for mediation fees, photocopying, filing and witness fees, postage and overnight delivery. Because these were all necessary expenses incurred by Class Counsel, they should be paid from the Settlement Fund.

"[U]nder the common fund doctrine, class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims

and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003) ("*In re Cardizem*"). (See expenses incurred attached hereto as Exhibit 5)

IV. **CONCLUSION**

This Court has considerable latitude and discretion in evaluating the reasonableness of a fee request.

For all of the foregoing reasons, Class Counsel respectfully requests that the Court approve its motion for an award of attorney fees and expenses.

Dated: May 31, 2022.

Respectfully submitted,

 s/*Gordon Ball*
Gordon Ball TN BPR 001135
Gordon Ball, LLC\
3728 West End Avenue
Nashville, TN  37205
865-525-7023
Email:  gball@gordonball.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 31st day of May 2022, a true and exact copy of this document was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

 s/ *Gordon Ball*