UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LEWIS COSBY,<br>ERIC MONTAGUE, and<br>MARTIN ZIESMAN, as Co-Trustee for the<br>Carolyn K. Ziesman Revocable Trust,<br>on behalf of themselves and<br>all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KPMG LLP,<br><br>    Defendant. | No.: 3:16-cv-121-TAV-DCP |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Lewis Cosby, Eric Montague, and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust (collectively "Lead Plaintiffs"), on behalf of themselves and the Class; and Defendant KPMG LLP ("KPMG or "Defendant") entered into a Stipulation and Agreement of Settlement dated March 11, 2022 (the "Stipulation"), which provides for a settlement of this Action (the "Settlement"); and

WHEREAS, unless otherwise defined herein, all capitalized words contained in this Judgment shall have the same meaning as they have in the Stipulation; and

WHEREAS, the Court entered an order on May 7, 2021 granting Plaintiffs' Motion to Certify the Classes, Appoint Class Representative, and Appoint Class Counsel and the Court entered an Order dated March 23, 2022 (the "Preliminary Approval Order") that (i) also preliminarily certified, for settlement purposes only, a Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (ii) ordered that notice of the proposed Settlement and of the deadline to submit proof of claim forms be provided to potential members of the Settlement Class; (iii) scheduled a

Final Fairness Hearing; and (iv) provided those persons and entities identified as members of the putative Class with an opportunity either to exclude themselves from the proposed Settlement or to object to the proposed Settlement; and

WHEREAS, the Court held a Final Fairness Hearing on June 30, 2022 to determine, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; and (ii) whether judgment should be entered dismissing the Action on the merits and with prejudice as against Defendant; and

NOW THEREFORE, based on the submissions of the parties, and on the arguments of counsel at the Final Fairness Hearing, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. **Incorporation of Settlement Documents.** This Judgment Approving Class Action Settlement incorporates and makes a part hereof:

    (a) the Stipulation filed with this Court; and

    (b) the Postcard Notice, Notice and Publication Notice, each of which were filed with the Court on March 14, 2022.

2. **Jurisdiction.** The Court has personal jurisdiction over all Settlement Class members and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Class, and dismiss the Action against Defendant on the merits and with prejudice. The Court has personal jurisdiction over Defendant for purposes of enforcing the Settlement.

3. **Final Class Certification.** On March 23, 2022, the Court entered an order certifying the Settlement Class, finding that it meets all of the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). The Court again finds that the Settlement Class preliminarily

certified in the Preliminary Approval Order meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). The Court therefore certifies the Settlement Class for settlement purposes of all persons or entities who (1) purchased or otherwise acquired Miller Energy common stock, Miller Energy 10.75% Series C Cumulative Redeemable Preferred Stock (the "Series C Preferred Stock") or Miller Energy 10.5% Series D Fixed Rate/Floating Rate Cumulative Redeemable Preferred Stock (the "Series D Preferred Stock') between August 29, 2011 and July 30, 2015, inclusive, and who were damaged thereby (the "Section 10(b) Class"); or (2) purchased or otherwise acquired Miller Energy Series C Preferred Stock or Series D Preferred Stock pursuant to or traceable to the Offering Documents and were damaged thereby (the "Section 11 Class") (the Section 10(b) Class and the Section 11 Class are collectively, the "Settlement Class"). Excluded from the Settlement Class are KPMG, the Officers, Directors, Partners and affiliates of KPMG, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which KPMG has or had a controlling interest, and the Officers, Directors, Partners, and affiliates of Miller Energy, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Miller Energy has or had a controlling interest. Also excluded from the Class is any person or entity who or which properly excluded himself, herself or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

4. **Adequacy of Representation.** Co-Lead Counsel and Lead Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4). Consistent with the Court's Order and for purposes of the Settlement, the

Lead Plaintiffs are appointed as class representatives on behalf of all Settlement Class Members and the law firms of Cohen Milstein Sellers & Toll PLLC and Gordon Ball PLLC are appointed as Class counsel.

5. **Notice.** The Court finds that the distribution of the Postcard Notice, the online posting of the Notice, the publication of the Publication Notice, and the notice methodology: (i) were all implemented in accordance with the Preliminary Approval Order; (ii) constituted the best practicable notice; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement including the Releases, of their right to object to the proposed Settlement, of their right to exclude themselves from the Settlement Class, or their right to appear at the Final Fairness Hearing, and of the deadline for filing a proof of claim in connection with the proposed Settlement; (iv) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (v) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. 78u-4, *et seq.*) (the "PSLRA"), the Rules of the Court, and any other applicable law.

6. **Binding Effect.** The terms of the Stipulation and of this Judgment shall be forever binding on Lead Plaintiffs and all members of the Settlement Class, as well as all of their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns.

7. **Final Settlement Approval.** The Settlement is hereby fully and finally approved as fair, reasonable and adequate, and Lead Plaintiffs and Defendant are directed to implement and consummate the Settlement in accordance with the terms and provisions of the Stipulation. The

Court approves the documents submitted to the Court in connection with the implementation of the Settlement.

8. **Releases.** The releases as forth in ¶¶ 3 and 4 of the Stipulation (the "Releases"), together with the definitions of Settled Claims, Defendant's Claims, Defendant Releasees, and Released Plaintiff Parties, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date and release and forever discharge, among other things, the Defendant Releasees from any and all claims of liability arising from or related to the Settled Claims, and the Released Plaintiff Parties from any and all claims of liability arising from or related to Defendant's Claims. The Settled Claims are hereby forever compromised, settled, released, discharged and dismissed as against the Defendant Releasees on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Defendant's Claims are hereby forever compromised, settled, released, discharged and dismissed as against Lead Plaintiffs and members of the Settlement Class on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

9. **Permanent Injunction.** The Court permanently bars and enjoins (i) all Settlement Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) from filing, commencing, instituting, prosecuting, intervening in, assisting, maintaining, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Settled Claims; and (ii) Defendant from filing, commencing, instituting, prosecuting, intervening in, assisting, maintaining, participating in (as class members or otherwise), or receiving any benefits

or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to Defendant's Claims.

10. **No Admissions.** Neither this Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statements connected therewith or referred to therein shall be:

(a) admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Settlement or this Judgment;

(b) described as, construed as, offered or received against Defendant as evidence of and/or deemed to be evidence of any presumption, concession, or admission by Defendant of: the truth of any fact alleged by Lead Plaintiffs; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of Defendant;

(c) described as, construed as, offered or received against Lead Plaintiffs or any Settlement Class Members as evidence of any infirmity in the claims of said Plaintiffs and the Class or that damages recoverable under the Complaint would not have exceeded the Settlement Amount;

(d) described as, construed as, offered or received against any of the parties to the Stipulation or any of the Defendant Releasees or Plaintiff Released Parties, in any other civil, criminal, or administrative action or proceeding, provided, however, that (i) if it is necessary to refer to the Stipulation to effectuate the provisions of the Stipulation, it may be referred to in such proceedings, and (ii) if the Stipulation is approved by the Court, Defendant Releasees may refer to it to effectuate the liability protection granted it hereunder; or

6

(e) described as or construed against Defendant, Defendant Releasees or Lead Plaintiffs or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to Lead Plaintiffs or Settlement Class Members after trial.

11. **Enforcement of Settlement.** Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation.

12. **Claims Administrator's Fees and Expenses.** The Court retains jurisdiction to consider an application by or on behalf of the Claims Administrator for an award of fees and reimbursement of expenses relating to its implementation of the terms of the Stipulation and/or any orders of this Court.

13. **Bar Order.** Any person or entity that was or could have been named as a Defendant in this Action, or any other action, is hereby permanently enjoined, barred and restrained to the fullest extent permitted by law from commencing, prosecuting or asserting any action, for contribution, indemnity or otherwise, from Defendant or Defendant Releasees seeking, as damages or otherwise, the recovery of all or any part of any liability or any settlement which they pay or are obligated to pay or agree to pay, as a result of such persons' participation in any acts, facts, statements or omissions that were or could have been based upon, arising out of, or relating to the claims or allegations in the Action or as any other claim of any type, including but not limited to, claims, cross-claims, counterclaims, third-party claims or otherwise, whether asserted in the Actions in this Court or in any federal or state court or any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere.

14. **Judgment Reduction.** Any person or entity who is subject to the injunction set forth in ¶ 13 shall be entitled to a reduction in any final verdict or judgment in an amount calculated as provided for in 15 U.S.C. §78u-4(f)(7)(B).

15. **Rule 11 Findings.** The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein, and that the Parties hereto are barred from asserting claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the maintenance, defense or settlement of the Action.

16. **Modification of Settlement Agreement.** Without further approval from the Court, Lead Plaintiffs and Defendant are hereby authorized to jointly agree to and adopt such amendments, modifications, and expansions of the Stipulation or any exhibits attached to the Stipulation as: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of the Class members under the Stipulation.

17. **Extensions of Time.** Without further order of the Court, Lead Plaintiff and Defendant may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

18. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Judgment. Without in any way affecting the finality of this Judgment, the Court expressly retains continuing and exclusive jurisdiction over Defendant and the Settlement Class members for purposes of the administration, interpretation, and enforcement of the Stipulation and of this Judgment. The Court further expressly retains continuing and exclusive jurisdiction over the Settlement Class members for all matters relating to the Action.

8

Case 3:16-cv-00121-TAV-DCP   Document 267   Filed 07/12/22   Page 8 of 9   PageID #: 22247

19. **Dismissal of Action.** The Action, which the Court finds was filed on a good faith basis against Defendant in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed on the merits and with prejudice as of the Effective Date, without fees or costs except as otherwise provided in this Judgment.

20. **Termination of Settlement.** If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the Settlement Class Members, and Defendant, and the Parties shall revert to their respective positions in the Action as of August 26, 2021, as provided in the Stipulation.

21. **Entry of Final Judgment.** There is no reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

The Action, which the Court finds was filed on a good faith basis against Defendant in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed on the merits and with prejudice as of the Effective Date, without fees or costs except as otherwise provided in this Judgment.

IT IS SO ORDERED this 12th day of July 2022.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE