UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LEWIS COSBY, <br> ERIC MONTAGUE, and <br> MARTIN ZIESMAN, as Co-Trustee for the <br> Carolyn K. Ziesman Revocable Trust, <br> on behalf of themselves and <br> all others similarly situated, <br><br>            Plaintiffs, <br><br> v. <br><br> KPMG LLP, <br><br>            Defendant. | No.: 3:16-cv-121-TAV-DCP |

## ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES

This matter came on for hearing on June 30, 2022 (the "Settlement Hearing") on Lead Plaintiffs' and Class Representative's motion for attorneys' fees and litigation expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing approved by the Court was published in *IBD Weekly* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 11, 2022 [Doc. 236] (the "Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Plaintiffs' and Class Representative's motion for an award of attorneys' fees and litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and litigation expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Co-Lead Counsel is hereby awarded attorneys' fees in the amount of 33 1/3% of the Settlement Fund, or $11,666,667, plus accrued interest, subject to Magistrate Judge Poplin's determination of the appropriate division of the attorneys' fee award between Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Gordon Ball PLLC ("Gordon Ball"), to be paid from the Settlement Fund.

5. Cohen Milstein is hereby awarded $439,548.22 and Gordon Ball is hereby awarded $117,956.87 in reimbursement for each firm's respective litigation expenses, plus accrued interest, to be paid from the Settlement Fund.

6. The awarded attorneys' fees shall be payable to Co-Lead Counsel following the final determination by Magistrate Judge Poplin (if unappealable to Judge Varlan), or final determination by Judge Varlan in the event Magistrate Judge Poplin issues a report and recommendation, regarding the appropriate division of the attorneys' fee award subject to the terms, conditions and obligations of the Stipulation and in particular paragraph 18 thereof, which

terms, conditions and obligations are incorporated herein. The awarded litigation expenses shall be payable to Co-Lead Counsel immediately upon execution of this Order subject to the terms, conditions and obligations of the Stipulation, which terms, conditions and obligations are incorporated herein.

      7.      In making this award of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

      a)      The Settlement has created a common benefit fund for the Settlement Class, so it is appropriate to assess the attorneys' fees against the fund. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

      b)      Co-Lead Counsel's fee award is fair and reasonable under the percentage-of-the-fund approach. This is the preferred method where, as here, "a substantial common fund has been established for the benefit of class members through the efforts of class counsel." *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV-208, 2013 WL 2155387, at *2 (E.D. Tenn. May 17, 2013). The requested fee of 33 1/3% "is certainly within the range of fees often awarded in common fund cases, both nationwide and in the Sixth Circuit," and is appropriate given the excellent result Co-Lead Counsel achieved notwithstanding substantial risk. *Id.* at *3.

      c)      The requested fee meets all the factors that the Sixth Circuit articulated in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974), specifically:

      (i)      The recovery of $35,000,000, which represents nearly 18% of the Classes estimated maximum damages is an excellent outcome for the Settlement Class, especially relative to the historical range of securities class action settlements, *see, e.g.*, Cornerstone Research, *Securities Class Action Settlements:*

*2021 Review and Analysis*, at 8 (2022) (stating that for all settlements in Section 11 securities cases from 2012 to 2021, the average settlement was 7.6% of "simplified tiered damages."); NERA Economic Consulting, *Recent Trends in Securities Class Action Litigation: 2021 Full Year Review*, at 23 (2022) (noting that for cases settled between December 2012 and December 2021, the median of settlement value as a percentage of "NERA-Defined Investor Losses" by level of "Investor Losses" was 2.8% for cases with investor losses between $100 and $199 million.).

    (ii)    Society has a strong interest in compensating Co-Lead Counsel for the risks and complex issues posed by this case, thereby encouraging others to bring similar litigation in the future.

    (iii)    Fees and reimbursement of costs in this case were entirely contingent upon success, creating a risk of under-compensation in the absence of settlement or victory at trial, *see Southeastern Milk,* 2013 WL 2155387, at *5.

    (iv)    This class action involved complicated facts and complex legal issues and economic analysis, requiring Co-Lead Counsel to overcome substantial hurdles to prove their claims.

    (v)    Co-Lead Counsel displayed skill and commitment throughout the litigation.

    d)    The Court has confirmed the reasonableness of Co-Lead Counsel's fee request by conducting a lodestar cross-check with just Cohen Milstein's time. While Cohen Milstein's time alone is sufficient, the Court also notes that Mr. Ball has offered to the Court the absence of his reported time. The lodestar cross-check involves multiplying reasonable rates by reasonable hours. *Gascho v. Glob. Fitness Holdings, LLC*,

822 F.3d 269, 279 (6th Cir. 2016). The sum may then be increased by a "multiplier" to account for the costs and risks involved in the litigation, as well as the complexities of the case and the size of the recovery. *Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharm., Inc.*, No. 3:15-CV-1100, 2020 WL 3053468, at *1 (M.D. Tenn. May 29, 2020). The Court finds that Cohen Milstein's reasonable lodestar was $4,082,955.00 based on its hours billed and billing rates, and that an award of $11,666,667 yields a multiplier of 2.86 on Cohen Milstein's time. This multiplier falls within an acceptable range. *See, e.g., In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 767–68 (S.D. Ohio 2007) (awarding a multiplier of 6.0 and noting that typical multipliers range from 1.3 to 4.5). The use of current (2022) rates is appropriate to "compensate for the delay in payment during the pendency of the litigation." *In re UnumProvident Corp. Derivative Litig.*, No. 1:02-CV-386, 2010 WL 289179, at *6 (E.D. Tenn. Jan. 20, 2010).

    e)    Cohen Milstein reasonably incurred a total of $439,548.22 and Gordon Ball reasonably incurred a total of $117,956.87 in litigation expenses for which Co-Lead Counsel seek reimbursement in this case. Co-Lead Counsel "is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003). Moreover, this amount is less than the $600,000 limit disclosed in the Notice.

    f)    No objections were made to Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, or to Lead Plaintiffs' and Class Representatives' request for reimbursement of its reasonable costs and expenses.

5

8. In accordance with 15 U.S.C. § 78u-4(a)(4), Mr. Cosby is hereby awarded $25,000.00 and Mr. Montague and Mr. Ziesman are each awarded $10,000.00 from the Settlement Fund, as reimbursement for their reasonable costs and expenses directly related to their representation of the Settlement Class. These awards shall be payable to each of the Lead Plaintiffs immediately upon execution of this Order subject to the terms, conditions and obligations of the Stipulation, which terms, conditions and obligations are incorporated herein.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT SO ORDERED this 12th day of July 2022.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE