# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

Lewis Cosby, Eric Montague, and Martin Ziesman, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

KPMG LLP,

Defendant.

No.: 3:16-cv-121-TAV-DCP

## ORDER

This civil case is before the Court on plaintiffs' Motion for Attorney Fees, Expenses, and Evidentiary Hearing [Doc. 238]. On June 30, 2022, the Court held a Settlement Hearing on Lead Plaintiffs' and Class Representatives' motion for attorneys' fees and litigation expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise, then entered an order on July 12, 2022, which awarded Co-Lead Counsel attorneys' fees in the amount of 33 1/3% of the Settlement Fund, or $11,666,667, plus accrued interest (the "Approved Fee"), subject to Magistrate Judge Poplin's determination of the appropriate division of the Approved Fee between Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Gordon Ball PLLC ("Gordon Ball") [Doc. 268].

On July 12, 2022, the Court separately ordered Cohen Milstein and Gordon Ball to participate in mediation to facilitate a possible resolution of the appropriate division of the Approved Fee [Doc. 269]. Accordingly, the parties mediated the issue before court-appointed mediator, Shelby R. Grubbs of JAMS, on August 16, 2002. Mr. Grubbs submitted a Mediator's Report on August 18, 2022, informing the Court that the parties had reached an agreement

"regarding the allocation of the Approved Fee" as well as "the satisfaction of a lien claim made by Lance Baker pursuant to TCA 23-2-102" (the "Fee Settlement") [Doc. 274].

Accordingly, plaintiffs' Motion for Attorney Fees, Expenses, and Evidentiary Hearing [Doc. 238] is **GRANTED** and it is hereby **ORDERED** that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 11, 2022 [Doc. 236] (the "Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action.

3. The Court orders the Approved Fee to be distributed to Cohen Milstein and Gordon Ball consistent with the terms of the Fee Settlement, and subject to the terms, conditions and obligations of the Stipulation and in particular paragraph 18 thereof, which terms, conditions, and obligations are incorporated herein.

4. The Court further orders that Mr. Baker's lien be paid from the Approved Fee consistent with the terms of the Fee Settlement. The payment to Mr. Baker shall fully and finally discharge any obligation of Co-Lead Counsel pursuant to Mr. Baker's Attorney's Lien.

ENTER:

s/ Thomas A. Varlan
The Honorable Thomas A. Varlan
United States District Judge