UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LEWIS COSBY, ERIC MONTAGUE, and MARTIN ZIESMAN, as Co-Trustee for the Carolyn K. Ziesman Revocable Trust, on behalf of himself and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:16-CV-121-TAV-DCP ) |
| KPMG, LLP, | ) ) |
| Defendant. | ) |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Strike Ball Declaration and Incorporated Memorandum [Doc. 263], filed by Lance Baker, Plaintiffs' former counsel. Attorney Baker requests, pursuant to Federal Rule of Civil Procedure 12(f), that the Court strike Attorney Gordon Ball's Declaration [Doc. 259] that references proceedings before the Tennessee Board of Professional Responsibility ("Board"). Attorney Baker argues that such matters are confidential. Attorney Ball filed a response [Doc. 265], stating that the law permits him to divulge certain information that is related to proceedings before the Board. Attorney Baker filed a reply [Doc. 270], arguing that matters dismissed by the Board are confidential and that Attorney Ball filed the Declaration [Doc. 259] to harass Attorney Baker and for purposes of retaliation.

After Attorney Baker and Attorney Ball filed the above documents, the parties attended a mediation and settled the only remaining issue in this case (i.e., the distribution of attorney's fees). Attorney Ball filed his Declaration [Doc. 259] in support of his request for attorney's fees. Given

that the parties have now settled this issue, the Court finds the Declaration [Doc. 259] irrelevant. Accordingly, the Court **GRANTS** the Motion to Strike Ball Declaration [**Doc. 263**], and the Court **DIRECTS** the Clerk to **STRIKE** [**Doc. 259**] from the record.

    **IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge